IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC.,<br>a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB CO.,<br>a Delaware Corporation, and DOES 1<br>through 100,<br><br>Defendants. | C.A. No. 06-500-KAJ<br><br>DEMAND FOR JURY TRIAL |

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Bristol-Myers Squibb Company ("Bristol-Myers") files this Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiff ZymoGenetics, Inc.

### ANSWER

### THE PARTIES

1. Responding to Paragraph 1 of the Complaint, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of the allegations and accordingly these allegations are denied.

2. Responding to Paragraph 2 of the Complaint, Bristol-Myers admits the allegations.

### JURISDICTION AND VENUE

3. Responding to Paragraph 3 of the Complaint, Bristol-Myers admits that the Complaint alleges claims arising under 35 U.S.C. § 271 *et seq.* and that subject matter

jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338 but denies all remaining allegations.

4(1).   Responding to the first Paragraph 4 of the Complaint,[1] Bristol-Myers admits that venue is proper in this judicial district and that the Court has personal jurisdiction over Bristol-Myers as a corporation of Delaware but denies all remaining allegations.

## PLAINTIFF'S PATENTS

4(2).   Responding to the second Paragraph 4 of the Complaint, Bristol-Myers denies that U.S. Patent No. 5,843,725 ("the '725 patent") is entitled "METHODS FOR PRODUCING SECRETED RECEPTOR ANALOGS AND BIOLOGICALLY ACTIVE DIMERIZED POLYPEPTIDE FUSIONS," admits that a copy of that patent is attached to the Complaint, admits that the '725 patent indicates on its face that it issued on December 1, 1998, and admits that the inventors named on the face of the '725 patent are Andrzej Z. Sledziewski, Lillian Anne Bell and Wayne R. Kindsvogel. Bristol-Myers is without knowledge or information sufficient to form a belief as to the remaining allegations of the second Paragraph 4 of the Complaint and accordingly these allegations are denied.

5.   Responding to Paragraph 5 of the Complaint, Bristol-Myers admits that U.S. Patent No. 6,018,026 is entitled "BIOLOGICALLY ACTIVE DIMERIZED AND MULTIMERIZED POLYPEPTIDE FUSIONS," admits that this patent indicates on its face that it issued on January 25, 2000, admits that the inventors named on the face of this patent are Andrzej Z. Sledziewski, Lillian Anne Bell and Wayne R. Kindsvogel, admits that Reexamination Certificate 6,018,026 C1 ("the '026 patent") indicates on its face that it was issued on July 4,

---

[1]   The Complaint has 18 total numbered paragraphs. However, there are two paragraphs numbered paragraph 4 and no paragraphs numbered 8, 12 or 18. Bristol-Myers has referred to the paragraphs as they are numbered in the Complaint.

- 2 -

2006, and admits that a copy of the '026 patent is attached to the Complaint. Bristol-Myers is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 of the Complaint and accordingly these allegations are denied.

6. Responding to Paragraph 6 of the Complaint, Bristol-Myers refers to the '026 patent and '725 patent for what they disclose and claim and otherwise denies the remaining allegations.

## PATENT INFRINGEMENT

7. Responding to Paragraph 7 of the Complaint, Bristol-Myers admits that it is in the business of developing, manufacturing and distributing pharmaceuticals and biologicals as health care products. Bristol-Myers denies the remaining allegations of Paragraph 7 of the Complaint.

8. There is no Paragraph 8 of the Complaint.

## FIRST CAUSE OF ACTION

### (Infringement of the '725 Patent)

9. Responding to Paragraph 9 of the Complaint, Bristol-Myers repeats and realleges its responses to Paragraphs 1-7 inclusive.

10. Responding to Paragraph 10 of the Complaint, Bristol-Myers denies the allegations.

11. Responding to Paragraph 11 of the Complaint, Bristol-Myers denies the allegations.

12. There is no Paragraph 12 of the Complaint.

13. Responding to Paragraph 13 of the Complaint, Bristol-Myers denies the allegations.

14. Responding to Paragraph 14 of the Complaint, Bristol-Myers denies the allegations.

## SECOND CAUSE OF ACTION

### (Infringement of the '026 Patent)

15. Responding to Paragraph 15 of the Complaint, Bristol-Myers repeats and realleges its responses to Paragraphs 1-14 inclusive.

