IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, ) ) ) Plaintiff, ) ) v. ) ) BRISTOL-MYERS SQUIBB CO., ) a Delaware Corporation, and DOES 1 ) through 100, ) ) Defendants. ) ) | C.A. No. 06-500-KAJ |

**STIPULATED PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION**

Whereas discovery in the above-entitled action may involve the disclosure of confidential trade secret, proprietary, financial and other confidential information of a party, which information is subject to protections afforded by Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED as follows:

1. Any "document" (defined herein as including: exhibits, documents and things, electronic documents, e-mails, answers to interrogatories, responses to requests for admissions, motions, briefs, memoranda, and deposition transcripts and copies of any of the foregoing) produced by any party or by any non-party during discovery in this case which sets forth or contains any "Confidential Information" (as defined below) may be designated by a party with the notation "CONFIDENTIAL", thus rendering the document subject to this Order. Documents thus designated are referred to hereafter as "Confidential Material."

2. Testimony on oral deposition may be designated as "CONFIDENTIAL" by so indicating on the record at the deposition. Any party may also designate testimony on oral deposition as "CONFIDENTIAL" by notifying all of the parties and the court reporter, in writing, within fifteen (15) calendar days of its receipt of the transcript. Notwithstanding its non-designation as "CONFIDENTIAL" all information disclosed at any deposition in this proceeding shall be treated as "CONFIDENTIAL" for a period of fifteen (15) calendar days after receipt of the transcript unless otherwise agreed by counsel.

3. For purposes of this Order, "Confidential Information" shall mean all information and material which is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain trade secrets or other confidential research, development or commercial information, whether embodied in physical objects, documents or the factual knowledge of persons, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or non-party who produces or discloses its own Confidential Information is not precluded by this Order from disclosing or using that Confidential Information in any manner as it may deem fit.

4. The notation "CONFIDENTIAL" shall be placed on at least the first page of a multi-page document. Such notation need not be placed on the original document made available for inspection, but may instead by placed upon copies produced or exchanged.

5. All Confidential Material, including words, substance, summaries, abstracts or indices thereof, insofar as not published, shall be held in confidence by receiving persons and shall be used solely for the purposes of the present litigation, may not be used for any other purpose, and shall not be shown to, given to, discussed with or otherwise disclosed to anyone other than:

  (a)  The Court and those employed by the Court, in which event the Confidential Material shall be filed under seal and kept under seal until further order of the Court;

  (b)  outside counsel of record for the parties, including partners, associates, of counsel with the firms that are outside counsel of record, and their supporting and clerical personnel, who are not presently involved in patent prosecution related to the subject matter of this litigation and will not be involved in *ex parte* patent prosecution related to the subject matter of this litigation for three years following disclosure of the documents -- this shall not preclude the recipient of Confidential Information or Material from participating in *inter partes* or contested proceedings in a patent office;

  (c)  no more than three (3) in-house attorneys for each party who are actively engaged in assisting or advising outside counsel on behalf of that party and are not presently involved in patent prosecution related to the subject matter of this litigation and will not be involved in *ex parte* patent prosecution related to the subject matter of this litigation for three years following disclosure of the documents -- this shall not preclude the recipient of Confidential Information or Material from participating in *inter partes* or contested proceedings in a patent office; and

  (d)  Court stenographers, videographers, outside copying or exhibit preparation services, interpreters or translators whose functions require them to have access to Confidential Information,

except as provided in Paragraphs 6 and 9 below.

  6.  Confidential Material may be disclosed to consultants or experts, including the employees and assistants thereof, who are not otherwise an employee, agent or representative of a party, who are expressly retained by an attorney described in Paragraph 5(b) to assist in preparation for trial in this litigation, provided such consultants or experts agree, in advance, to be bound by this Order by executing an Acknowledgment in the form attached to this Order as Exhibit A.

  7.  Before any disclosure of Confidential Material to consultants or experts as described in Paragraph 6, Outside Counsel for the receiving party shall (1) provide the individual

with a copy of this Order, (2) explain its terms, and (3) obtain the individual's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms. Within five (5) business days of signing Exhibit A, the receiving party must identify in writing the individual to the producing party and provide the producing party with an executed Exhibit A and a written statement setting forth that person's present residence address, business address, employer, job title and any past or present association with any party and, in the case of a consultant or expert, a current curriculum vitae for that person.

8. No Confidential Material shall be disclosed to a consultant or expert as described in Paragraph 6 until five (5) business days after the receiving party provides the producing party with the information required by Paragraph 7. If the producing party, within five (5) business days of its receipt of written notice and an executed Exhibit A, objects in writing, served by facsimile, with confirmation by mail or personal service, to such individual having access to any Confidential Material, the individual shall be barred from such access for a fourteen (14) day period commencing with the receipt by the producing party of a copy of the executed Exhibit A. If within that fourteen (14) day period (i) the parties are unable to resolve their differences and (ii) the opposing party moves for a further protective order, then the Confidential Material shall not be provided to said individual except by further Order of the Court.

9. Nothing in this Order shall preclude a party to this action or its attorneys from (a) showing a document designated "CONFIDENTIAL" at a deposition or otherwise to an individual who either prepared, received or reviewed the document prior to his or her deposition, (b) using at a deposition of an employee or expert of a producing party any document that such producing party designated "CONFIDENTIAL" or (c) disclosing or using, in any manner or for

4

any purpose, any information or documents from a party's own files that the party itself has designated "CONFIDENTIAL".

