IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, | ) ) ) |
| Plaintiff, | ) ) C. A. No. 06-500-*** |
| v. | ) ) ) |
| BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, | ) ) ) ) |
| Defendants. | ) |

**ZYMOGENETICS, INC.'S NOTICE OF DEPOSITION OF DEFENDANT BRISTOL-MYERS SQUIBB CO. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff ZymoGenetics, Inc. ("ZymoGenetics") will take the deposition of Defendant Bristol-Myers Squibb Co. ("Bristol-Myers") in the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, DE 19801, or at some other mutually agreeable location. The deposition will be taken before a notary public or some other person duly authorized to administer an oath, and will be recorded stenographically, and may also be recorded by videotape and audio tape, and may be recorded in real time. Testimony shall be taken beginning March 16, 2007, commencing at 9:00 a.m. and continuing until completed, or at some other mutually agreeable date and time. The deposition will be taken for the purposes of discovery, to perpetuate the testimony of

-2-

witness(es) for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rules.

## PRELIMINARY STATEMENT

Bristol-Myers shall designate one or more persons to testify regarding the topics listed below, in accordance with the following Definitions/Instructions.

## DEFINITIONS

A. The term "ZymoGenetics" shall mean Plaintiff ZymoGenetics, Inc.

B. The term "Bristol-Myers" shall mean Defendant Bristol-Myers Squibb Co., and any of its predecessors-in-interest, divisions, subsidiaries, officers, directors, trustees, employees, staff members, paid consultants, agents, counsel, or other representatives.

C. The term "patents-in-suit" shall mean U.S. Patent Nos. 6,843,725 and 6,018,026.

D. The term "'725 patent" means U.S. Patent Nos. 6,843,725.

E. The term "'026 patent" means U.S. Patent No. 6,018,026.

F. The term "Bristol-Myers fusion protein product(s)" means Orencia®, abatacept, CTLA4-Ig and/or any structural, chemical, or functional variant or related fusion protein that has received approval from the United States Food and Drug Administration.

G. The term "FDA" means the United States Food and Drug Administration.

H. The connective "and/or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that otherwise might be construed to be outside of its scope. The term "all" shall mean "any and all," and the term "any" shall mean "any and all." The singular of any word or phrase

shall include the plural of such word or phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

    I.    The term "referring or relating to" means concerning, mentioning, indicating, disclosing, discussing, analyzing, serving as a basis for, supporting, describing, or in any other way bearing upon or illuminating the subject matter into which the inquiry is made.

    J.    The term "communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

## TOPICS

1. The organizational structure of Bristol-Myers.

2. The conception, design, research, development, and testing of each Bristol-Myers fusion protein product(s).

3. The information submitted to the FDA regarding each Bristol-Myers fusion protein product(s) relating to obtaining FDA approval of such products.

4. Any and all communications between Bristol-Myers and any governmental or quasi-governmental agency, including the Federal Drug and Administration, in relation to Bristol-Myers fusion protein product(s).

5. The manufacture of each Bristol-Myers fusion protein product(s).

6. The sale and offer for sale of each Bristol-Myers fusion protein product(s).

7. All sales (actual and projected) information for each Bristol-Myers fusion protein product(s), including the terms of any sales.

8. All marketing information for each Bristol-Myers fusion protein product(s).

9. All costs for the sale, marketing, manufacture, design, development of each Bristol-Myers fusion protein product(s).

10. All gross and net profits for the sale of each Bristol-Myers fusion protein product(s).

11. The marketing, pricing, placement, packaging and promotion of each Bristol-Myers fusion protein product(s), including any related publications.

12. Any and all licenses referring or relating to each Bristol-Myers fusion protein product(s), including the terms of such licenses.

13. Any and all communications referring or relating to ZymoGenetics.

14. Any and all communications referring or relating to the patents-in-suit.

15. Any and all communications referring or relating to the infringement or noninfringement of the patents-in-suit by Bristol-Myers.

16. Any and all communications referring or relating to the validity or invalidity of the patents-in-suit.

17. Any and all communications referring or relating to the enforceability or unenforceability of the patents-in-suit.

18. Any studies, analyses, opinions of counsel, or communications regarding infringement or validity of the patents-in-suit, or any foreign counterpart patents, and reliance by Bristol-Myers on such documents and/or communications.

19. Other lawsuits, mediations, arbitrations, or negotiations, or prospective lawsuits, mediations, arbitrations, or negotiations with regard to Bristol-Myers fusion protein product(s).

20. The factual bases for Bristol-Myers' contention that it does not infringe the patents-in-suit.

21. The factual bases for Bristol-Myers' contention that its activities are immunized from a claim of infringement by 35 U.S.C. 271(e)(1).

22. The factual bases for Bristol-Myers' contention that the patents-in-suit are invalid.

23. Any and all communications referring or relating to the present litigation.

24. Bristol-Myers' knowledge and awareness of the patents-in-suit.

25. Bristol-Myers' efforts to identify, retrieve, collect, review, and produce documents in response to ZymoGenetics' requests for the production of documents and things in the present litigation.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
(650) 838-4300

Dated: February 9, 2007
777183

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*ZymoGenetics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on February 9, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

>Frederick L. Cottrell, III, Esq.
>Kelly E. Farnan, Esq.
>Richard Layton & Finger, P.A.
>One Rodney Square
>P. O. Box 551
>Wilmington, DE 19899
>cottrell@rlf.com
>farnan@rlf.com

I hereby certify that on February 9, 2007 I have sent by E-mail the foregoing document to the following non-registered participant:

>Christopher P. Borello, Esq.
>Fitzpatrick Cella Harper & Scinto
>30 Rockefeller Plaza
>New York, NY 10112
>cborello@fchs.com

>/s/ Philip A. Rovner
>Philip A. Rovner (#3215)
>Potter Anderson & Corroon LLP
>Hercules Plaza
>P. O. Box 951
>Wilmington, DE 19899
>(302) 984-6000
>provner@potteranderson.com