## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMO GENETICS, INC., a<br>Washington Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 06-500-*** |
| v. | ) | |
| | ) | |
| BRISTOL-MYERS SQUIBB CO.,<br>a Delaware Corporation, and<br>DOES 1 through 100, | ) | |
| | ) | |
| Defendants. | ) | |

### BRISTOL'S RESPONSES AND OBJECTIONS TO ZYMOGENETICS, INC.'S AMENDED NOTICE OF DEPOSITION OF BRISTOL-MYERS SQUIBB CO. PURSUANT TO FED. R. CIV. P. 30(b)(6)

Bristol-Myers Squibb Company ("Bristol") responds and objects to

ZymoGenetics, Inc.'s Amended Notice of Deposition of Defendant Bristol Pursuant to Fed. R.

Civ. P. 30(b)(6) ("ZymoGenetics' Amended 30(b)(6) Notice") on the following grounds:

### GENERAL OBJECTIONS

1.    Bristol incorporates herein its General Objections to ZymoGenetics' First Set of

Interrogatories and its General Objections to ZymoGenetics' First Set of Requests for the

Production of Documents and Things.

2.    Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the

extent they seek information not within the possession, custody or control of Bristol, and

specifically objects to requests for information in the possession of Plaintiff or third parties.

3.    Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the

extent they are vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated

to lead to the discovery of admissible evidence, seek information that is irrelevant to any claim

or defense in this action, or would require Bristol to engage in an unreasonable preparation of a witness.

4.     Bristol objects to the ZymoGenetics' Amended 30(b)(6) Notice to the extent that they purport to impose obligations on Bristol that exceed its obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Delaware, the Scheduling Order in this action or applicable case law.

5.     Bristol objects to providing information covering the period after the filing of the Complaint, with the exception of information regarding sales of Orencia®. Bristol further objects to the topics of the ZymoGenetics' Amended 30(b)(6) Notice seeking information relating to facts or contentions as to which no issue presently exists because ZymoGenetics has not pleaded such allegations with enough specificity for Bristol to be able to respond.

6.     Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent that they seek information subject to a confidentiality obligation or protective order involving a third party and for which the disclosure thereof would violate that confidentiality obligation or protective order.

7.     To the extent Bristol produces a 30(b)(6) witness for a particular topic, it does not concede that the information requested during the deposition is relevant to this action. Bristol expressly reserves the right to object to further discovery into the subject matter of any of the topics of ZymoGenetics' Amended 30(b)(6) Notice.

8.     The objections and limitations contained herein are subject to and without waiver of the right to make additional or supplemental objections to this or other 30(b)(6) Notices.

9.     Bristol objects to ZymoGenetics' definition of "'725 patent" as incorrect. United States Patent No. 5,843,725, not 6,843,725 was cited in and appended to ZymoGenetics'

2

Complaint dated August 14, 2006. Accordingly, Bristol objects to ZymoGenetics' definition of the term "Patents-in-Suit".

10.     Bristol objects to ZymoGenetics' definitions of the "'725 patent" and the "'026 patent" as vague and ambiguous in that it is not clear whether ZymoGenetics is referring to the reexam certificates or the patents before reexam. Accordingly, Bristol objects to ZymoGenetics' definition of the term "Patents-in-Suit".

11.     Bristol objects to the definition of the term "Bristol-Myers fusion protein product(s)" in ZymoGenetics' Amended 30(b)(6) Notice as overly broad. Bristol objects to each topic of ZymoGenetics' Amended 30(b)(6) Notice to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Bristol objects to the date of the noticed deposition as premature, as this case is in the early stages of discovery. Bristol is endeavoring to identify the appropriate designee(s) for the topics, and will produce such designee(s) for deposition on a mutually convenient date.

13.     Bristol objects to the place of the noticed deposition as unreasonable and burdensome. Bristol is endeavoring to identify the appropriate designee(s) for deposition, and will produce such designee(s) for deposition at the offices of Fitzpatrick, Cella, Harper & Scinto, 30 Rockefeller Plaza, New York, New York 10112.

14.     Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent that they seek information as to matters not known or reasonably available to Bristol. By stating that it will produce a witness competent to testify on a topic, Bristol does not represent

3

that it has any relevant information on the topic but merely that Bristol's designated witness(es) will testify to the extent Bristol has any information on the topic.

15.     Bristol objects ZymoGenetics' Amended 30(b)(6) Notice as being unduly burdensome and oppressive to the extent it seeks information that is duplicative of information already provided in this action.

16.     Bristol objects to ZymoGenetics' Amended 30(b)(6) Notice to the extent that it seeks to obtain expert testimony from a non-expert lay person or fact witness.

17.     Bristol objects to the definition of "Bristol-Myers" in ZymoGenetics' Amended 30(b)(6) Notice as overbroad and unduly burdensome.

4

## SPECIFIC OBJECTIONS TO AMENDED 30(b)(6) NOTICE TOPICS

### Topic No. 1

The organizational structure of Bristol-Myers.

