IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC., a<br>Washington Corporation,<br><br>                Plaintiff,<br><br>                v.<br><br>BRISTOL-MYERS SQUIBB CO.,<br>a Delaware Corporation, and<br>DOES 1 through 100,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-500-*** |

**STIPULATED AMENDED SCHEDULING ORDER**

IT IS HEREBY STIPULATED AND AGREED by the parties hereto, by and through their undersigned counsel and subject to the approval of the Court, that the November 3, 2006 Scheduling Order in this matter be and hereby is amended as follows:

3. <u>Discovery</u>.

    c. <u>Discovery Cut Off</u>. Fact discovery in this case shall be initiated so that it will be completed on or before September 21, 2007. Expert discovery shall be initiated so that it will be completed by December 20, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery pertaining to document requests, request for admissions and interrogatories, set forth in Local Rule 26.1, shall be strictly observed. Each party may serve up to fifty (50) interrogatories on another party. Each subpart shall be counted as a separate interrogatory.

RLF1-3154750-1

d.  Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on October 5, 2007 and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on November 2, 2007. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

9.  Tutorial Describing the Technology and Matters in Issue. The parties shall provide the Court by August 15, 2007, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties will address whether or not to present the tutorial in person with the Court at a later date after the matter is assigned to a Judge. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 8, 2008, with the answering brief and supporting affidavits due 30 days after the opening brief, and the reply brief and supporting affidavits due 14 days after the answering brief.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 13, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. Issues of claim construction in the form of the parties' Joint Claim Construction Chart and supporting documents set forth in paragraph 11 shall be submitted to the Court no later than December 14, 2007. The parties shall serve and file opening claim construction briefs on February 8, 2008 and rebuttal briefs on March 7, 2008, all of which will be considered by the Court in conjunction with the parties' summary judgment motions.

13. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on April 18, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

In all other respects, the November 3, 2006 Scheduling Order shall remain in full force and effect.

| | |
|---|---|
| /s/Philip A. Rovner | *Kelly E. Farnan* (signature) |
| Philip A. Rovner (#3215) | Frederick L. Cottrell, III (#2555) |
| provner@potteranderson.com | cottrell@rlf.com |
| Potter Anderson & Corroon, LLP | Kelly E. Farnan (#4395) |
| Hercules Plaza | farnan@rlf.com |
| P.O. Box 951 | Richards, Layton & Finger, P.A. |
| Wilmington, DE 19899 | One Rodney Square, P.O. Box 551 |
| (302) 984-6000 | Wilmington, DE 19899 |
| | (302) 651-7700 |
| Attorneys for Plaintiff ZymoGenetics, Inc. | Attorneys for Defendant Bristol-Myers Squibb Co. |
| Dated: May 22, 2007 | Dated: May 22, 2007 |

SO ORDERED this _____ day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE