

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

August 21, 2007

<u>**BY E-FILE**</u>

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE  19801

      Re:    <u>ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., et al.,
   D. Del., C.A. No. 06-500-\*\*\*</u>

Dear Magistrate Judge Thynge:

      ZymoGenetics, Inc. ("ZymoGenetics") and Bristol-Myers Squibb Co. ("Bristol") have been unable to resolve their dispute regarding Bristol's refusal to make Bristol employee Dr. Steven Nadler available to ZymoGenetics for a deposition relating to his personal knowledge of the facts and issues in dispute in the present matter. ZymoGenetics noticed the deposition of Dr. Nadler on August 2, 2007. The next day, on August 3, 2007, Bristol put forth Dr. Nadler to testify on behalf of Bristol on certain topics noticed in ZymoGenetics' Fed. R. Civ. P. 30(b)(6) deposition notice to Bristol. Bristol never informed ZymoGenetics that Dr. Nadler would be testifying on August 3 until that day. Indeed, although Bristol knew that ZymoGenetics had no knowledge that Dr. Nadler would testify as Bristol's Rule 30(b)(6) witness on that day, Bristol waited until just prior to the start of the deposition to inform ZymoGenetics that it would not make Dr. Nadler available for his properly-noticed fact deposition and that any testimony ZymoGenetics sought from Dr. Nadler must be obtained during the scheduled Rule 30(b)(6) deposition on that day.

      Through its refusal to make Dr. Nadler available for a properly-noticed fact deposition, Bristol improperly seeks to direct ZymoGenetics' discovery in this matter. Bristol should not be permitted to do so. Here, ZymoGenetics was unaware of the quantity and quality of information within the personal knowledge of Dr. Nadler at anytime prior to July 31, 2007. While Bristol-Myers identified Dr. Nadler as a person likely to have discoverable information in its Fed. R. Civ. P. 26(a)(1) Initial Disclosures, Bristol failed to identify Dr. Nadler as a person involved in "the development, design, manufacture, FDA approval, marketing, distribution, sale or licensing" of Orencia in its January 5, 2007 response to ZymoGenetics Interrogatory No. 4 requesting that information. At no time has Bristol supplemented its response to this interrogatory. Further, ZymoGenetics obtained testimony regarding several Fed. R. Civ. P. 30(b)(6) topics before July 31, 2007. At no point during those depositions was Dr. Nadler even

The Honorable Mary Pat Thynge
August 21, 2007
Page 2

mentioned, much less identified, as an individual with knowledge of that highly relevant and discoverable subject matter.

Only on July 31, 2007, did ZymoGenetics determine that it would need to take the deposition of Dr. Nadler. On that date, Bristol put forth Dr. Michael Corbo to testify on behalf of Bristol on certain topics noticed in ZymoGenetics' Fed. R. Civ. P. 30(b)(6) deposition notice to Bristol. Through the testimony provided by Dr. Corbo, ZymoGenetics first became aware of the breadth of Dr. Nadler's knowledge of the facts and issues involved in the present dispute. Specifically, at that time ZymoGenetics learned of Dr. Nadler's specific knowledge regarding the early history of the research and conception of the accused product and his role in assisting Bristol provide information relating to these issues to the United States Food and Drug Administration.

ZymoGenetics is entitled to testimony from Dr. Nadler regarding facts within his personal knowledge. As ZymoGenetics discovered during the July 31, 2007 deposition of Dr. Corbo, Dr. Nadler has substantial personal knowledge of the facts and issues in the present case. ZymoGenetics was unaware that Dr. Nadler would be testifying on behalf of Bristol on August 3 until just prior to the start of the deposition. At that time, ZymoGenetics had not prepared to question Dr. Nadler regarding facts within his personal knowledge. For example, ZymoGenetics had not yet assembled documents from Bristol's four million page production that were either created by Dr. Nadler, received by Dr. Nadler or regarding Dr. Nadler.

The parties have conferred regarding this issue on several occasions. Through the parties' attempts to resolve the present dispute, Bristol first attempted to force ZymoGenetics to agree to a shortened deposition. Bristol subsequently offered to make Dr. Nadler available of a fact deposition only if ZymoGenetics agreed to severely limit the scope of the deposition in a manner that would prevent ZymoGenetics from questioning Dr. Nadler regarding his personal knowledge of certain key topics including the conception, design, research, development and testing of the accused product. However, the topics sought to be excluded from the deposition are the specific topics on which Dr. Nadler has important personal knowledge that is not obtainable from other witnesses.

In consideration of the above, ZymoGenetics hereby requests that this Court order Bristol to make Dr. Nadler available for his properly-noticed deposition prior to the close of discovery. We look forward to addressing this issue during the August 23 teleconference.

Respectfully,

Philip A. Rovner
Provner@potteranderson.com

PAR/mes/814001
cc: Frederick L. Cottrell, III, Esq. – by hand delivery and E-mail
    Christopher P. Borello, Esq. – by E-mail