RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
Fax: (302) 651-7701
WWW.RLF.COM

KELLY E. FARNAN

DIRECT DIAL NUMBER
302-651-7705
FARNAN@RLF.COM

August 22, 2007

**VIA E-FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:    **ZymoGenetics, Inc. v. Bristol-Myers Squibb Co.**
**Civil Action No. 06-500-\*\*\***

Dear Magistrate Judge Thynge:

Defendant Bristol-Myers Squibb Co. ("Bristol") respectfully requests the Court's assistance in resolving a discovery dispute regarding Plaintiff ZymoGenetics Inc.'s ("ZymoGenetics") failure to respond to Bristol's First Set of Interrogatories. ZymoGenetics has refused to substantively respond to Interrogatory No. 2, which requests ZymoGenetics' claim construction for each of the claims of U.S. Patent Nos. 6,018,026 ("the '026 patent") and 5,843,725 ("the '725 patent") that ZymoGenetics alleges Bristol infringes. The parties have met and conferred, but have been unable to resolve this issue. Bristol requests the Court order ZymoGenetics to adequately respond to Interrogatory No. 2.[1]

The November 3, 2006 Scheduling Order "encourage[d] the parties to serve and respond to contention interrogatories early in the case." (D.I. #22, ¶3c). Bristol served its First Set of Interrogatories on ZymoGenetics on October 17, 2006. (Exhibit 1). Interrogatory No. 2 requests "[f]or each claim of each of the patents-in-suit alleged to be infringed, state your construction of each claim term, and identify all intrinsic and extrinsic evidence supporting such construction." In response, ZymoGenetics refused to provide its claim construction for any term of the claims it is asserting against Bristol. (Exhibit 2). Instead, ZymoGenetics stated that it would "provide Bristol with its claim construction and evidentiary support on the dates stipulated by the parties or directed by the Court." *(Id.)*

---

[1] To the extent that ZymoGenetics contends any claim terms should be construed to have their ordinary meaning to a person having ordinary skill in the art, it should be required to identify the ordinary meaning.

The Honorable Mary Pat Thynge
August 22, 2007
Page 2

After Bristol reminded ZymoGenetics of its deficient response to Interrogatory No. 2 (Exhibit 3), ZymoGenetics once again refused to provide a response to Interrogatory No. 2, stating that ZymoGenetics would not provide any claim construction information or materials prior to November 13, 2007, the date the Court has set for the exchange of claim terms the parties believe need construction along with their proposed claim construction of those terms.    (Exhibit 4 at 1).    It has now been more than ten months since the Interrogatories were first served on ZymoGenetics.

The November 3 Scheduling Order encouraged the parties to not only serve, but to respond to contention interrogatories early in the case.  As patentee and Plaintiff in this lawsuit, ZymoGenetics has a duty to respond to Interrogatory No. 2, regardless of the timing of expert reports or claim construction.

As patentee, ZymoGenetics bears the burden of proof on infringement.    Claim construction is a prerequisite to an infringement analysis in this case.  ZymoGenetics, as the patentee, cannot genuinely claim that it cannot put forth its proposed construction of the claims now.  As Plaintiff and patent holder, ZymoGenetics should have had a claim construction in mind when it filed suit.  Otherwise, it would have been unable to allege that Bristol's product infringed its patents.  We also understand that ZymoGenetics has full access to the inventors, patent prosecutors and all other information needed to put forward its claim construction.  Therefore, there is no justification for ZymoGenetics to withhold its claim construction until November 13.    The briefing and hearing schedule does not preclude the parties from exchanging their claim construction earlier for discovery purposes.  Providing this information now will help this case move forward, especially as the parties move toward the expert discovery phase.

Without the information requested by Interrogatory No. 2, Bristol will be left guessing at ZymoGenetics' claim construction position.  Having to prepare expert reports in this manner will be inefficient and will severely prejudice Bristol.    For example, Bristol's experts will be hampered in their search for prior art and will be drafting their expert reports without the knowledge of ZymoGenetics' claim construction position. ZymoGenetics is in the best position to provide its construction of claim terms, and as plaintiff-patentee should be the first party to provide its construction.

In addition, Bristol will continue to be prejudiced during fact discovery.    The November 13 date proposed by ZymoGenetics is well past the fact discovery cut-off. Without knowing ZymoGenetics construction of the claim terms, Bristol will be unable to make proper non-infringement determinations, and adequately and properly compare the claims to the prior art that exists, preventing Bristol from following up on or requesting additional and necessary factual information before the close of fact discovery.

