IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 06-500-*** ) ) ) ) ) ) ) ) |

### NOTICE OF SUBPOENA DIRECTED TO DR. ROBERT PEACH

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff ZymoGenetics, Inc. is serving the attached subpoena on Dr. Robert Peach c/o Fitzpatrick, Cella, Harper & Scinto, 30 Rockefeller Plaza, New York, NY 10112. Pursuant to the subpoena, ZymoGenetics, Inc. will, by and through its undersigned counsel, take the deposition upon oral examination of Dr. Robert Peach on September 21, 2007 at the offices of Perkins Coie LLP, 101 Jefferson Drive, Menlo Park, CA 94025. The deposition is for the purpose of discovery and evidentiary use and may be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Paul J. Andre<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, California 94025-1114<br>(650) 838-4300<br><br>Dated: September 4, 2007<br>816414 | POTTER ANDERSON & CORROON LLP<br><br>By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com<br><br>Attorneys for Plaintiff<br>ZymoGenetics, Inc. |

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
<u>SOUTHERN</u> DISTRICT OF <u>CALIFORNIA</u>

ZYMOGENETICS, INC., a Washington Corporation,

                    Plaintiff,

                V.

BRISTOL-MEYERS SQUIBB COMPANY, a Delaware Corporation, and DOES 1 THROUGH 100,
                    Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  C.A. No. 06-500***

(pending in the U.S. District Court for the District of Delaware)

TO: Dr. Robert Peach
     c/o Fitzpatrick, Cella, Harper & Scinto
     30 Rockefeller Plaza, New York, New York 10112

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Perkins Coie LLP, 101 Jefferson Drive<br>Menlo Park, CA 94025 | September 21, 2007<br>9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Perkins Coie LLP,<br>101 Jefferson Drive<br>Menlo Park, CA 94025 | September 14, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] ATTORNEY FOR PLAINTIFF |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

PHILIP A. ROVNER, ESQ., POTTER ANDERSON & CORROON LLP, P.O. BOX 951, WILMINGTON, DE 19899  302-984-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

**Subpoena for Dr. Robert Peach**

**DEFINITIONS FOR ATTACHMENT A**

1. The terms "ZymoGenetics" and "Plaintiff" shall mean Plaintiff ZymoGenetics, Inc.

2. The term "Bristol" shall mean Bristol-Myers Squibb Company; their actual or alleged predecessors and successors; all past and present parents, subsidiaries and divisions of any of the foregoing; and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3. "BRISTOL FUSION PROTEIN PRODUCT(S)" means Orencia®, abatacept, CTLA4-Ig and/or any structural, chemical, or functional variant or related fusion protein.

4. The "'725 Patent" means United States Patent No. 5,843,715, which is entitled "Methods for Producing Secreted Receptor Analogs and Biologically Active Dimerized Polypeptide Fusions."

5. The "'026 Patent" means U.S. Patent No. 6,018,026, which is entitled "Biologically Active Dimerized and Multimerized Polypeptide Fusions."

6. The term "Patents-in-Suit" means collectively the '725 Patent and '026 Patent.

7. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive. The term "all" shall mean "any and all" and the term "any" shall mean "any and all." The singular of any word or phrase shall include the plural of such word or phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

8. The terms "concerning" or "concern" mean constituting, relating to, mentioning, discussing, evidencing, involving, depicting, describing, listing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, demonstrating, referring to or connected with, relying upon, or in any way related to the indicated item or person.

9. The terms "refer," "relate to," "referring to," "relating to," and "related to" mean concerning, mentioning, indicating, disclosing, discussing, analyzing, serving as a basis for, supporting, describing, or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

10. The term "document" or "documents" is used in these requests in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, without limitation, the original (and absent the original then a copy thereof), all file and electronic copies and copies not identical to the original of any writing or record of every type, form, and description that is in the actual or constructive possession, custody, and control of Defendants, regardless of the medium on which it is produced, reproduced, or stored including, without limitation, anything which can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not a part of the original text or photographic reproduction thereof is a separate document.

11. The term "communication" or "communications" shall mean the oral or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including but not limited to email, voicemail, memoranda, letters or other writings.

