IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 06-500-*** |
| BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, Defendants. | ) ) ) ) ) | DEMAND FOR JURY TRIAL |

## BRISTOL-MYERS SQUIBB CO.'S NOTICE OF SUBPOENA TO ALBIN JAMES NELSON

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Defendant Bristol-Myers Squibb Company has requested that Albin James Nelson produce the documents requested in Attachment A of the attached Subpoena (Exhibit 1 hereto) on September 13, 2007 at The Grand Hotel, 615 2nd Avenue South, Minneapolis, MN 55402.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Subpoena attached as Exhibit 1, Bristol-Myers Squibb Company will take the deposition of Albin James Nelson on the topics listed as Exhibit B to the Subpoena on September 19, 2007 at 10:00 a.m. at The Grand Hotel, 615 2nd Avenue South, Minneapolis, MN 55402.

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Colleen Tracy
Christopher P. Borello
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, N.Y. 10112

Dated: September 13, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant Bristol-Myers Squibb Co*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the address and in the manner indicated below:

**BY HAND DELIVERY**

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza - 6th Floor
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)

RLF1-3067406-1

# EXHIBIT 1

∿AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF _____ MINNESOTA _____

ZYMOGENETICS, INC.

V.

BRISTOL-MYERS SQUIBB COMPANY

**SUBPOENA IN A CIVIL CASE**

Case
Number:[1]

06-500-*** (pending in
the United States District Court
for the District of Delaware

TO:    Albin James Nelson
       1600 TCF Tower, 121 South Eight Street
       Minneapolis, MN 55402

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
   to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

■  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Grand Hotel, 615 2nd Ave  S., Minneapolis, MN 55402 | September 19, 2007 at 10 a.m. |

■  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
   **SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| The Grand Hotel, 615 2nd Ave  S., Minneapolis, MN 55402 | September 13, 2007 at 10 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Chns Borello*  Ⓟ             , Attorney for Defendant | 9/6/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher P. Borello, Esq., Fitzpatrick, Cella, Harper & Scinto, 30 Rockefeller Plaza, New York, NY 10112
(212) 218-2574

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number
AO88 (Rev. 12/06) Subpoena in a Civil Case

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *September 7, 2007* | *1600 TCF Tower*<br>*121 South 9th Str.*<br>*Mpls, MN 55402* |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| *ALBIN JAMES NEISON* | | *PERSONAL* |
| SERVED BY (PRINT NAME) | | TITLE |
| *LYNN A. PAGEL* | | *PRESident: RISK INTeR, INV, & Mgmt Con, INC,* |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___*9-7-2007*___
DATE

_____
SIGNATURE OF SERVER

*3025 HARBoR LN. N., Suite 115*
ADDRESS OF SERVER

*Mpls, MN 55447*
*TEL: 952-448-2629*

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(B) If a subpoena

(iv) subjects a person to undue burden.

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**A**

**ATTACHMENT A**

**Subpoena of Albin James Nelson**

**DEFINITIONS FOR ATTACHMENT A**

As used herein:

1.  "Document" or "documents" is used in the broadest possible sense and means, without limitation, every writing or record of every type and description that is in your possession, control or custody and includes, but is not limited to, correspondence, files, transcripts, minutes, memoranda, telegrams, telexes, facsimiles, stenographic or handwritten notes, studies, analyses, publications, books, pamphlets, pictures, photographs, films, video tapes, audio tapes, purchase orders, invoices, computer disks and printouts, drawings, diagrams, blueprints, affidavits, expense records, financial reports, journals, logs, diaries, voice recordings, tapes, maps, reports, surveys, charts, numbers or statistical computations, and every draft or copy thereof, whether signed or unsigned, that is not identical to the original, or that contains any commentary or notation whatsoever that does not appear on the original. A draft or an identical or non-identical copy is a separate document within the meaning of this term. The term "document" or "documents" also includes electronic data, as defined below.

2.  The term "thing" means any tangible object other than an object, and includes objects of every kind and nature such as, but not limited to, prototypes, models, samples and specimens.

3.  As used herein, "electronic data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of attached comments, hidden text, annotations, marks, transmission information, or alteration of any kind) of information of any kind stored in electronic, magnetic, optical, magneto-optical and/or digital form. Electronic data includes, but is not limited to, originals and all copies of electronic mail (commonly referred to as "e-mail"); activity listings of electronic mail receipts and/or transmittals; voicemail; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output result from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source code of all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, or file fragment. Electronic data further includes without limitation any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds and computer chips (including, but not limited to, EPROM, PROM, RAM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

1

4. "Communication" shall mean and include conversations, correspondence, telephone calls, meetings, presentations or any other medium through which information is transmitted.

5. "Relates to" or "relating to" shall mean concerning, constituting, comprising, deleting, editing, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying, indicating, supporting, refuting, contradicting or any other term synonymous with or similar to the foregoing.

6. As used herein, the term "person" or "persons" shall mean and include any natural persons, any business entity, whether a corporation, partnership, limited partnership, association, unincorporated association, firm, joint venture, any governmental body or entity, whether a government agency, board, division or department, and any other entity. Further, the term "person" includes acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

7. The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

8. The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

9. The term "infringement" mean direct infringement, contributory infringement, inducement, literal infringement, and/or infringement by the doctrine of equivalents or any other infringement actionable under United States law.

