IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., <br> a Washington Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL-MYERS SQUIBB CO., <br> a Delaware Corporation, and DOES 1 <br> through 100, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-500-*** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BRISTOL'S RESPONSES AND OBJECTIONS TO ZYMOGENETICS, INC.'S AMENDED NOTICE OF DEPOSITION OF BRISTOL-MYERS SQUIBB CO. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Bristol-Myers Squibb Company ("Bristol") responds and objects to ZymoGenetics, Inc.'s Notice of Deposition of Defendant Bristol Pursuant to Fed. R. Civ. P. 30(b)(6) ("ZymoGenetics' Amended 30(b)(6) Notice") on the following grounds:

## GENERAL OBJECTIONS

1. Bristol incorporates herein its General Objections to ZymoGenetics' First Set of Interrogatories and its General Objections to ZymoGenetics' First Set of Requests for the Production of Documents and Things.

2. Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent they seek information not within the possession, custody or control of Bristol, and specifically objects to requests for information in the possession of Plaintiff or third parties.

3. Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent they are vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seek information that is irrelevant to any claim

or defense in this action, or would require Bristol to engage in an unreasonable preparation of a witness.

4. Bristol objects to the ZymoGenetics' Amended 30(b)(6) Notice to the extent that they purport to impose obligations on Bristol that exceed its obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Delaware, the Scheduling Order in this action or applicable case law.

5. Bristol objects to providing information covering the period after the filing of the Complaint, with the exception of information regarding sales of Orencia®. Bristol further objects to the topics of the ZymoGenetics' Amended 30(b)(6) Notice seeking information relating to facts or contentions as to which no issue presently exists because ZymoGenetics has not pleaded such allegations with enough specificity for Bristol to be able to respond.

6. Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent that they seek information subject to a confidentiality obligation or protective order involving a third party and for which the disclosure thereof would violate that confidentiality obligation or protective order.

7. To the extent Bristol produces a 30(b)(6) witness for a particular topic, it does not concede that the information requested during the deposition is relevant to this action. Bristol expressly reserves the right to object to further discovery into the subject matter of any of the topics of ZymoGenetics' Amended 30(b)(6) Notice.

8. The objections and limitations contained herein are subject to and without waiver of the right to make additional or supplemental objections to this or other 30(b)(6) Notices.

9. Bristol objects to ZymoGenetics' definition of "'725 patent" as incorrect. United States Patent No. 5,843,725, not 6,843,725 was cited in and appended to ZymoGenetics'

Complaint dated August 14, 2006. Accordingly, Bristol objects to ZymoGenetics' definition of the term "Patents-in-Suit".

10. Bristol objects to ZymoGenetics' definitions of the "'725 patent" and the "'026 patent" as vague and ambiguous in that it is not clear whether ZymoGenetics is referring to the reexam certificates or the patents before reexam. Accordingly, Bristol objects to ZymoGenetics' definition of the term "Patents-in-Suit".

11. Bristol objects to the definition of the term "Bristol-Myers fusion protein product(s)" in ZymoGenetics' Amended 30(b)(6) Notice as overly broad. Bristol objects to each topic of ZymoGenetics' Amended 30(b)(6) Notice to the extent it seeks information relating to Bristol's products other than Orencia®, or fusion protein products other than the CTLA4-Ig that is in Orencia®, on the grounds that such information is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

12. Bristol objects to the date of the noticed deposition as premature, as the court has not rendered any claim construction decision. Once the court renders its claim construction decision, Bristol will endeavor to identify the appropriate designee(s) for the topics, and will produce such designee(s) for deposition on a mutually convenient date.

13. Bristol objects to the topics of ZymoGenetics' Amended 30(b)(6) Notice to the extent that they seek information as to matters not known or reasonably available to Bristol. By stating that it will produce a witness competent to testify on a topic, Bristol does not represent that it has any relevant information on the topic but merely that Bristol's designated witness(es) will testify to the extent Bristol has any information on the topic.

