## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 06-500-*** |
| BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, Defendants. | ) ) ) ) ) | DEMAND FOR JURY TRIAL |

### BRISTOL-MYERS SQUIBB CO.'S NOTICE OF SUBPOENA
### TO DR. PEGGY BENSCH

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Defendant Bristol-Myers Squibb Company has requested that Dr. Peggy Bensch produce the documents requested in Attachment A of the attached Subpoena (Exhibit 1 hereto) on September 13, 2007 at a location to be determined.

PLEASE TAKE FURTHER NOTICE that Bristol-Myers Squibb Company will take the deposition of Dr. Peggy Bensch on October 11, 2007 at 1:00 p.m. at Kenai Visitors and Cultural Center in Kenai, Alaska. The deposition will be stenographically recorded and may be videotaped. You are invited to attend and cross examine the witness.

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Colleen Tracy
Christopher P. Borello
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, N.Y. 10112

Dated: October 1, 2007

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant Bristol-Myers Squibb Co*

## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the address and in the manner indicated below:

### BY E-MAIL AND HAND DELIVERY

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza - 6th Floor
Wilmington, DE 19899

### BY E-MAIL

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114


*Kelly E. Farnan*
Kelly E. Farnan (#4395)

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF                          ALASKA

ZYMOGENETICS, INC.

V.

BRISTOL-MYERS SQUIBB COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   06-500-*** (pending in
the United States District Court
for the District of Delaware

TO:   Peggy Bensch
      C/O Peninsula Internal Medicine, 247 N. Fireweed
      Suite A, Soldotna, Alaska 99669

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

■ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION<br>To be determined | DATE AND TIME<br>September 13, 2007 at 10 a.m. |
|---|---|

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
      **SEE ATTACHMENT A**

| PLACE<br><br>To be determined | DATE AND TIME<br><br>September 17, 2007 at 10 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Chris Borello*          , Attorney for Defendant | 8/31/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher P. Borello, Esq., Fitzpatrick, Cella, Harper & Scinto, 30 Rockefeller Plaza, New York, NY 10112
(212) 218-2574

(See Rule 45. Federal Rules of Civil Procedure. Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                          SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

                                        _____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### Subpoena of Peggy Bensch

### DEFINITIONS FOR ATTACHMENT A

As used herein:

1.  "Document" or "documents" is used in the broadest possible sense and means, without limitation, every writing or record of every type and description that is in your possession, control or custody and includes, but is not limited to, correspondence, files, transcripts, minutes, memoranda, telegrams, telexes, facsimiles, stenographic or handwritten notes, studies, analyses, publications, books, pamphlets, pictures, photographs, films, video tapes, audio tapes, purchase orders, invoices, computer disks and printouts, drawings, diagrams, blueprints, affidavits, expense records, financial reports, journals, logs, diaries, voice recordings, tapes, maps, reports, surveys, charts, numbers or statistical computations, and every draft or copy thereof, whether signed or unsigned, that is not identical to the original, or that contains any commentary or notation whatsoever that does not appear on the original. A draft or an identical or non-identical copy is a separate document within the meaning of this term. The term "document" or "documents" also includes electronic data, as defined below.

2.  As used herein, "electronic data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of attached comments, hidden text, annotations, marks, transmission information, or alteration of any kind) of information of any kind stored in electronic, magnetic, optical, magneto-optical and/or digital form. Electronic data includes, but is not limited to, originals and all copies of electronic mail (commonly referred to as "e-mail"); activity listings of electronic mail receipts and/or transmittals; voicemail; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output result from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source code of all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, or file fragment. Electronic data further includes without limitation any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds and computer chips (including, but not limited to, EPROM, PROM, RAM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

3.  "Communication" shall mean and include conversations, correspondence, telephone calls, meetings, presentations or any other medium through which information is transmitted.

1

4.      "Relates to" or "relating to" shall mean concerning, constituting, comprising, deleting, editing, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying, indicating, supporting, refuting, contradicting or any other term synonymous with or similar to the foregoing.

5.      As used herein, the term "person" or "persons" shall mean and include any natural persons, any business entity, whether a corporation, partnership, limited partnership, association, unincorporated association, firm, joint venture, any governmental body or entity, whether a government agency, board, division or department, and any other entity. Further, the term "person" includes acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

6.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

7.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

8.      "The '725 patent" means United States Patent No. 5,843,725 and/or 5,843,725 C1.

9.      "The '026 patent" means United States Patent No. 6,018,026 and/or 6,018,026 C1.

10.     "Patents-in-suit" means the '725 or '026 patents.

11.     "Related application" means any U.S. or foreign patent or patent application that, directly or indirectly, claims priority to any application from which the patent issued or to which the patent claims priority, including without limitation parents, continuations, continuations-in-part, divisionals, reexaminations, or reissues.

