

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

October 3, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE  19801

        Re:    ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., et al.,
                D. Del., C.A. No. 06-500-***

Dear Magistrate Judge Thynge:

        We write in response to Defendant Bristol-Myers Squibb Co.'s ("Bristol-Myers") letter of October 2, 2007, regarding its failure to produce its opinions of counsel.  First and foremost, ZymoGenetics does not view this issue to be a discovery dispute as Bristol-Myers has so characterized it – Bristol-Myers simply chose not to produce its opinions of counsel (to the extent it has any) during the prescribed discovery period, and has therefore waived the opinion of counsel defense.  Bristol-Myers' refusal to disclose whether it will rely on opinions of counsel as a defense to the "willfulness" element of ZymoGenetics' patent infringement claim is nothing more than an attempt by Bristol-Myers to obtain a modified discovery order after the close of discovery.  ZymoGenetics has requested information regarding Bristol-Myers' reliance on opinions of counsel since the inception of this case.  Not only has Bristol-Myers refused to disclose its intentions regarding use of opinions of counsel in this matter, Bristol-Myers has further refused to disclose whether it sought and obtained such an opinion of counsel regarding ZymoGenetics' patents.  In its October 2, 2007 letter, Bristol-Myers stated that it will not disclose this highly relevant piece of information to ZymoGenetics until more than six months after the cut-off date for discovery in this case and less than three months before the anticipated trial date.

        The only case that Bristol-Myers cites in support for its position on this matter is the recent *en banc* Federal Circuit decision, *In re: Seagate Technology, LLC*, Misc. Docket No. 830, August 20, 2007.  Bristol-Myers' reliance on *Seagate* is misguided because *Seagate* does not address the issue of when a patent defendant must disclose its reliance on opinions of counsel, but rather it addresses the scope of attorney-client and work product waiver subsequent to such a reliance.  The accused infringer in *Seagate* disclosed its intent to rely on opinions of counsel in early 2003.  *Id.* Slip Op. at 3.  The Federal Circuit's decision is directed to the trial

The Honorable Mary Pat Thynge
October 3, 2007
Page 2

court's May 28, 2004 decision that the accused infringer's reliance on opinions of counsel waived "the attorney-client privilege for all communications between it and any counsel, including its trial attorneys and in house counsel...." *Id.* The Federal Circuit reviewed the trial court's decision *en banc* to "revisit our willfulness doctrine *and to address whether waiver resulting from advice of counsel and work product defenses extend to trial counsel.*" *Id.* at 10 (emphasis added). *Seagate* is therefore not relevant to the present dispute for the simple reason that it does not address the question of when an accused infringer is required to disclose the intention to rely on opinions of counsel in defense to a claim of willful infringement.

Furthermore, Bristol-Myers confuses a plaintiff's burden of proof for willful infringement at trial, a topic that is discussed in *Seagate*, with its discovery obligation under Federal Rule of Civil Procedure 26(b). Bristol-Myers's letter to this Court contains an extensive discussion of the two step analysis for willful infringement laid out in *Seagate*. *See id.* at 12. However, this test is totally irrelevant to Bristol-Myers's ongoing production obligations prior to the close of discovery.

Although the *Seagate* opinion itself is not relevant to parties' dispute, the timing of discovery in the case that gave rise to the *Seagate* opinion is highly relevant to Bristol-Myers' refusal to disclose whether it will rely on opinions of counsel. *See Convolve, Inc., et al v. Compaq Computer Corp., et al*, S.D.N.Y., Case No. 1:00-CV-05141. As stated above, the accused infringer in *Seagate* notified the patentee of its intention to rely on opinions of counsel in early 2003. *Seagate* Slip Op. at 3. The trial court issued its claim construction order in the case on August 9, 2005, well after the accused infringer notified the plaintiff of its reliance on opinions of counsel. *See Convolve* at Docket No. 397. Simply stated, there is no basis for Bristol-Myers to argue that it should not be required to disclose reliance on opinions of counsel until *after* this Court issues a claim construction order when the case it cites in support of this proposition involved an accused infringer disclosing reliance on opinions of counsel more than *two years before* the issuance of a claim construction order.

Moreover, how a court in 2008 interprets the claims at issue in this case has absolutely no impact on whether Bristol-Myers had a good faith belief of non-infringement of ZymoGenetics' patents years earlier. This issue is not unique to this case, as the opinion of counsel defense is raised in virtually every patent infringement suit involving claims of willful infringement. Accordingly, there is no reason why Bristol-Myers is entitled to a special scheduling order that will serve only to prejudice ZymoGenetics by forcing it conduct fact discovery months *after* the close of discovery.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/822723
cc: Frederick L. Cottrell, III, Esq. – by hand delivery and E-mail
     Christopher P. Borello, Esq. – by E-mail