

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

October 17, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court
844 N. King Street
Wilmington, DE  19801

> Re:    ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., et al.,
>        D. Del., C.A. No. 06-500-***

Dear Magistrate Judge Thynge:

ZymoGenetics, Inc. has made every attempt to respond to Bristol-Myers' Interrogatory
No. 4(a) in an acceptable manner.  However, as has recently become clear, unless Bristol-Myers
receives a response that represents Bristol-Myers' interpretation of the facts and law surrounding
the reduction to practice issue, Bristol-Myers will not be satisfied.  Clearly, additional deposition
testimony obtained from ZymoGenetics will not change the fundamental dispute truly at issue:
Bristol-Myers and ZymoGenetics disagree as to questions of fact and questions of law
surrounding ZymoGenetics' contentions regarding its reduction to practice of the patents-in-suit.

The portion of Interrogatory No. 4 that is in issue between the parties states as follows:
"State the date when and location where the subject matter was . . . (iv) first reduced to practice. .
. and identify all supporting documents."[1]  In its Fifth Supplemental Interrogatory Responses
served October 16, 2007, ZymoGenetics stated that reduction to practice occurred on August 16,
1988.  This response is a statement of fact in response to an interrogatory not only seeking

---

[1]  In its December 18, 2006 response to Interrogatory No. 4, ZymoGenetics objected to the
interrogatory as overly broad and unduly burdensome to the extent that it sought to require
ZymoGenetics to identify "all" documents that supported ZymoGenetics' response to the
Interrogatory.  Further, ZymoGenetics' response pursuant to Fed. R. Civ. P 33(d) was intended
merely to identify documents from which Bristol-Myers could derive or ascertain
ZymoGenetics' response to the interrogatory and was by no means represented to be a full and
complete listing of the documents supporting ZymoGenetics' factual representation made in
response to Interrogatory No. 4.

The Honorable Mary Pat Thynge
October 17, 2007
Page 2

factual information but also requiring a legal interpretation of what exactly constitutes and evidences reduction to practice in the present case. To the extent that Bristol-Myers does not agree that the August 16, 1988 events rose to the level of actual reduction to practice as defined by the relevant legal standard, that disagreement involves questions of law and fact to be resolved at trial; not issues to be resolved as part of a discovery dispute and certainly not issues that will be resolved through further fact discovery.

ZymoGenetics has provided a very specific response to Interrogatory 4(a) and Bristol-Myers' current attack of that response is either a thinly-veiled attempt to obtain deposition testimony after the close of discovery because Bristol-Myers neglected to obtain deposition testimony on this issue from the relevant witness during the course of fact discovery or an attempt by Bristol-Myers to have this Court offer an opinion as to whether or not the events that occurred on August 16, 1988 rose to the level of reduction to practice as a matter of fact and as a matter of law. Either way, Bristol-Myers' actions in bringing this issue before the Court are improper and unwarranted and their request for relief should be denied.

On July 24, 2007, before Bristol-Myers had taken a single deposition in the pending case, ZymoGenetics, in its First Supplemental Interrogatory Responses, identified nineteen (19) laboratory notebook pages pursuant to Fed. R. Civ. P. 33(d) from which ZymoGenetics' answer to Interrogatory No. 4(a) could be derived or ascertained. Included in this list was the laboratory notebook page dated August 16, 1988 and bearing Bates. No. ZG 040502 from the laboratory notebook of Lillian Anne Bell ("Bell Notebook Page").

Following ZymoGenetics' July 24, 2007 identification of the Bell Notebook Page, Bristol-Myers asked specific questions directed toward the Bell Notebook Page during the deposition of Andrzej Sledziewski on August 21, 2007, a deposition that also served as the ZymoGenetics' 30(b)(6) deposition regarding reduction to practice. Additionally, this page was identified prior to the August 24, 2007 deposition of the document's author, Lillian Anne Bell. Inexplicably, Bristol-Myers failed to question Ms. Bell regarding the document during the deposition. In fact, Bristol-Myers failed to introduce the relevant laboratory notebook of Ms. Bell even after specifically requesting and receiving from ZymoGenetics the exact Bates Nos. for Ms. Bell's notebooks prior to the deposition.

