RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

October 16, 2007

**REDACTED - PUBLIC VERSION**

**VIA E-FILING AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States Magistrate Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re: <u>ZymoGenetics, Inc. v. Bristol-Myers Squibb Co.</u>
      <u>Civil Action No. 06-500-***</u>

Dear Judge Thynge:

  Defendant Bristol-Myers Squibb Company ("Bristol") respectfully submits this letter to resolve a discovery dispute. Bristol has asked for ZymoGenetics to produce its 30(b)(6) witness for second deposition limited in scope -- to seek testimony concerning ZymoGenetics' late identification of laboratory notebooks allegedly relevant to the reduction to practice of subject matter claimed in ZymoGenetics' patents. Bristol respectfully requests the Court to order ZymoGenetics to produce a witness and, as the deposition will affect Bristol's expert reports, Bristol also respectfully requests that the Court modify the schedule as discussed below.

  Bristol's fourth interrogatory, propounded about a year ago, requested in relevant part: the date and location of the first reduction to practice; the identification of the supporting documents for any alleged reduction to practice; identification of each person who contributed to the reduction to practice; a description of the contribution of those who contributed to the reduction to practice (Exh. 1).

  In ZymoGenetics' first response on December 18, 2006, it relied on Rule 33(d) without the identification of specific documents, and stated that the conception and reduction to practice   Redacted        (Exh. 2). In ZymoGenetics' first supplemental response on July 24, 2007, it identified 19 discrete individual laboratory notebook pages and a range of approximately 85 laboratory notebook pages [1] (Exh. 3). In reliance on this response,

---

[1] These documents were identified in response to all of the subparts of Bristol's interrogatory.

The Honorable Mary Pat Thynge
October 16, 2007
Page 2

which narrowed the universe of documents Bristol expected ZymoGenetics to rely on for reduction to practice, Bristol proceeded to take fact and 30(b)(6) depositions.[2]

After the 30(b)(6) deposition and most of the individual laboratory notebook author's depositions, on September 25, 2007, ZymoGenetics supplemented the subpart of the interrogatory that requested the identification of each person who contributed to the reduction to practice and a description of his or her contribution to the reduction to practice with more than 5,000 pages of laboratory notebooks.[3] (Exh. 4). In a letter sent to ZymoGenetics on September 28, Bristol asked for ZymoGenetics to confirm that the pages were identified solely for the purpose of identifying who was involved and the nature of their involvement -- not in support of the first reduction to practice, a subpart of the interrogatory not supplemented with the documents.[4] (Exh. 5) As the deadline for fact discovery was nearing, Bristol requested ZymoGenetics respond by the end of the day. Not having heard back from ZymoGenetics for several days, Bristol called to follow up. During that telephone call, ZymoGenetics stated that they did not intend to respond to Bristol's September 28, 2007 letter. As a result, this issue was raised and addressed with the Court during the October 4, 2007 teleconference (D.I. # 109 at 27-44), during which ZymoGenetics agreed to narrow the ranges of the documents identified[5]

In response to the teleconference with the Court, ZymoGenetics served a fourth supplemental response (Exh. 6). This response no longer limited the documents identified to the subpart of the interrogatory related to the individuals involved and their contribution as the third supplemental response did -- it now stated that the documents identified were in response to all subparts of the interrogatory. This narrowed the scope of documents from more than 5,000 pages to approximately 1,200 pages, but also confirmed that ZymoGenetics intended to rely on these documents as evidence of reduction to practice. As the scope of these documents was relevant to ZymoGenetics' alleged first reduction to practice and many of the documents were not addressed in earlier depositions, Bristol requested ZymoGenetics produce a 30(b)(6) witness for the limited purpose of investigating these documents. ZymoGenetics refused to do so, and

---

[2] Bristol believes that it confirmed during these depositions that the documents identified in ZymoGenetics' first supplemental response did not evidence a reduction of the subject matter to practice.

Redacted

[5] During the teleconference with the Court, ZymoGenetics stated that it would narrow the range of documents if not by the close of Friday, October 5, then first thing Monday, October 8, as there was an outstanding deposition scheduled for Thursday, October 11. Not having heard from ZymoGenetics by Wednesday, October 10, Bristol followed up, and ZymoGenetics agreed to provide a supplemental response.

RLF1-3213440-1

The Honorable Mary Pat Thynge
October 16, 2007
Page 3

asked for specific laboratory notebook ranges that we would want to depose this 30(b)(6) witness on. In an e-mail dated October 15, Bristol limited the scope of the laboratory notebook pages to those which were not identified by the time that the 30(b)(6) deposition occurred, and also eliminated many pages that were addressed with other witnesses, resulting in less than 800 pages of laboratory notebook pages. (Exh. 7). Bristol did not receive a response to this narrowed request.

Several hours ago, ZymoGenetics served yet a fifth supplemental response. (Exh. 8). In this response, ZymoGenetics identified an actual date that the subject matter was allegedly reduced to practice, and a single page that allegedly supports this date. ZymoGenetics followed up with an e-mail stating that it was their position that the need for the teleconference scheduled for Thursday was no longer necessary based on their fifth supplemental response. However, as ZymoGenetics' reduction to practice date has been a moving target, Bristol would like to investigate the laboratory notebook pages that Bristol identified in its October 15 e-mail.

Unfortunately, Bristol's expert reports on invalidity are due this Friday. ZymoGenetics' conduct has prejudiced Bristol in that Bristol expects its experts to review the laboratory notebook pages, and to opine on any alleged reduction to practice and related testimony concerning the laboratory notebooks. To the extent that the Court permits the deposition of ZymoGenetics' 30(b)(6) witness to go forward, it is either necessary for the schedule to be modified, or for Bristol's experts to be permitted to opine on these issues after the discovery has been taken.

For the foregoing reasons, Bristol respectfully requests that the Court order ZymoGenetics to produce its 30(b)(6) witness for the scope identified in Bristol's October 15, 2007 e-mail, and that the schedule be modified so that the disclosure of Bristol's invalidity expert reports are postponed until one week following the deposition.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

FLCIII/th
Encl.
cc:  Clerk of the Court (via e-filing)
     Philip A. Rovner, Esq. (via e-filing and hand delivery)

RLF1-3213440-1

# EXHIBITS 1-8
# REDACTED