

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

October 29, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
Magistrate Judge
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   ZymoGenetics, Inc. v. Bristol-Myers Squibb Co., et al.,
            D. Del., C.A. No. 06-500-***

Dear Magistrate Judge Thynge:

      This letter memorandum is ZymoGenetics, Inc.'s ("ZymoGenetics") response to Defendant Bristol-Myer Squibb Company's ("Defendant") request for bifurcation. As this Court recently stated, the question of bifurcation in this matter is "highly discretionary". Transcript of Telephone Conference (Oct. 18, 2007) at 35; *see also Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 498 F. Supp. 2d 734, 735-36 (D. Del. 2007). The question of "[b]ifurcation in patent cases, as in others, is the exception, not the rule." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 /(N.D. Ill. 2000); *see also Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 375 (N.D. Ill. 1991) ("[A] court should not routinely order separate trials. While it may be appropriate to hold separate trials in certain cases, 'separation of issues is not the usual

course that should be followed.'") (citation omitted). Therefore, ZymoGenetics hereby requests that this Court exercise its discretion and deny Defendant's request for bifurcation.

### I. QUESTIONS OF LIABILITY AND QUESTIONS OF WILLFULNESS ARE INEXTRICABLY INTERTWINED IN THE PRESENT MATTER AND THEREFORE BIFURCATION IS NOT WARRANTED.

In this case, the factual circumstances relating to the questions of infringement and validity and those relating to the question of willfulness are integrally related. As such, bifurcation of the present matter will violate ZymoGenetics' Seventh Amendment right to a trial by jury because the issues heard by the second jury are not distinct and independent from those issues heard by the first jury. *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, No. 01-7158, 2004 WL 96751 at *1 (E.D. Pa. Jan. 15, 2004) (citing *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)). Contrary to Defendant's contention, the Federal Circuit's decision in *Seagate* did not change the law regarding willfulness requiring bifurcation and does not support Defendant's argument in favor of bifurcation. *In re Seagate Technology*, 497 F.3d 1360, 1369 (Fed. Cir. 2007).

### a. In The Present Matter, The Factual Circumstances Surrounding Questions Of Liability Cannot Be Separated From The Factual Circumstances Surrounding Questions of Willfulness.

The Federal Circuit confirmed in *In re Seagate Technology*, 497 F.3d at 1369, that willfulness is to be determined by examining the "totality of the circumstances" presented in the matter. Such an examination of the factual circumstances presented in the matter is necessary because a "willfulness determination, that is, the defendant's state of mind when it infringed the patent, is a finding of fact ***inextricably*** bound to the facts underlying the alleged infringement." *THK Am., Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625, 629-30 (N.D. Ill. 1993); *see also Keyes Fibre Co.*, 763 F. Supp at 375 ("The evidence relating to [defendant's] state of mind when it committed the infringement . . . ***cannot be neatly separated*** from the underlying liability issue of whether the patent was infringed upon in the first place.") (emphasis added). For this reason, many courts

The Honorable Mary Pat Thynge
October 29, 2007
Page 3

presented with a request for bifurcation have chosen to hold a single proceeding in which questions of liability and willfulness are determined together rather than bifurcate the questions into two separate proceedings. *Kos Pharm., Inc. v. Barr Labs.*, 218 F.R.D. 387, 392 (S.D.N.Y. 2003).

Whether or not Defendant willfully infringed the patents-in-suit is a question intricately related to the factual circumstances supporting ZymoGenetics' assertion of infringement. If bifurcation is permitted, ZymoGenetics will be forced to present the same facts, witness testimony, and documentary evidence to two different juries in two separate proceedings to show both juries that Defendant made, used, offered for sale, and/or sold the infringing product in a manner that was "objectively reckless" and that Defendant should have known it was such. *Seagate*, 497 F.3d at 1371. Clearly, evidence proving both infringement and willfulness in this matter overlaps and therefore "cannot be neatly separated." *Keyes*, 763 F. Supp. at 375. Therefore, bifurcation of these issues, which are "not so distinct and independent," is not warranted and would violate ZymoGenetics' Seventh Amendment rights. *Sprinturf*, 2004 WL 96751 at *1.

### b. The Federal Circuit's *Seagate* Opinion Does Not Require a Separate Trial For Questions of Willfulness.

Defendant misinterprets the Federal Circuit's holding in *Seagate*. The Federal Circuit did not change the requirement that willfulness be determined upon an examination of the "totality of the circumstances" presented in a matter. As such, the question of willfulness continues to necessarily encompass all of the facts and evidence relating to infringement itself. *Seagate*, in fact, affirmed this "totality of the circumstances" approach to willfulness questions. *See Seagate*, 497 F.3d at 1369.

