Case 1:06-cv-00500-***-MPT    Document 137-2    Filed 12/10/2007    Page 1 of 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-500-***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATED AMENDED SCHEDULING ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties hereto, by and through their undersigned counsel and subject to approval of the Court, that the November 3, 2006 Scheduling Order, the May 23, 2007 Stipulated Amended Scheduling Order, the August 6, 2007 Stipulated Amended Scheduling Order and the September 21, 2007 Stipulated Amended Scheduling Order in this matter be and hereby are amended as follows:

3.    Discovery.

c.    Discovery Cut Off. Fact discovery in this case shall be initiated so that it will be completed on or before October 12, 2007 for the remaining depositions and outstanding discovery requests of the parties. Expert discovery shall be initiated so that it will be completed by February 14, 2008.

d.    Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall exchange their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on December 3, 2007 and exchange a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on January 11, 2008. To

1

the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v Merrell Dow Pharm, Inc*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 16, 2008, with the answering brief and supporting affidavits due June 23, 2008, and the reply brief and supporting affidavits due July 7, 2008.

11.    Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 18, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should indicate each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction. Issues of claim construction in the form of the parties' Joint Claim Construction Chart and supporting documents set forth in paragraph 11 shall be submitted to the Court no later than February 15, 2008. The parties shall serve and file opening claim construction briefs on May 16, 2008 and rebuttal briefs on June 23, 2008, all of which will be considered by the Court in conjunction with the parties' summary judgment motions.

2

RLF1-3232287-1

Case 1:06-cv-00500-***-MPT    Document 137-2    Filed 12/10/2007    Page 3 of 4

* 13.    <u>Hearing on Claim Construction</u>.  Beginning at 9:00 a.m. on July 21, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

15.    <u>Pretrial Conference</u>.  The Court will hold a Final Pretrial Conference in Chambers with counsel at a date to be determined.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order at a date to be determined.

3

In all other respects, the November 3, 2006 Scheduling Order as amended on May 23, 2007 and

August 6, 2007 and September 21, 2007 shall remain in full force and effect. All paragraphs

with an asterisk (*) are tentative and subject to change.

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
provner@potteranderson.com
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

Attorneys for Plaintiff ZymoGenetics, Inc.

Dated: December 10, 2007


Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendant Bristol-Myers
Squibb Co.

Dated: December 10, 2007


SO ORDERED this _13_ day of December, 2007.


UNITED STATES MAGISTRATE JUDGE