16. Responding to Paragraph 16 of the Complaint, Bristol-Myers denies the allegations.

17. Responding to Paragraph 17 of the Complaint, Bristol-Myers denies the allegations.

18. There is no Paragraph 18 of the Complaint.

19. Responding to Paragraph 19 of the Complaint, Bristol-Myers denies the allegations.

20. Responding to Paragraph 20 of the Complaint, Bristol-Myers denies the allegations.

21. All allegations of the Complaint that are not expressly admitted are denied.

22. Bristol-Myers denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" or any other relief with respect to any of the matters pleaded in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense -- Noninfringement

23. Bristol-Myers does not and will not infringe, contributorily infringe, or induce the infringement of any valid claim of the '725 or '026 patents either by literal infringement or by infringement under the doctrine of equivalents.

24. To the extent applicable, Bristol-Myers' activities are immunized from a claim of infringement by 35 U.S.C. § 271(e)(1).

### Second Affirmative Defense -- Invalidity

25. The claims of the '725 and '026 patents are invalid for failing to comply with the requirements set forth in the patent laws of the United States, Title 35, United States Code, including without limitation Sections 102, 103 and 112 thereof.

## BRISTOL-MYERS' COUNTERCLAIMS

26. Bristol-Myers is a corporation recognized and existing under the laws of the State of Delaware, with its principle place of business at 345 Park Avenue, New York, NY 10154-0037.

27. Plaintiff ZymoGenetics, Inc. ("ZymoGenetics") alleges that it is a corporation organized and existing under the laws of the State of Washington, with its principle place of business at 1201 Eastlake Avenue East, Seattle, WA 98102.

28. These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and for noninfringement and invalidity under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

29. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a) and 2201.

30. Personal jurisdiction and venue are proper in this district because Plaintiff filed suit against Bristol-Myers in this district.

## COUNT I

### United States Patent No. 5,843,725

31. Bristol-Myers incorporates by reference the allegations made in paragraphs 26-30, above, of Bristol-Myers' Counterclaims.

32. An actual controversy exists between Bristol-Myers and Plaintiff over the alleged infringement of the United States Patent No. 5,843,725 ("the '725 patent") and over the alleged validity of the '725 patent.

33. Bristol-Myers does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '725 patent either by literal infringement or by infringement under the doctrine of equivalents.

34. Each and every claim of the '725 patent is invalid under 35 U.S.C. § 102.

35. Each and every claim of the '725 patent is invalid under 35 U.S.C. § 103.

36. Each and every claim of the '725 patent is invalid under 35 U.S.C. § 112.

37. All claims of the '725 patent are invalid for failure to meet one or more conditions of patentability specified in Part II of Title 35 of the United States Code.

## COUNT II

### United States Patent No. 6,018,026 C1

38. Bristol-Myers incorporates by reference the allegations made in paragraphs 26-30, above, of Bristol-Myers' Counterclaims.

39. An actual controversy exists between Bristol-Myers and Plaintiff over the alleged infringement of the United States Patent No. 6,018,026 C1 ("the '026 patent") and over the alleged validity of the '026 patent.

40. Bristol-Myers does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '026 patent either by literal infringement or by infringement under the doctrine of equivalents.

41. Each and every claim of the '026 patent is invalid under 35 U.S.C. § 102.

42. Each and every claim of the '026 patent is invalid under 35 U.S.C. § 103.

43. Each and every claim of the '026 patent is invalid under 35 U.S.C. § 112.

44. All claims of the '026 patent are invalid for failure to meet one or more conditions of patentability specified in Part II of Title 35 of the United States Code.

## EXCEPTIONAL CASE AND ATTORNEY FEES

45. This is an exceptional case and Bristol-Myers is entitled, pursuant to 35 U.S.C. § 285, to an award of its reasonable attorney fees.

## PRAYER FOR RELIEF

For the reasons set forth above, Bristol-Myers prays for the Court's judgment that:

(a) Bristol-Myers has not infringed any valid claim of the '725 patent;

(b) Bristol-Myers has not infringed any valid claim of the '026 patent;

(c) the '725 patent is invalid and each claim of the '725 patent is invalid;

(d) the '026 patent is invalid and each claim of the '026 patent is invalid;

(e) Plaintiffs' Complaint be dismissed with prejudice;

(f) Plaintiffs take nothing by reason of their claims against Bristol-Myers;

(g) costs of this action be assessed against Plaintiffs;

RLF1-3063916-1
RLF1-3067334-1

(h) awards Bristol-Myers any and all pre-judgment and post-judgment interest to which it is entitled;

(i) awards Bristol-Myers its reasonable attorney fees; and

(j) awards Bristol-Myers such other and further relief at law or equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Bristol-Myers hereby demands a trial by jury on all issues triable by a jury.

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Christopher P. Borello
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, N.Y. 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant*
*Bristol-Myers Squibb Co.*

Dated: October 5, 2006

y
z

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the address and in the manner indicated below:

**BY HAND**

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)
Farnan@rlf.com