10. The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

11. Should either party receive disclosure of Confidential Material, each shall take all steps reasonably necessary to limit further disclosure by those persons participating in this litigation and to ensure that those persons do not further disclose any of the Confidential Material received.

12. Confidential Information or Material may be filed with or presented to the Court, or may be included in briefs, memoranda or other papers filed with this Court, but if so, they shall be filed under seal in accordance with the Local Rules of the Court and the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005.

13. Counsel for either party shall have the right to exclude from oral depositions any person, other than the deponent, the court reporter, and the videographer who is not authorized by or under this Order to receive Confidential Information or Material, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Information and Material.

14. Each party shall instruct any stenographer or videographer employed by that person that no copy of any transcript or videotape of any deposition taken by any party which is designated in part or in whole as "CONFIDENTIAL" shall be prepared or furnished by the stenographer or videographer to any other person other than to trial counsel for the parties.

15. No copies, replication, reproduction in any manner, or dissemination of Confidential Information or Material shall be made except to the extent necessary to prepare and litigate this action, except as provided in paragraph 24, and any person receiving Confidential Information or Material shall take such measures as are reasonably necessary to insure that all such copies, replication, or reproductions are returned to the producing party at the conclusion of this action or are destroyed as provided in paragraph 24.

16. Nothing in this Agreement shall prejudice the right of any party to make use of or to disclose to any person, or to expressly waive the provisions of this Agreement with respect to, any materials produced by that party.

17. A party or non-party that fails to timely designate Confidential Information or Material in the manner provided above shall have twenty-one (21) calendar days thereafter in which to correct its failure. Such correction and notice shall be made in writing, accompanied, in the case of documents, by substitute copies of each item, appropriately marked. Within ten (10) business days of receipt of the substitute copies, all previously unmarked items and copies thereof shall be returned or certified destroyed. If, however, the receiving party disseminated the document prior to the time it was claimed to be confidential, the receiving party shall make good faith efforts, but not be required to retrieve the document from the person or persons to whom it sent the document.

18. The production of documents or information which are alleged to have been inadvertently produced and are subject to the attorney client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such

documents or information. The receiving party shall return such documents or information to the producing party immediately.

19. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party challenges in writing at any stage in this action the designation of information, the designating party shall, within fourteen (14) calendar days of such challenge, substantiate the basis for such designation in writing. If no substantiation is proffered, the information shall not thereafter be deemed designated "CONFIDENTIAL" under this Protective Order. If substantiation is offered, the parties then shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the claim of confidentiality may seek appropriate relief from the Court.

20. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply to or shall cease to apply to any information that:

(i) at the time of disclosure hereunder was already lawfully in the possession of the receiving party and was not acquired directly or indirectly from the party designating the document as "CONFIDENTIAL" or from any third party under obligation of confidence to the party designating the document as "CONFIDENTIAL";

(ii) after disclosure hereunder, was lawfully acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the party designating the document as "CONFIDENTIAL" hereunder; or

(iii) the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality.

21. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party

subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

22. This Stipulated Protective Order shall not prevent any of the parties from applying to the Court for further or additional Protective Orders.

23. Nothing in this Stipulated Protective Order shall prejudice the right of any party to make use of or to disclose to any person, or to expressly waive the provisions of this Stipulated Protective Order with respect to, any materials produced by that party.

24. Upon final termination of this action by entry of a final judgment from which no further appeal has been or can be taken, a receiving party's outside counsel may retain one copy or sample of all material designated "CONFIDENTIAL" and may retain all documents, things, copies and samples to the extent they include or reflect the receiving party's attorneys' work product. With respect to any such retained Confidential Information or Material, this Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public by means other than disclosure by receiving outside counsel or any other person authorized to receive such material pursuant to this Protective Order. Within thirty (30) calendar days of final termination of this action by entry of a final judgment from which no further appeal has been or can be taken, all other copies and samples of materials designated "CONFIDENTIAL" and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, shall be assembled by counsel for the receiving party and returned (except for any that may be retained by the Court) to the producing party or destroyed,

in which event counsel for the receiving party shall certify the destruction thereof within thirty (30) calendar days of final termination of this action.

| POTTER ANDERSON & CORROON LLP | RICHARDS LAYTON & FINGER, P.A. |
|---|---|
| By: /s/ Philip A. Rovner<br>   Philip A. Rovner (#3215)<br>   Hercules Plaza<br>   P.O. Box 951<br>   Wilmington, DE 19899<br>   (302) 984-3000<br>   provner@potteranderson.com<br><br>Attorneys for Plaintiff<br>ZymoGenetics, Inc. | By: /s/ Kelly E. Farnan<br>   Frederick L. Cottrell, III (#2555)<br>   Kelly E. Farnan (#4395)<br>   One Rodney Square<br>   P.O. Box 551<br>   Wilmington, DE 19899<br>   (302) 651-7700<br>   Cottrell@rlf.com<br>   Farnan@rlf.com<br><br>Attorneys for Defendant<br>Bristol-Myers Squibb Company |

SO ORDERED, this _____ day of _____, 2006.

_____
United States District Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 06-500-KAJ ) ) ) ) ) ) ) |

DECLARATION OF _____.

1.  I have read the attached Stipulated Protective Order Re: Confidential Information and understand its contents.

2.  I agree to be bound by all terms of the Protective Order concerning "CONFIDENTIAL" information disclosed and used in this matter.

3.  I understand that unauthorized disclosure of documents and information designated as "CONFIDENTIAL" may constitute contempt of Court.

4.  I consent to the exercise of personal jurisdiction by this Court in connection with this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                                    Declarant