### Response to Topic No. 1

Bristol objects to this category as vague, ambiguous, overly broad and unduly burdensome.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify on this topic.

### Topic No. 2

The conception, design, research, development, and testing of each Bristol-Myers fusion protein product(s).

### Response to Topic No. 2

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify generally about the conception, design, research, development and testing of the CTLA4-Ig contained in Orencia® after sufficient discovery has taken place.

5

## Topic No. 3

The information submitted to the FDA regarding each Bristol-Myers fusion protein products(s) relating to obtaining FDA approval on such products.

### Response to Topic No. 3

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify generally about the information that has been submitted to the United States Food and Drug Administration regarding the CTLA4-Ig that is in Orencia® after sufficient discovery has taken place.

## Topic No. 4

Any and all communications between Bristol-Myers and any governmental or quasi-governmental agency, including the Federal Food and Drug Administration, in relation to Bristol-Myers fusion protein product(s).

### Response to Topic No. 4

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in

6

Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol objects to this topic to the extent that it seeks information related to communications with any governmental or quasi-governmental agency outside the United States. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify generally about information that has been submitted to the United States Food and Drug Administration regarding the CTLA4-Ig that is in Orencia® after sufficient discovery has taken place.

**Topic No. 5**

The manufacture of each Bristol-Myers fusion protein product(s).

**Response to Topic No. 5**

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about the manufacture of the CTLA4-Ig that is in Orencia® after sufficient discovery has taken place.

7

**Topic No. 6**

The sale and offer for sale of each Bristol-Myers fusion protein product(s).

**Response to Topic No. 6**

Bristol objects to this topic as premature as this case is in the early stage of fact

discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects

to this topic to the extent it seeks information relating to Bristol's products other than Orencia®,

or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such

information is not relevant and not reasonably calculated to lead to the discovery of admissible

evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the

fusion protein contained in Orencia®, even if such other fusion proteins exist. Bristol objects to

this topic to the extent that it seeks information related to sales and offers for sale of Orencia®

outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections,

Bristol will produce a witness competent to testify about the sale of Orencia® in the United

States and the offer for sale of Orencia® in the United States after sufficient discovery has taken

place.

**Topic No. 7**

All sales (actual and projected) information for each Bristol-Myers fusion protein product(s),
including the terms of any sales.

**Response to Topic No. 7**

Bristol objects to this topic as premature as this case is in the early stage of fact

discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly

burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's

8

products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in

Orencia®, on the grounds that such information is not relevant and not reasonably calculated to

lead to the discovery of admissible evidence. Bristol will not produce a witness to testify

regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other

fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to

sales (actual and projected) of Orencia® outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections,

Bristol will produce a witness competent to testify about the sale of Orencia® in the United

States and the offer for sale of Orencia® in the United States after sufficient discovery has taken

place.

## Topic No. 8

All marketing information for each Bristol-Myers fusion protein product(s).

## Response to Topic No. 8

Bristol objects to this topic as premature as this case is in the early stage of fact

discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly

burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's

products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in

Orencia®, on the grounds that such information is not relevant and not reasonably calculated to

lead to the discovery of admissible evidence. Bristol will not produce a witness to testify

regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other

fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to

marketing of Orencia® outside the United States.

9

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about the marketing of Orencia® in the United States after sufficient discovery has taken place.

**Topic No. 9**

All costs for the sale, marketing, manufacture, design, development of each Bristol-Myers fusion protein product(s).

**Response to Topic No. 9**

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to costs for the sale, marketing, manufacture, design and development of Orencia® outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about the costs for the marketing, manufacture, design and development of Orencia® in the United States after sufficient discovery has taken place.

**Topic No. 10**

All gross and net profits for the sale of each Bristol-Myers fusion protein product(s).

10

## Response to Topic No. 10

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to gross and net profits for the sale of Orencia® outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about the gross and net profits for the sale of Orencia® in the United States after sufficient discovery has taken place.

## Topic No. 11

The marketing, pricing, placement, packaging and promotion of each Bristol-Myers fusion protein product(s), including any related publications.

## Response to Topic No. 11

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the

11

fusion protein contained in Orencia®, even if such other fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to marketing, pricing, placement, packaging and promotion of Orencia® outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about the marketing, pricing, placement, packaging, and promotion of Orencia® in the United States after sufficient discovery has taken place.

**Topic No. 12**

Any and all licenses referring to or relating to each Bristol-Myers fusion protein product(s), including the terms of such licenses.

**Response to Topic No. 12**

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol will not produce a witness to testify regarding fusion proteins other than the fusion protein contained in Orencia®, even if such other fusion proteins exist. Bristol objects to this topic to the extent that it seeks information related to licenses referring to or relating to Orencia® outside the United States.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about any licenses for United States patents that allegedly cover Orencia® after sufficient discovery has taken place.

12

**Topic No. 13**

Any and all communications referring to or relating to ZymoGenetics.

**Response to Topic No. 13**

Bristol objects to producing a 30(b)(6) witness on this topic as it is overly broad and unduly burdensome. Bristol also objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege or work product immunity.