Early and adequate responses to contention interrogatories are encouraged by this Court.  ZymoGenetics is ignoring its responsibility to respond to Interrogatory No. 2. Bristol has already been prejudiced by ZymoGenetics' failure to promptly respond to Bristol's interrogatories, as the fact discovery deadline fast approaches.  As the plaintiff-

The Honorable Mary Pat Thynge
August 22, 2007
Page 3

patentee, ZymoGenetics bears the burden of proof on infringement, of which claim construction is a pre-requisite. It is ZymoGenetics that brought this lawsuit and asserted the '026 and '725 patents and, therefore, ZymoGenetics should be required to provide its claim construction to Bristol immediately.

Respectfully,

Kelly E. Farnan (#4395)

KEF/th
cc:     Clerk of the Court (via e-filing)
        Philip A. Rovner, Esq. (via e-filing and hand delivery)

RLF1-3192751-1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC.,<br>a Washington Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-500-KAJ |
| BRISTOL-MYERS SQUIBB CO.,<br>a Delaware Corporation, and DOES 1<br>through 100, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**BRISTOL-MYERS SQUIBB COMPANY'S**
**FIRST SET OF INTERROGATORIES TO ZYMOGENETICS, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Bristol-Myers

Squibb Company ("Bristol") requests that ZymoGenetics, Inc. ("ZymoGenetics") answer the

following interrogatories in accordance with the following Definitions within thirty (30) days

after the service of this request. These interrogatories shall be deemed continuing, requiring

defendants to serve promptly upon Bristol supplemental answers in accordance with Rule 26(e)

of the Federal Rules of Civil Procedure.

**DEFINITIONS**

All terms are defined in Bristol-Myers Squibb Company's First Set of Requests

To ZymoGenetics, Inc. For The Production of Documents and Things, which is herein

incorporated by reference.

RLF1-3071458-1

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each claim of each of the patents-in-suit which Plaintiff contends Bristol has infringed, and for each such claim specify whether Plaintiff contends that such infringement is literal or by the doctrine of equivalents, state the factual basis upon which Plaintiff relies to support the contention, and identify the persons most knowledgeable about, and all documents and things relating to, such contention.

### INTERROGATORY NO. 2:

For each claim of each of the patents-in-suit alleged to be infringed, state your construction of each claim term, and identify all intrinsic and extrinsic evidence supporting such construction.

### INTERROGATORY NO. 3:

For each of the patents-in-suit:

(a)    Identify all persons who were involved in the work which led to the subject matter claimed in the patent, including but not limited to each person who designed, directed, monitored or reviewed experimentation in connection therewith.

(b)    Identify each person involved with the filing or prosecution of the application which led to the patent.

(c)    Identify each person involved in the decision to file for patent protection for the subject matter of the patent.

### INTERROGATORY NO. 4:

Separately for each claim of the patents-in-suit that Plaintiff has asserted is infringed by Bristol:

2

RLF1-3071458-1

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Christopher P. Borello
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, N.Y. 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Dated: October 17, 2006

_Kelly E. Farnan_
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

_Attorneys for Defendant_
_Bristol-Myers Squibb Co._

5

# EXHIBIT 2

ALL-STATE® LEGAL   800-222-0510   FORM1   RECYCLED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC., a<br>Washington Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 06-500-*** |
| | ) | |
| v. | ) | **CONFIDENTIAL INFORMATION** |
| | ) | **PURSUANT TO STIPULATED** |
| BRISTOL-MYERS SQUIBB CO., | ) | **PROTECTIVE ORDER** |
| a Delaware Corporation, and | ) | |
| DOES 1 through 100, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ZYMOGENETICS' RESPONSES TO BRISTOL-MYERS SQUIBB COMPANY'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff ZymoGenetics Inc. ("ZymoGenetics") hereby objects and responds to Defendant Bristol-Myers Squibb Co. ("Bristol") First Set of Interrogatories ("Interrogatories"). ZymoGenetics makes the objections and responses herein (collectively "Responses") based solely on its current knowledge, understanding and belief as to the facts and the information available to it as of the date of the Responses. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. The Responses, therefore, are being given without prejudice to ZymoGenetics' right to supplement these Responses pursuant to Fed. R. Civ. P. 26(e), or to provide subsequently discovered information and to introduce such subsequently discovered information at the time of any trial or other proceedings in this action.

1, 2, 3, 4, 7 and 30 of U.S. Patent No. 6,018,026. The factual bases upon which ZymoGenetics relies to support its contention that Bristol's Orencia product infringes the above identified claims include, but are not limited to, the fact that Bristol obtained approval from the United States Food and Drug Administration ("FDA") to make, use, sale, offer to sale, and import Orencia, and such activities infringe upon the claims of ZymoGenetics patents identified above. Documents that support such contention include, but are not limited to, U.S. Patent Nos. 5,843,725 and 6,018,026, the prosecution history of these patents, documents submitted to the FDA by Bristol to obtain approval of Orencia, and public disclosures made by Bristol regarding its fusion protein products. Individuals at Bristol are the persons most knowledgeable about Bristol's infringing activities, and ZymoGenetics will identify such individuals after appropriate discovery is conducted to permit ZymoGenetics to identify such individuals. ZymoGenetics' investigation of this matter is continuing and its response to this interrogatory will be supplemented as additional information becomes known to it and in compliance with any order and/or schedule of the Court relating to claim construction and expert reports pursuant to Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order.