12. The term "thing" shall mean any tangible object, such as a model, sample or specimen.

13. As applied to documents, the words "identify" and "identity" mean to state the type of document, the names of the individuals to whom the documents or a copy thereof was addressed or sent, a summary of the subject matter of the document, the number of pages of the document, the present location of the document, and the name and address of the custodian of the document.

14. As applied to products, the words "identify" and "identity" mean to state the name of the product, a brief description of the product, the product number (if any), and any other means of identification.

15. As applied to individuals, the words "identify" and "identity" mean to state the

individual's full name, present or last known address and telephone number, present or last employer, and present or last known business address and telephone number.

16. As applied to events, the word "identify" means to provide the date of the event, a description of the event, the location of the event, and the individual or organizational entities participating in the event.

Subpoena for Dr. Robert Peach

## ATTACHMENT A – CATEGORIES FOR REQUESTED DOCUMENTS

### INSTRUCTIONS

A.  Each request contained herein extends to any document in your possession, custody, or control. A document is deemed to be in your possession, custody, or control if it is in your physical custody or that of your attorneys or representatives, or any of them, or if it is in the physical custody of any other person, and you or your representatives (a) own such document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you or your representatives may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you or your representatives sought to do so.

B.  If you object to any document requested herein on the grounds that the requested documents are privileged in whole or in part, set forth the following information: (1) the author(s) of the document, (2) a statement of the grounds upon which the claim of privilege is based, (3) the location of the document requested, (4) each person to whom the document was addressed, (5) each person who received copies of the document or were otherwise advised of its contents, and (6) a general description of the subject matter of the document.

### DOCUMENT REQUEST CATEGORIES

**CATEGORY NO. 1:**

All documents, communications, and things that relate to BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 2:**

All documents, communications, and things sufficient to identify the date of first design of BRISTOL FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 3:**

All documents, communications, and things that relate to research, design and development of BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 4:**

All documents, communications, and things that relate to genetic engineering methods, including but not limited to recombinant DNA technology, used to make BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 5:**

All documents, communications, and things that relate to the expression vectors used to make BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 6:**

All documents, communications, and things that relate to testing of BRISTOL'S FUSION PROTEIN PRODUCTS, including but not limited to software, devices or technology used to evaluate BRISTOL'S FUSION PROTEIN PRODUCT.

**CATEGORY NO. 7:**

All documents, communications, and things that relate to the development and production of all precursor, initial experimental, or other pre-FDA approval versions of BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 8:**

All documents and things that relate to dimerization of BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 9:**

All documents, communications, and things that relate to publications, papers, or presentations authored in whole or in part by you or Bristol relating to BRISTOL'S FUSION PROTEIN PRODUCT(S).

**CATEGORY NO. 10:**

All documents, communications, and things that relate to the technology embodied in BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 11:**

All documents, communications, and things that relate to or describe the function of BRISTOL FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 12:**

All documents, communications, and things that relate to the manufacture of BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 13:**

All documents, communications, and things that relate to any patent and patent applications, domestic or foreign, covering BRISTOL'S FUSION PROTEIN PRODUCTS.

**CATEGORY NO. 14:**

All documents, communications, and things that relate to the *Repligen Corp. and The Regents of the University of Michigan v. Bristol Myers Squibb Company*, Case No. 2:06-cv-4-TJW.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on September 4, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

> Frederick L. Cottrell, III, Esq.
> Kelly E. Farnan, Esq.
> Richard Layton & Finger, P.A.
> One Rodney Square
> P. O. Box 551
> Wilmington, DE  19899
> cottrell@rlf.com
> farnan@rlf.com

I hereby certify that on September 4, 2007 I have sent by E-mail the foregoing document to the following non-registered participant:

> Christopher P. Borello, Esq.
> Fitzpatrick Cella Harper & Scinto
> 30 Rockefeller Plaza
> New York, NY  10112
> cborello@fchs.com

> /s/ Philip A. Rovner
> Philip A. Rovner  (#3215)
> Potter Anderson & Corroon LLP
> Hercules Plaza
> P. O. Box 951
> Wilmington, DE 19899
> (302) 984-6000
> provner@potteranderson.com