10. "Related application" means any U.S. or foreign patent or patent application that, directly or indirectly, claims priority to an application from which the patent-in-suit issued or to which the patent-in-suit claims priority, including without limitation, parents, continuations, continuations-in-part, divisionals, reexaminations, or reissues.

11. "The '725 patent" means United States Patent No. 5,843,725 and/or 5,843,725 C1.

12. "The '026 patent" means United States Patent No. 6,018,026 and/or 6,018,026 C1.

13. The term "patents-in-suit" means the '725 or '026 patents.

14. The term "reexamination" means the prosecution of reexamination control no. 90/006,970 and/or reexamination control no. 90/006,971.

15. "ZymoGenetics" means ZymoGenetics, Inc ; their actual or alleged predecessors and successors; all past and present parents, subsidiaries and divisions of any of the

2

foregoing; and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

16. "Immunex" means Immunex Corporation; their actual or alleged predecessors and successors; all past and present parents, subsidiaries and divisions of any of the foregoing; and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing

17. "The Washington litigation" refers to the litigation styled as *ZymoGenetics, Inc v. Immunex Corporation*, 2:02-cv-00561.

18. "TTC" means Townsend and Townsend and Crew, LLP, and its employees, partners, members or associates.

19. "Seed" means Seed and Berry and/or Seed IP Law Group PLLC and its employees, partners, members or associates.

20. "SB" means Stratton Ballew PLLC and its employees, partners, members or associates.

21. "Schwegman" means Schwegman, Lundberg, Woessner & Kluth P.A. and its employees, partners, members or associates.

3

## ATTACHMENT A – DOCUMENT REQUEST CATEGORIES

### Subpoena of Albin James Nelson

### INSTRUCTIONS

Any document responsive to this subpoena, that is not produced by reason of a claim of privilege or otherwise, shall be identified in writing by: (a) date; (b) authors; (c) recipients; (d) subject matter; (e) identity of the person to whom the contents of the document have been revealed; (f) identity of the person or entity now in possession or control of the document; and (g) the basis upon which it is being withheld.

## DOCUMENT REQUEST CATEGORIES

### CATEGORY NO. 1:

All documents and things relating to any communication between yourself or any person at Schwegman and any person representing ZymoGenetics relating to the patents-in-suit or any related application to any of the patents-in-suit.

### CATEGORY NO. 2:

All documents and things related to any communications between yourself or any person at Schwegman and Andrzej Z. Sledziewski or Lillian Anne Bell or Wayne R. Kindsvogel.

### CATEGORY NO. 3:

All documents and things relating to the preparation, filing, prosecution and reexamination of the patent applications that led to the issuance of any of the patents-in-suit, including without limitation issued patents, applications, draft applications, file histories, publications, search reports, opinions, memoranda, correspondence, official actions, and documents relating to examiner interviews.

4

**CATEGORY NO. 4:**

All documents and things related to communications between yourself or Schwegman and the United States Patent and Trademark Office, concerning the patents in suit.

**CATEGORY NO. 5:**

All documents and things related to communications between yourself or TTC or Seed or SB or Schwegman related to the patents-in-suit.

**CATEGORY NO. 6:**

All documents and things relating to any actions or proceedings, whether judicial or administrative, in which the ownership, validity, enforcement, or infringement of any of the claims of any of the patents-in-suit (or any related application to any of the patents-in-suit), or the patentability of the alleged inventions claimed therein, have been challenged, questioned, or otherwise placed in issue (whether by way of affirmative claim, counterclaim, affirmative defense or otherwise).

**CATEGORY NO. 7:**

All documents and things relating to the litigation in the United States District Court for the Western District of Washington entitled *ZymoGenetics, Inc. v. Immunex Corporation*, 2:02-cv-00561.

**CATEGORY NO. 8:**

All documents and things reflecting any communication to or by yourself or TTC or Seed or SB or Schwegman during, or related to, the Washington litigation.

5

**CATEGORY NO. 9:**

   All licenses, contracts, agreements, settlements or other arrangements between or among ZymoGenetics and Immunex relating to any of the patents-in-suit or any related application to any of the patents-in-suit.

**CATEGORY NO. 10:**

   All documents and things relating to any experimental evidence or data, or the interpretation thereof, pertaining to CTLA4-Ig that was provided to you or obtained by you or TTC or Seed or SB or Schwegman during prosecution or reexamination of the patents in suit and related applications.

**CATEGORY NO. 11:**

   All prior art provided to, or obtained by, you or TTC or Seed or SB or Schwegman during the prosecution or reexamination of, and the prior art searches for, the patents in suit

**CATEGORY NO. 12:**

   All documents relating to communications with Zymogenetics, Andrzej Z. Sledziewski, Lillian Anne Bell or Wayne R. Kindsvogel concerning the duty of candor and good faith under 37 C.F.R. section 1.555, and any evidence of compliance with that duty.

**CATEGORY NO. 13:**

   All documents and things related to any patents or publication cited in the prosecution or reexamination by the PTO of the patents in suit.

6

**CATEGORY NO. 14:**

All documents and things relating to the conception and/or reduction to practice of the subject matter of each claim of the patents-in-suit.

**CATEGORY NO. 15:**

All documents identifying, or relating to, persons who participated in the prosecution or reexamination of the patents-in-suit or related applications.

**CATEGORY NO. 16:**

All documents and things identifying, or relating to, persons who controlled the prosecution or reexamination of the patents-in-suit or related applications.