14. Bristol objects ZymoGenetics' Amended 30(b)(6) Notice as being unduly burdensome and oppressive to the extent it seeks information that is duplicative of information already provided in this action.

15. Bristol objects to ZymoGenetics' Amended 30(b)(6) Notice to the extent that it seeks to obtain expert testimony from a non-expert lay person or fact witness.

16. Bristol objects to the definition of "Bristol-Myers" in ZymoGenetics' Amended 30(b)(6) Notice as overbroad and unduly burdensome.

## SPECIFIC OBJECTIONS TO AMENDED 30(b)(6) NOTICE TOPICS

### Topic No. 1

Decision(s) made by Bristol-Myers on whether to seek opinion of counsel regarding the patents-in-suit.

### Response to Topic No. 1

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity and discovery of such information is premature. To the extent that Bristol decides to rely on any such information to rebut a willful infringement claim and to the extent that such information exists, Bristol will provide a witness to testify regarding this topic at a later date.

### Topic No. 2

The factual basis for any defense Bristol-Myers asserts against ZymoGenetics' claim of willful infringement.

### Response to Topic No. 2

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity. Bristol also objects to this topic as duplicative of ZymoGenetics' interrogatories (*see e.g.*, Bristol-Myers Squibb Company's Supplemental Objections and Responses to ZymoGenetics, Inc.'s Interrogatories Nos. 3, 4, 9, 13, 14, 17 and 18, First Supplemental Response to Interrogatory No. 13) and of depositions already taken of both Bristol and ZymoGenetics witnesses (*see e.g.*, Deposition Transcripts of Drs. Nadler, Corbo and Leister). Bristol objects to this topic as premature, as ZymoGenetics has not yet provided a sufficient basis for any alleged infringement.

RLF1-3203783-1

**Topic No. 3**

To the extent Bristol-Myers intends to rely on opinion(s) of counsel as a defense to ZymoGenetics' claim of willful infringement, the opinion that Bristol-Myers intends to rely upon.

**Response to Topic No. 3**

Bristol objects to providing a 30(b)(6) witness on this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity and discovery of such information is premature. To the extent that Bristol decides to rely on any such information to rebut a willful infringement claim and to the extent that such information exists, Bristol will provide a witness to testify regarding this topic at a later date.

**Topic No. 4**

Any good-faith belief held by Bristol-Myers that any of the patents-in-suit are invalid or not infringed by Bristol-Myers.

**Response to Topic No. 4**

Bristol objects to this topic as vague, ambiguous and unintelligible. To the extent this topic is understood, Bristol objects to this topic as it seeks testimony that is protected by the attorney client privilege or work product immunity and discovery of such information is premature. Bristol further objects to this topic as duplicative of ZymoGenetics' interrogatories (*see e.g.*, Bristol-Myers Squibb Company's Supplemental Objections and Responses to ZymoGenetics, Inc.'s Interrogatories Nos. 3, 4, 9, 13, 14, 17 and 18, Response and First Supplemental Response to Interrogatory Nos. 13, 14, and 17) and of depositions already taken of

both Bristol and ZymoGenetics witnesses (*see e.g.*, Deposition Transcripts of Drs. Nadler, Corbo and Leister). Bristol objects to this topic as premature, as ZymoGenetics has not yet provided a sufficient basis for any alleged infringement.

/s/ Kelly E. Farnan
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant Bristol-Myers Squibb Co.*

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Colleen Tracy
Christopher P. Borello
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, N.Y. 10112

Dated: September 21, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the address and in the manner indicated below:

**BY E-MAIL and HAND DELIVERY**

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza - 6th Floor
Wilmington, DE  19899

**BY E-MAIL and FEDERAL EXPRESS**

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

　　　　　　　　　　　　　　　　　　／s/ Kelly E. Farnan
　　　　　　　　　　　　　　　　　　Kelly E. Farnan (#4395)

RLF1-3067406-1