12.     "ZymoGenetics" means ZymoGenetics, Inc.; their actual or alleged predecessors and successors; all past and present parents, subsidiaries and divisions of any of the foregoing; and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

13.     "Bristol" means Bristol-Myers Squibb Company.

14.     "Immunex" means Immunex Corporation; their actual or alleged predecessors and successors; all past and present parents, subsidiaries and divisions of any of the

2

foregoing; and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

## ATTACHMENT A – DOCUMENT REQUEST CATEGORIES

### Subpoena of Peggy Bensch

### INSTRUCTIONS

Any document responsive to this subpoena, that is not produced by reason of a claim of privilege or otherwise, shall be identified (no later than August 1, 2007) in writing by: (a) date; (b) authors; (c) recipients; (d) subject matter; (e) identity of the person to whom the contents of the document have been revealed; (f) identity of the person or entity now in possession or control of the document; and (g) the basis upon which it is being withheld.

### DOCUMENT REQUEST CATEGORIES

**Category No. 1:**

All documents and things relating to any of the patents-in-suit, any related application to any of the patents-in-suit, the subject matter disclosed and/or claimed in the patents-in-suit, or the prosecution of the patent applications that led to the issuance of the patents-in-suit.

**Category No. 2:**

All documents and things relating to any actions or proceedings, whether judicial or administrative, in which the ownership, validity, enforcement, or infringement of any of the claims of any of the patents-in-suit (or any related application to any of the patents-in-suit), or the patentability of the alleged inventions claimed therein, have been challenged, questioned, or otherwise placed in issue (whether by way of affirmative claim, counterclaim, affirmative defense or otherwise), including, but not limited to the litigation in the United States District Court for the Western District of Washington entitled *ZymoGenetics, Inc v Immunex Corporation*, 2:02-cv-00561.

4

**Category No. 3:**

All documents and things relating to the conception, reduction to practice, research, development, design, testing, analyses and/or evaluation of the subject matter disclosed and/or claimed in any of the patents-in-suit, including, but not limited to, laboratory notebooks, inventor notebooks, workbooks, inventor electronic records, invention records, calendars, datebooks, testing protocols, memoranda, notes, plans, meeting minutes, data books, data sheets, technical bulletins, articles, reports, instruction manuals, booklets, invention disclosures and any revisions thereof.

**Category No. 4:**

All prior art of which you are aware concerning

(a)    the subject matter of any of the patents-in-suit, including, without limitation, all prior art concerning the subject matter of any of the patents-in-suit called to your or ZymoGenetics attention by third parties;

(b)    the subject matter of any related application to any of the patents-in-suit, including, without limitation, all prior art cited in the prosecution of foreign counterparts to any of the patents-in-suit.

**Category No. 5:**

All documents and things relating to any prior art searches and/or relating to any patents, patent applications, publications, publicly available material, or other documents, things or events that you or ZymoGenetics has considered at any time to be prior art to any of the patents-in-suit and/or that you or ZymoGenetics has considered at any time to be prior art to any

5

related application to any of the patents-in-suit, including, but not limited to, all translations of any non-English language prior art.

**Category No. 6:**

All documents and things that you or ZymoGenetics has written, published or made available to the public (including, but not limited to documents and things presented at scientific meetings or presentations) that relate to the subject matter disclosed and/or claimed in any of the patents-in-suit including, but not limited to, all drafts, manuscripts, correspondence, and underlying data or reports.

**Category No. 7:**

All documents and things relating to the first disclosure of the subject matter recited in the claims of the patents-in-suit.

**Category No. 8:**

All documents and things relating to Orencia®, abatacept, or CTLA4-Ig.

**Category No. 9:**

All documents and things relating to any testing or evaluation of any product to determine infringement, noninfringement or validity (e.g., testing to determine inherent anticipation of prior art products) of any of the patents-in-suit including, but not limited to any testing or evaluation of Orencia®, abatacept, or CTLA4-Ig (not limited to the CTLA4-Ig manufactured by Bristol).

**Category No. 10:**

All documents and things relating to communications between you and ZymoGenetics concerning any of the patents-in-suit or relating to any communication to or from you or ZymoGenetics or disclosures between you or ZymoGenetics and any other person(s)

6

relating to the subject matter disclosed and/or claimed in the patents-in-suit, including without limitation meetings, demonstrations, sales, marketing efforts, offers for sales, promotions, advertising, and/or trade shows.

**Category No. 11:**

All documents and things related to any products developed by you or ZymoGenetics that are related to the subject matter disclosed and/or claimed in any of the patents-in-suit.

**Category No. 12:**

All documents and things relating to the conception, design, engineering, development, testing, manufacture, production, marketing, regulatory approval, or sale of any product that is related to the subject matter disclosed and/or claimed in any of the patents-in-suit.

**Category No. 13:**

All documents relating to the determination of inventorship of the patents-in-suit.