Following ZymoGenetics' July 24, 2007 identification of the laboratory notebook pages and the majority of Bristol-Myers' depositions of the ZymoGenetics' witnesses in this matter, Bristol-Myers asserted that the ZymoGenetics' response to Interrogatory No. 4 was inadequate because it did not purport to list "all" documents supporting its reduction to practice contention and for the first time asserted that ZymoGenetics would be precluded from relying on any documents not previously identified as part of its 33(d) response to Interrogatory No. 4(a) on July 24, 2007. As ZymoGenetics has repeatedly informed Bristol-Myers, the July 24, 2007 identification of documents pursuant to 33(d) merely identified documents from which ZymoGenetics' response could be ascertained and was not to be construed as an effort by ZymoGenetics to identify every document within the parties' millions of pages of production that ZymoGenetics believes may support its reduction to practice contention. ZymoGenetics

The Honorable Mary Pat Thynge
October 17, 2007
Page 3

again stated that it believed that such an obligation would result in an undue burden to
ZymoGenetics and unreasonably preclude ZymoGenetics from relying on documents produced
during the course of the litigation.

However, in an effort to resolve the dispute and so as not to be precluded from relying on
documents other than those identified in its 33(d) response, ZymoGenetics identified additional
documents supporting its reduction to practice contention. Subsequently, in writing and during
the October 4, 2007 telephone conference with the Court, Bristol-Myers argued that
ZymoGenetics had over-identified documents and that it should be permitted to reopen fact
discovery so that it can obtain additional deposition testimony from ZymoGenetics' witnesses
regarding the documents. Therefore, as required by the Court, ZymoGenetics narrowed its list of
documents in its Fourth Supplemental Interrogatory Response. Unfortunately, Bristol-Myers
was not satisfied with ZymoGenetics' identification and demanded that ZymoGenetics either
state a date specific for reduction to practice and identify supporting documents, withdraw the
identification of documents made following the deposition of ZymoGenetics' witnesses or
permit additional depositions.

In a final attempt to reach a compromise, ZymoGenetics served its Fifth Supplemental
Response to Interrogatory No. 4(a) specifically stating as follows: "The subject matter of the
patents-in-suit was first reduced to practice on or around August 16, 1988. The previously
identified laboratory notebook notation of Lillian Anne Bell bearing that date (ZG 040502)
supports ZymoGenetics' contention."

Unfortunately, Bristol-Myers still was not satisfied with ZymoGenetics' response despite
the fact that the document identified had been known to Bristol-Myers during the depositions of
the ZymoGenetics' witnesses. In an October 16, 2007 email from counsel for Bristol-Myers to
counsel for ZymoGenetics, Bristol-Myers made clear to ZymoGenetics that no manner of
response will satisfy Bristol-Myers. On one hand, Bristol-Myers has demanded a date specific
for reduction to practice. On the other hand, Bristol-Myers' email asserts that "experiments are
repeated numerous times, because once is not enough" implying that reduction to practice can
only occur over a number of days and demanding the identification of laboratory notebook pages
that necessarily cover numerous dates. Clearly, ZymoGenetics cannot respond in a manner that
will satisfy Bristol-Myers because there is a question of fact as to what exactly constituted
reduction to practice of the patents-in-suit. As is clearly evident, Bristol-Myers is not troubled
by the adequacy of ZymoGenetics' response but rather the substance of ZymoGenetics'
response.

ZymoGenetics believes that its response to Interrogatory No. 4 is sufficient and that
Bristol-Myers has had ample opportunity to question ZymoGenetics' witnesses regarding the
document it identified in support of the asserted date for first reduction to practice. Therefore,
any attempt by Bristol-Myers to obtain additional deposition testimony regarding this issue is
merely an attempt to obtain additional discovery in a manner contrary to the discovery rules and
the scheduling order now in place in this matter or an attempt to have the Court pass judgment

The Honorable Mary Pat Thynge
October 17, 2007
Page 4


regarding disputed questions of law and fact surrounding actual reduction to practice in this matter.

Should Your Honor have any questions, counsel is available at the Court's convenience.

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner
provner@potteranderson.com


PAR/mes/826184
cc:  Frederick L. Cottrell, III, Esq. – by hand delivery and E-mail
      Christopher P. Borello, Esq. – by E-mail