The Honorable Mary Pat Thynge
October 29, 2007
Page 4

     Defendant's interpretation of the *Seagate* decision would require bifurcation in every patent case in which willfulness is at issue. As Defendant refuses to acknowledge, *Seagate* merely changed the burden of proof for willful infringement from requiring a showing of a violation of a duty of care to requiring a showing that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."[1] Contrary to Defendant's arguments, *Seagate* continues to require ZymoGenetics to rely on the factual record regarding infringement to prove "that this objectively-defined risk (***determined by the record developed in the infringement proceeding***) was either known or so obvious that it should have been known to" Defendant. *Id.* at 1371 (emphasis added).

     The Federal Circuit in *Seagate* was silent on the matter of when and how willfulness questions are to be proven by a plaintiff. Indeed, the Federal Circuit "left it to future cases to further develop the application of this standard." *Id.* However, the language in the *Seagate* opinion does not suggest that a bifurcated trial is necessary in order to address willfulness questions. Rather, it appears that the Federal Circuit encouraged just the opposite approach by stating that the "objectively-defined risk" of the willful infringement inquiry is "determined by the record developed in the infringement proceeding." *Id.* The Federal Circuit therefore confirmed that the issues of infringement and willfulness are inextricably intertwined and should

---

[1] Defendant makes the argument that a finding of willful infringement is remote in light of Defendant's allegation regarding the validity of the patents-in-suit and the fact that the patents-in-suit have been subject to reexamination. The reexamination of the patents-in-suit was initiated by ZymoGenetics itself, not by any other party, and does not constitute an admission of questions of patentability, but rather was undertaken by ZymoGenetics in order to confirm the validity and strength of the patents over the prior art. In fact, the U.S. Patent and Trademark Office reexamined both patents and found the patents to be valid in consideration of the prior art.

be tried in a single proceeding. As such, this Court should not bifurcate the trial in the present matter.

## II. BIFURCATION WOULD UNDULY DELAY RESOLUTION OF THIS MATTER AND UNFAIRLY PREJUDICE ZYMOGENETICS.

In deciding whether to grant bifurcation, this Court should consider the undue prejudice to be suffered by ZymoGenetics in the event of bifurcation. *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 849 (D. Del. 1991). The court should deny bifurcation because the resulting prejudice to ZymoGenetics caused by a delayed resolution of this matter due to bifurcation will be great and is not warranted. The trial in this matter is presently set approximately two years from the date ZymoGenetics filed the present action and may be further delayed due to the unique fact there is not currently an Article III judge assigned to the matter. If the case is bifurcated, the two separate trials required by bifurcation will likely not be complete until well into the third year of this case. The ZymoGenetics patents-in-suit expire in approximately two years. ZymoGenetics will be prejudiced by the further delay in resolution that will result from bifurcation because Defendant will be able to avoid paying future damages to ZymoGenetics. In order to avoid such a prejudicial delay, this Court should conduct a single trial on liability and willfulness.

## III. BIFURCATION IS NOT IN THE INTEREST OF JUDICIAL ECONOMY, WILL UNNECESSARILY INCONVENIENCE WITNESSES AND WILL CAUSE THE PARTIES TO EXPEND SUBSTANTIAL ADDITIONAL RESOURCES.

A single trial would best serve the interest of efficiency and judicial economy, as it "generally tends to lessen the delay, expense, and inconvenience to all concerned." *THK*, 151 F.R.D. at 631. A bifurcated trial requiring two separate proceedings, on the other hand, will

result in a "wasteful repetition of evidence and potential confusion arising from the fact that some evidence will be relevant for multiple issues." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. IP96-1718-C-H/G, 2001 WL 699856, at *2 (S.D. Ind. May 31, 2001).

As explained above, the same facts and evidence will be presented to prove infringement as well as willfulness. Thus, to prevent the duplicative presentation of facts, evidence, and witnesses, a single jury should hear arguments on all issues. If this matter is bifurcated, there would be a "stop-and-start" of trial and discovery that would inconvenience all involved in the matter, including the jurors and witnesses. *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 36 (D. Del. 1995).

At this point in time, the majority of discovery in this case has already occurred, including discovery relating to the question of willfulness. The only portion of discovery relating to the question of willfulness that has not been completed relates to Defendant's reliance on opinion of counsel. Postponing this small amount of discovery will not result in the preservation of any measurable level of the parties' resources. On the other hand, substantial resources (judicial, witnesses and the parties) will be unnecessarily expended should this Court order two trials in the present matter. Furthermore, allowing discovery at this time on willfulness and related damages opens up the possibility for such issues may be settled prior to trial.