**Topic No. 14**

Any and all communications referring or relating to the patents-in-suit.

**Response to Topic No. 14**

Bristol objects to producing a 30(b)(6) witness on this topic as it is overly broad and unduly burdensome. Bristol also objects to this topic to the extent it seeks information protected from discovery by the attorney-client privilege or work product immunity.

**Topic No. 15**

Any and all communications referring or relating to the infringement or noninfringement of the patents-in-suit by Bristol-Myers.

**Response to Topic No. 15**

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness.

13

## Topic No. 16

Any and all communications referring or relating to the validity or invalidity of the patents-in-suit.

## Response to Topic No. 16

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness.

## Topic No. 17

Any and all communications referring or relating to the enforceability or unenforceability of the patents-in-suit.

## Response to Topic No. 17

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness.

## Topic No. 18

Any studies, analyses, opinions of counsel, or communications regarding infringement or validity of the patents-in-suit, or any foreign counterpart patents, and reliance by Bristol-Myers on such documents and/or communications.

14

**Response to Topic No. 18**

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity and discovery of such information is premature. To the extent that Bristol decides to rely on any such information to rebut a willful infringement claim and to the extent that such information exists, Bristol will reevaluate providing a witness to testify regarding this topic.

**Topic No. 19**

Other lawsuits, mediations, arbitrations, or negotiations, or prospective lawsuits, mediations, arbitrations, or negotiations with regard to Bristol-Myers fusion protein product(s).

**Response to Topic No. 19**

Bristol objects to this topic as premature as this case is in the early stage of fact discovery. Bristol objects to this topic as vague, ambiguous, overly broad and unduly burdensome. Bristol objects to this topic to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Bristol objects to this topic to the extent that it seeks information related to lawsuits, mediations, arbitrations, or negotiations, or prospective lawsuits, mediations, arbitrations, or negotiations relating to Orencia® outside the United States. Bristol objects to this topic to the extent that it seeks testimony that is protected by the attorney client privilege or work product immunity.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about lawsuits, mediations, arbitrations, or

negotiations, or prospective lawsuits, mediations, arbitrations with regard to Orencia®, to the extent that the information sought is publicly available.

**Topic No. 20**

The factual bases for Bristol-Myers' contention that it does not infringe the patents-in-suit.

**Response to Topic No. 20**

        Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness. Bristol objects to this topic as the information sought is more properly explored through interrogatories.

**Topic No. 21**

The factual bases for Bristol-Myers' contention that its activities are immunized from a claim of infringement by 35 U.S.C. 271(e)(1).

**Response to Topic No. 21**

        Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness. Bristol objects to this topic as the information sought is more properly explored through interrogatories.

16

#### Topic No. 22

The factual bases for Bristol-Myers' contention that the patents-in-suit are invalid.

#### Response to Topic No. 22

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity, it seeks information regarding Bristol's contentions that is properly within the province of an expert witness, and discovery of such information is premature and not properly sought from a non-expert lay witness. Bristol objects to this topic as duplicative of ZymoGenetics' interrogatories. Bristol objects to this topic as the information sought is more properly explored through interrogatories.

#### Topic No. 23

Any and all communications referring or relating to the present litigation.

#### Response to Topic No. 23

Bristol objects to producing a 30(b)(6) witness on this topic as it is overly broad and unduly burdensome. Bristol also objects to the extent that this topic seeks information that is protected by the attorney client privilege or work product immunity.

#### Topic No. 24

Bristol-Myers' knowledge and awareness of the patents-in-suit.

#### Response to Topic No. 24

Bristol objects to producing a witness on this topic as it is overly broad and unduly burdensome. Bristol also objects to this topic as vague and ambiguous. Bristol also objects to this topic as duplicative of ZymoGenetics' interrogatories. Bristol also objects to the

17

extent that this topic seeks information that is protected by the attorney client privilege or work product immunity.

## Topic No. 25

Bristol-Myers' efforts to identify, retrieve, collect, review, and produce documents in response to ZymoGenetics' requests for the production of documents and things in the present litigation.

### Response to Topic No. 25

Bristol objects to this topic as premature as Bristol's efforts to identify, retrieve, collect, review, and produce documents in response to ZymoGenetics' requests for the production of documents and things are ongoing.

Subject to and without waiver of the foregoing General and Specific Objections, Bristol will produce a witness competent to testify about Bristol's efforts to identify, retrieve, collect, review, and produce documents in response to ZymoGenetics' requests for the production of documents and things after sufficient discovery has taken place.

18

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Gregory B. Sephton
Christopher P. Borello
Robert S. Schwartz
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, N.Y. 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Dated: March 8, 2007

*Kelly E. Farnan*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendant*
*Bristol-Myers Squibb Co.*

19

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the address and in the manner indicated below:

#### BY E-MAIL AND HAND DELIVERY

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza
Wilmington, DE  19899

#### BY E-MAIL

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

Kelly E. Farnan
Kelly E. Farnan  (#4395)
Farnan@rlf.com