**INTERROGATORY NO. 2:**

For each claim of each of the patents-in-suit alleged to be infringed, state your construction of each claim term, and identify all intrinsic and extrinsic evidence supporting such construction.

**RESPONSE TO INTERROGATORY NO. 2:**

ZymoGenetics objects to this interrogatory to the extent it requires a legal interpretation or conclusion to which no response is required. ZymoGenetics further objects

to this interrogatory to the extent it is premature, as it seeks information that it set to be disclosed on scheduled dates directed by the Court. ZymoGenetics further objects to this interrogatory to the extent that it seeks information that is protected by the attorney client privilege, the work product immunity doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing general and specific objections, ZymoGenetics responds as follows: ZymoGenetics will provide Bristol with its claim construction and evidentiary support on the dates stipulated by the parties or directed by the Court.

## INTERROGATORY NO. 3:

For each of the patents-in-suit:

(a)    Identify all persons who were involved in the work which led to the subject matter claimed in the patent, including but not limited to each person who designed, directed, monitored or reviewed experimentation in connection therewith.

(b)    Identify each person involved with the filing or prosecution of the application which led to the patent.

(c)    Identify each person involved in the decision to file for patent protection for the subject matter of the patent.

## RESPONSE TO INTERROGATORY NO. 3:

ZymoGenetics objects to this interrogatory to the extent it is overly broad, unduly burdensome and oppressive. ZymoGenetics further objects to this interrogatory to the extent that it is compound amounting to at least three (3) separate interrogatories because it is comprised of multiple discrete subparts. ZymoGenetics further objects to this interrogatory to the extent it seeks documents that are protected by the attorney client privilege, the work

-8-

set to be disclosed on scheduled dates directed by the Court. ZymoGenetics further objects to this interrogatory to the extent it seeks expert testimony. ZymoGenetics further objects to this interrogatory to the extent that it is compound amounting to at least ten (10) separate interrogatories because it is comprised of multiple discrete subparts.

Subject to and without waiving the foregoing general and specific objections, ZymoGenetics responds as follows: ZymoGenetics' damages calculations are premature as ZymoGenetics' investigation of this matter is continuing and its calculation and basis for its damages will be formulated as relevant documents from Bristol become available to it. ZymoGenetics will further respond to this interrogatory in the form of expert reports in accordance with the Court's schedule.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
(650) 838-4300

*Attorneys for Plaintiff*
*ZymoGenetics, Inc.*

Dated: December 18, 2006
768147

-15-

# EXHIBIT 3

# FITZPATRICK, CELLA, HARPER & SCINTO

30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
975 F STREET, N.W.
WASHINGTON, D.C. 20004-1405
(202) 530-1010
FACSIMILE (202) 530-1055

CALIFORNIA OFFICE
660 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

CHRISTOPHER BORELLO
DIRECT DIAL (212) 218-2574
E-MAIL cborello@fchs.com

July 16, 2007

By E-Mail

Meghan Wharton, Esq.
PERKINS COIE
101 Jefferson Drive.
Menlo Park, CA 94025-1114

Re:  *ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., et al.,*
     C.A. No. 06-500-***

Dear Meghan,

ZymoGenetics' responses to Bristol's Interrogatory Nos. 1-4, 6 and 7 are deficient. ZymyGenetics' document production is also deficient. The deficiencies are outlined below.

## I.   ZymoGenetics' Deficient Interrogatory Responses

Bristol served ZymoGenetics with its First Set of Interrogatories over eight months ago on October 17, 2006. ZymoGenetics responded on December 18, 2006. However, as Bristol pointed out in its March 27, 2007 letter to Paul Andre, ZymoGenectics' responses are deficient. More than three months have passed since Bristol initially raised deficiencies with ZymoGenetics' responses, and ZymoGenetics has neither addressed these deficiencies nor substantively responded to Bristol's March 27 letter, other than to indicate that ZymoGenetics would be amenable to a simultaneous exchange of the identification of documents where Fed. R. Civ. P. 33(d) was relied upon.[1] Unless ZymoGenetics immediately addresses the deficiencies outlined below in a meaningful way, Bristol plans to seek relief from the Court because ZymoGenetics' continued delay stands to prejudice Bristol.

---

[1]      While the parties did not exchange such supplementation on the date identified for the exchange, ZymoGenetics is now in possession of Bristol's supplementation.