Bifurcation certainly will not provide an efficient resolution of this matter. The inclusion of matters relating to willfulness and enhanced damages in a single trial is expected to take no more than a single trial day. However, if the matter is bifurcated, following a trial on liability, the court will need to suspend the trial, establish a new schedule under Rule 16 for completion of discovery on willfulness, hold a second pretrial conference, enter a second pretrial order, and call

The Honorable Mary Pat Thynge
October 29, 2007
Page 7

a second set of jurors or recall the original jurors, all to hold a trial on willfulness. *Id.* At this latter trial, in addition to evidence relating to willfulness, evidence that pertains to the technology and infringement will be presented, even though such evidence will be largely duplicative of the evidence presented in the initial trial because ZymoGenetics must lay an appropriate foundation for the new jury. As such, a second trial to decide the willfulness question will likely last several days because of the need to present such additional evidence as is required to fully inform the new jury of all facts necessary for them to make an informed decision. Even if the same jury is used at the second trial, there is no guarantee that all of the jurors will be available for the second trial, whether or not the second trial will be scheduled in a timely manner allowing the jurors to remember the details from the first trial, and whether or not the judge will be available for a second trial in a reasonable time frame. Such a needlessly duplicative and wasteful trial could and should be avoided entirely by requiring that the present matter be resolved in a single trial.

### IV.   A SINGLE TRIAL WILL NOT PREJUDICE DEFENDANT.

Defendant alleges that being "forced" to produce opinion letters and attorney-client privileged communications at any time before a jury finding of infringement will result in prejudice. However, Defendant fails to demonstrate how such a disclosure will result in prejudice. Although Defendant implies that it will suffer prejudice as a result, such disclosure by defendants in patent infringement matters is the bargained-for consequence faced universally by accused infringers who chose to assert the defense of reliance on the opinion of counsel. Such questions do not present the type of unique circumstances to justify the expense and burden of bifurcation or the prejudice to ZymoGenetics that will result from bifurcation.

### V. BIFURCATION WILL RESULT IN JUROR CONFUSION.

The protein science covered by the two patents in this case will be complex to the average juror and bifurcation will not improve the jury's comprehension of this technology. Further, in the event of a second jury on willfulness, bifurcation will result in the parties being forced to educate a second set of jurors regarding the technology because questions of willfulness necessarily require a juror to understand the Defendant's level of knowledge and awareness of the technology. If bifurcation is granted, the parties will be required to present arguments on the most complicated factual matters of the case (an explanation of the technology itself) to two separate juries resulting in greater confusion of the issues and evidence, particularly if each jury comes to understand two different interpretations of the technology. *See Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1435 (D. Del. 1989) (denying bifurcation when complicated factual matters would have to be raised in each portion of trial).

Juror confusion is unlikely to occur in a single trial. Jurors will be able to separate the issue of liability and willfulness using their common sense. *See Kos Pharmaceuticals*, 218 F.R.D. at 395 ("Our judicial system would collapse if adjudication in a unitary trial of the issues of liability and the state of mind associated with the underlying conduct were deemed inherently confusing to the jury and prejudicial to any party, thus constituting sufficient justification to bifurcate every trial into these respective components."). Further, any potential confusion to the jurors can be eliminated by the use of limiting instructions and special verdict forms.

Questions of damages related to willful infringement in the case are not "particularly difficult or complex" so as to warrant bifurcation. *Johns Hopkins*, 160 F.R.D. at 35. Bifurcation should only be considered when "discovery on damages will be complicated, expensive or time

consuming, [or] it will take a particularly long time to present the evidence on damages to the jury." *Id.*; *cf. Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982-83 (D. Del. 1982) (granting bifurcation where resolution of the damages issue required review of millions of documents and extensive time during discovery and trial). Moreover, the issue of enhanced damages relating to willful infringement is a matter for the Court to decide, not the jury. 35 U.S.C. § 284. Therefore, juror confusion over the issue of enhanced damages is not a concern, and questions relating to enhanced damages should be resolved in a single trial.

## CONCLUSION

Based on the foregoing reasons, ZymoGenetics respectfully requests the Court to deny Defendant's request for bifurcation and a stay of discovery related to willfulness and enhanced damages.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/828294
cc: Frederick L. Cottrell, III, Esq. – by hand delivery and E-mail
    Christopher P. Borello, Esq. – by E-mail