Meghan Wharton, Esq.
July 16, 2007
Page 2


        To the extent that ZymoGenetics is refusing to respond to Interrogatory Nos.
1, 2, 6 or 7 because of the timing of expert reports and/or claim construction pursuant to
the Scheduling Order, that is improper. The District of Delaware requires responding to
contentions early in the litigation.

## A.    ZymoGenetics' Deficient Response to Interrogatory No. 1

        See our March 27, 2007 letter for an identification of ZymoGenetics'
deficiencies. (March 27, 2007 letter to Paul Andre at 1). ZymoGenetics had promised to
continue its investigation and to provide a supplemental response almost 7 months ago.
Supplementation has not yet occurred. In addition to these deficiencies, there are others
outlined below.

- The interrogatory sought the identification of documents that support
  ZymoGenetics' allegation that Bristol infringes the patents-in-suit.
  ZymoGenetics merely cites to the patents-in-suit and states that "documents
  submitted to the FDA by Bristol" and "public disclosures made by Bristol"
  supports its position. At a minimum, the documents that ZymoGenetics
  relied upon for filing the lawsuit should have been identified, but were not.

- The interrogatory sought the persons most knowledgeable about
  ZymoGenetics' infringement contentions, not who is most knowledgeable
  about Bristol's activities. ZymoGenetics is in the best position to identify
  the persons most knowledgeable about ZymoGenetics' contentions, but has
  not done so.

## C.    ZymoGenetics' Deficient Response to Interrogatory No. 2

        ZymoGenetics states it will provide claim construction and evidentiary
support on the date directed by the Court or stipulated by the parties. As stated above, this
is improper. Moreover, as the patentee, ZymoGenetics is in the best position to provide its
construction of the claim terms, and should do so immediately.

## D.    ZymoGenetics' Deficient Response to Interrogatory No. 3

        See our March 27, 2007 letter for identification of ZymoGenetics'
deficiencies. (March 27, 2007 letter to Paul Andre at 2). ZymoGenetics had promised to
continue its investigation and to provide a supplemental response almost 7 months ago.
Supplementation has not occurred.

Meghan Wharton, Esq.
July 16, 2007
Page 5


        Bristol's review of ZymoGenetics' production and responses to
interrogatories are ongoing, and Bristol expressly reserves the right to raise additional
problems with the ZymoGenetics production and responses to interrogatories at a future
date.

                                        Sincerely yours,

                                        Christopher Borello

FCHS_WS 1466564v1

# EXHIBIT 4



101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650 838 4300
FAX: 650 838 4350
www.perkinscoie.com

Meghan Ashley Wharton
PHONE (650) 838-4363
FAX  (602) 648-7038
EMAIL: MWharton@perkinscoie.com

July 24, 2007

## VIA ELECTRONIC MAIL AND FIRST CLASS MAIL

Christopher P. Borello
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801

Re:  **ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., Civil Action No. C06-500**

Dear Chris,

This letter is in response to your July 16, 2007 letter regarding ZymoGenetics' responses to certain Bristol-Myers Interrogatories.

### Interrogatories Nos. 1 and 4

ZymoGenetics supplemented its response to Interrogatories Nos. 1 and 4 on July 24, 2007.

### Interrogatory No. 2

The Court in this matter has established a schedule for the exchange of claim construction information. ZymoGenetics will provide its claim construction information and materials to Bristol-Myers on November 13, 2007, unless otherwise directed by the Court pursuant to paragraph 11 of the Court's May 22, 2007 Amended Scheduling Order.

### Interrogatory No. 3

While ZymoGenetics' investigation continues, at this time ZymoGenetics is aware of no additional information responsive to Interrogatory No. 3.

### Interrogatory No. 6

The information requested in Interrogatory No. 6 is properly within the province of an expert witness. As such, ZymoGenetics will further respond to this interrogatory in the form of expert reports in accordance with the Court's schedule.

Christopher P. Borello
July 24, 2007
Page 2

<u>Interrogatories No. 7</u>

Interrogatory No. 7 requests information relating to ZymoGenetics' contention that investigation
or discovery will show that this case is an exceptional case. ZymoGenetics will seek and expects
to obtain such information through deposition discovery of certain Bristol-Myers current and
former employees. These depositions have been noticed by ZymoGenetics but have not yet
occurred. Further, evidence supporting the contention is likely present in the documents
produced by Bristol-Myers. Bristol-Myers produced approximately four million pages of
documents in this matter and ZymoGenetics' review of the documents in ongoing. At such time
that ZymoGenetics has completed the necessary depositions and completed its review of the
Bristol-Myers production, ZymoGenetics will provide supplemental responses to Interrogatory
No. 7

We reserve the right to continue to supplement ZymoGenetics' interrogatory responses as
discovery proceeds.

Very truly yours,

Meghan Ashley Wharton

30461-7004/LEGAL13420293 1