IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-500-SLR<br>)<br>) **PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZYMOGENETICS INC.'S MOTION FOR SUMMARY JUDGMENT OF <u>INFRINGEMENT OF THE PATENTS-IN-SUIT</u>**

OF COUNSEL:

Paul J. André
Lisa Kobialka
King & Spalding LLP
1000 Bridge Parkway
Suite 100
Redwood City, CA 94065
(650) 590-0700

Dated: May 16, 2008
Public Version: May 22, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*ZymoGenetics, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ........................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................... 2

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    I.    ZYMOGENETICS IS ENTITLED TO A JUDGMENT OF
        INFRINGEMENT AS A MATTER OF LAW .................................................. 3

        A.    Summary Judgment Standard ................................................................. 3

        B.    The Standard for Patent Infringement Analysis On Summary
            Judgment ................................................................................................ 4

    II.   BRISTOL INFRINGES THE ZYMOGENETICS PATENTS ......................... 5

        A.    Orencia® Satisfies The Claim Limitation Of A Non-
            Immunoglobulin Polypeptide Requiring Dimerization For
            Biological Activity ................................................................................. 6

            1.    Non-immunoglobulin Polypeptide ............................................. 6

            2.    Requiring Dimerization for Biological Activity ....................... 7

        B.    Orencia® Satisfies The Claim Limitation Of Claim 21 Of The
            '725 Patent Of A Ligand-Binding Domain Of A Receptor
            Requiring Dimerization For Biological Activity ................................... 8

        C.    The Non-immunoglobulin Polypeptide in Orencia® is "Joined
            to A Dimerizing Protein Heterologous To Said Non-
            Immunoglobulin Protein [Or Ligand-Binding Domain]" ..................... 9

            1.    Orencia® Contains a Dimerizing Protein ................................. 9

            2.    The Dimerizing Protein Found in Orencia® is
                   Heterologous to CTLA4 .......................................................... 11

        D.    Bristol Practices The Remaining Limitations Of The Asserted
            Independent Claims Of The ZymoGenetics Patents ........................... 11

Case 1:06-cv-00500-SLR-MPT    Document 182    Filed 05/22/2008    Page 3 of 19

|   |   |   |   |
|---|---|---|---|
|   | 1. | Bristol produces Orencia® by "introducing into a eukaryotic host cell a DNA construct comprising a transcriptional promoter operatively linked to a secretory signal sequence" followed by the DNA coding for the CTLA4 Domain | 11 |
|   | 2. | Bristol Produces Orencia® By "growing [the eukaryotic] host cell in appropriate growth medium under physiological conditions to allow the secretion of a dimerized polypeptide fusion encoded by said DNA sequence, and isolating said dimerized polypeptide fusion from said host cell" | 12 |
| E. | | Bristol Practices The Limitations Of The Asserted Dependent Claims Of The ZymoGenetics Patents | 12 |
|   | 1. | Dependent Claim 2: The dimerized fusion protein in Orencia® is a homodimer | 13 |
|   | 2. | Remaining Dependent Claims: Describe possible formatives of the dimerizing protein claimed in the independent claims | 13 |
| CONCLUSION | | | 14 |

-ii-

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................. 4

*Boyle v. County of Allegheny, Pa.*,
  139 F.3d 386 (3d Cir. 1998) .................................................................................. 3-4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................. 4

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .................................................................................................. 1

*Dolly, Inc. v. Spalding & Evenflo Cos.*,
  16 F.3d 394 (Fed. Cir. 1994) ................................................................................... 4

*Johnson Worldwide Assocs. v. Zebco Corp.*,
  175 F.3d 985 (Fed. Cir. 1999) .............................................................................. 4, 5

*Philips Electronics North America Corp. v. Contec Corp.*,
  312 F.Supp.2d 642 (D. Del. 2004) .......................................................................... 4

*Rexnord Corp. v. Laitram Corp.*,
  274 F.3d 1336 (Fed. Cir. 2001) ............................................................................... 4

**STATUTES**

Fed. R. Civ. P. 56(c) ........................................................................................................ 3
Fed. R. Civ. P. 56(e) ........................................................................................................ 4

## INTRODUCTION

## NATURE AND STAGE OF PROCEEDINGS

On August 14, 2006, ZymoGenetics, Inc. ("ZymoGenetics") filed suit against Bristol-Myers Squibb Co. ("Bristol") asserting infringement of U.S. Patent No. 5,843,725 (the "'725 Patent") and U.S. Patent No. 6,018,026 (the "'026 Patent") (collectively the "ZymoGenetics Patents"). *See* Declaration of Paul J. Andre in Support of Plaintiff ZymoGenetics, Inc.'s Motion For Summary Judgment of Infringement of the Patents-in-suit ("Andre Decl."), submitted concurrently herewith, at Exs. 1 (the '725 Patent) and 2 (the '026 Patent). The parties have completed fact discovery, and expert discovery has been nearly completed in this case.[1] Discovery has not revealed any genuine issue of material fact as to Bristol's infringement of the ZymoGenetics Patents, and therefore ZymoGenetics submits this Motion.

In accordance with the Scheduling Order entered by the Court, ZymoGenetics submits this Memorandum Of Points And Authorities In Support Of its Motion for Summary Judgment of Infringement of the Patents-in-suit seeking a determination that Bristol's fusion protein product, Orencia®, infringes the ZymoGenetics Patents. This brief is filed concurrently with ZymoGenetics' Motion for Summary Judgment of Validity of the Patents-in-suit With Respect to the Capon Patents and the Seed Patent, claim construction brief, and motion to exclude expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

---

[1] One of ZymoGenetics' experts, Dr. Rick Myers, and one of Bristol's experts, Jeffrey Ravetch, remain to be deposed. Though initially scheduled for April 24, 2008, Dr. Ravetch's deposition was postponed for reasons related to his health.

-2-

## SUMMARY OF ARGUMENT

ZymoGenetics respectfully requests the Court to grant summary judgment of Bristol's infringement of the '725 Patent and the '026 Patent. The basis for this motion, set forth in greater detail below, is summarized as follows:

1. All of the elements disclosed in the asserted claims of the '026 Patent are found in Orencia®.

2. All of the elements disclosed in the asserted claims of the '725 Patent were performed to produce Orencia®.

## STATEMENT OF FACTS

ZymoGenetics is a Seattle-based company focused on the discovery, development, manufacture, and commercialization of therapeutic proteins for the treatment of human disease. Andre Decl., Ex. 3 [ZymoGenetics website printout, *available at* http://www.zymogenetics.com/about/about.html]. ZymoGenetics is the assignee of the '725 Patent and the '026 Patent. The ZymoGenetics Patents generally relate to fusion proteins and methods for producing fusion proteins. *See* Andre Decl., Ex. 1 ['725 patent], Ex. 2 ['026 patent]. Fusion proteins are non-naturally occurring proteins synthesized from portions of two different naturally existing proteins. The ZymoGenetics Patents, for example, teach fusing a portion of Platelet Derived Growth Factor Receptor ("PDGFR") to a portion of an immunoglobulin ("Ig") to create PDGFR-Ig. *See, e.g.*, Andre Decl., Ex. 1 ['725 patent], col. 28, ll. 32-35.

Bristol is a pharmaceutical company that markets the rheumatoid arthritis drug Orencia®. Orencia® is a fusion protein that consists of a portion of Cytotoxic T-Lymphocyte Antigen-4 ("CTLA4") and a portion of an immunoglobulin heavy chain

constant region domain, creating CTLA4-Ig. More specifically, Orencia® contains the extracellular (*i.e.*, ligand binding) domain of CTLA4 linked to a portion of the heavy chain constant region domain of human immunoglobulin G1 (IgG1).[2] *See* Andre Decl., Ex. 4 [Orencia product insert] at 1. Orencia® exists in the form of two CTLA4-Ig molecules bound together as a pair (i.e., a homodimer). Id., Ex. 5 at BMS001290161. Orencia® received FDA approval as a dimer.

ZymoGenetics alleges that Bristol's CTLA4-Ig and manufacture of CTLA4-Ig (or Orencia®) infringes claims of the ZymoGenetics Patents. D.I. 1. Specifically, the claims at issue in this case are independent claims 1 and 21 and dependent claims 2, 3, 5, 6, 22, 24, 25, 50, and 51 of the '725 patent and independent claim 1 and dependent claims 2, 3, 4, 7, and 30 of the '026 patent. ZymoGenetics also contends that Bristol's infringement is willful. Id. Bristol has asserted the defense that it does not infringe the ZymoGenetics Patents and the ZymoGenetics Patents are invalid and unenforceable. D. I. 7.

## ARGUMENT

### I. ZYMOGENETICS IS ENTITLED TO A JUDGMENT OF INFRINGEMENT AS A MATTER OF LAW

#### A. Summary Judgment Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. County of Allegheny,*

---

[2] For the purposes of this motion, Orencia® is the same as Abatacept and CTLA4-Ig. To be precise, the "drug product" is Orencia® (which includes all the inactive components). The "drug substance" is CTLA4-Ig. Abatacept is the generic term for Orencia®, and also refers to CTLA4-Ig.

*Pa.*, 139 F.3d 386, 392 (3d Cir. 1998). In applying this standard, the moving party bears the burden of establishing the nonexistence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). In patent infringement suits, summary judgment that an accused product infringes a patent is appropriate "when it is apparent that only one conclusion regarding infringement could be reached by a reasonable jury." *Philips Electronics North America Corp. v. Contec Corp.*, 312 F.Supp.2d 642, 644 (D. Del. 2004).

### B.     The Standard for Patent Infringement Analysis On Summary Judgment

The patent infringement analysis is a two-step process. First, the Court determines, as a matter of law, the correct claim scope. Second, the fact-finder compares the properly construed claim to the accused device to determine, as a matter of fact, whether all of the claim limitations are present, either literally or by a substantial equivalent in the accused device. *See Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1341 (Fed. Cir. 2001); *see also Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999). To show literal infringement, the plaintiff must establish that the accused device includes each and every limitation or an equivalent of each limitation." *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994) (citations omitted). If the relevant aspects of the accused product are undisputed, "the question of literal infringement collapses to one of claim

construction, and is thus amenable to summary judgment." *Johnson Worldwide Associates, Inc. v. Zebco Corp.*, 175 F.3d 985, 988-89 (Fed. Cir. 1999) (citation omitted).

In this case, summary judgment of infringement is warranted because the material characteristics of Orencia® are undisputed, and Bristol's Orencia® product and production methods contain each element of the asserted patent claims of ZymoGenetics' Patents.

## II. BRISTOL INFRINGES THE ZYMOGENETICS PATENTS

As set forth above, Orencia® -- and the process used to produce Orencia® -- must be found to infringe the ZymoGenetics Patents if they contain (or "reads on") "each and every limitation or an equivalent of each limitation" of the asserted claims. ZymoGenetics claims that Bristol infringes claims 1-4, 7, and 30 of the '026 Patent and claims 1-3, 4, 5, 21, 22, 24, 25, 50, and 51 of the '725 Patent. Claims 1 and 21, the two asserted independent claims of the '725 Patent, describe a method for producing a fusion proteins. Claim 1 recites:

> introducing into a eukaryotic host cell a DNA construct comprising a transcriptional promoter operatively linked to a secretory signal sequence followed downstream by and in proper reading frame with a DNA sequence encoding a non-immunoglobulin polypeptide requiring dimerization for biological activity joined to a dimerizing protein heterologous to said non-immunoglobulin polypeptide; ...

Andre Decl. Ex. 1. Claim 21 recites:

> introducing into a eukaryotic host cell a DNA construct comprising a transcriptional promoter operatively linked to a secretory signal sequence followed downstream by and in proper reading frame with a DNA sequence encoding a ligand-binding domain of a receptor requiring dimerization for biological activity joined to a dimerizing protein heterologous to said ligand-binding domain...

*Id.* Similarly, the '026 Patent is a product patent covering the "dimerized polypeptide fusion" product synthesized using the method in the '725 Patent, comprising:

> first and second polypeptide chains, wherein each of said polypeptide chains comprises a non-immunoglobulin polypeptide requiring

>   dimerization for biological activity joined to a dimerizing protein heterologous to said non-immunoglobulin polypeptide.

*See* Andre Decl., Ex. 2 at claim 1.

### A. Orencia® Satisfies The Claim Limitation Of A Non-Immunoglobulin Polypeptide Requiring Dimerization For Biological Activity

It cannot be disputed that the active molecule in Orencia® contains a non-immunoglobulin polypeptide requiring dimerization for biological activity as explained below.

#### 1. Non-immunoglobulin Polypeptide

Orencia® is produced from a DNA construct that encodes the extracellular domain of a molecule known as CTLA4. Indeed, the FDA-approved package insert for Orencia® explicitly describes Orencia® as containing the extracellular domain of CTLA4. *See,* Andre Decl., Ex. 4. Similarly, in the papers that the FDA required Bristol to submit before the FDA would approve Orencia® for use in humans, Bristol stated that Orencia® contains the CTLA4 domain. *See* Andre Decl., Ex. 5 (BLA) at BMS001290161, BMS 001290162, BMS001290366; *see also* Ex. 6 (Deposition of Kirk Leister, Director of Process Analytical Sciences for Bristol ("Leister")) at 13:5-15, 52:25-53:5.

CTLA4 is indisputably a "non-immunoglobulin polypeptide" because CTLA4 is simply not an immunoglobulin as that term is understood by one of ordinary skill in the art. "Immunoglobulin" is a more chemically precise word for antibody. *See* Andre Decl., Ex. 7 [Hood Immunology Textbook] at 6 ("Antibodies form the class of proteins called *immunoglobulins*."). Indeed, even Bristol's experts recognize that one skilled in the art would have understood "immunoglobulin" to mean antibody at the time of the patents. *See* Andre Decl. at Ex. 8 (Dr. John Kuriyan Expert Rebuttal Report signed 1/25/2008

("Kuriyan") at ¶46); Ex. 9 (Dr. Jeffrey Ravetch Expert Report signed 11/20/07 ("Ravetch I") at ¶58); Ex. 10 (Dr. Daniel Capon Expert Report signed 12/03/07 ("Capon") at ¶95). CTLA4, however, is not an antibody. Therefore, because Orencia® contains the extracellular domain of CTLA4, which is indisputably not an antibody, a reasonable jury would find that CTLA4 is a non-immunoglobulin.

### 2.    Requiring Dimerization for Biological Activity

It is also indisputable that the non-immunoglobulin polypeptide that Bristol produces in connection with Orencia® (i.e. the extracellular domain of CTLA4) requires dimerization for biological activity. Dimerization, as understood in the context of the ZymoGenetics Patents specifications and given its ordinary meaning, is simply the association of two polypeptide chains so that they are bound in a pair. *See* Andre Decl. Ex. 1 at col. 9, ll. 30-34; Ex. 11 (Nadler I) at 30:17-17. In addition, the ZymoGenetics Patents define "biological activity" as "[a] function or set of activities performed by a molecule in a biological context …" *See* Andre Decl. Ex. 1 at col. 9, ll. 36-45; Ex. 2 at col. 9, ll. 53-63.

The biological context in which CTLA4 functions in nature is as a membrane-bound polypeptide. Bristol admits that CTLA4 is found bound to cell membranes only in the dimerized, or paired, form. *See* Andre Decl., Ex. 11 (Nadler I) at 85:17-20. The fact that CTLA4 exists as a dimer in its native state demonstrates that it is biologically active as a dimer. Correspondingly, unpaired CTLA4 molecules have not been found in the scientific literature to be biologically active as that term has been defined in the ZymoGenetics Patents. *See* id., at 56:15-21(stating that no studies indicate the monomer form of CTLA4 is biologically active). Accordingly, the evidence demonstrates that CTLA4 requires dimerization for biological activity.

### B.  Orencia® Satisfies The Claim Limitation Of Claim 21 Of The '725 Patent Of A Ligand-Binding Domain Of A Receptor Requiring Dimerization For Biological Activity

The '725 Patent claims a method for producing "a secreted receptor analog" using DNA that encodes "a ligand-binding domain of a receptor requiring dimerization for biological activity." Andre Decl. Ex. 1 at col. 2, ll. 14-37. Bristol's production of Orencia® meets this limitation.

The term "ligand-binding domain of a receptor" is defined in the patent's specification: "that portion of the receptor that is involved in binding ligand and is generally a portion or essentially all of the extracellular domain that extends from the plasma membrane into the extracellular space." Andre Decl., Ex. 1 at Col.10, ll.40-44. CTLA4 is a receptor. *See* Andre Decl. at 12 [Linsley JBC Paper, BMS003504385-92] at BMS003504385 ("CD28 and CTLA4 are homologous T cell receptors. . . ."). The extracellular domain of the CTLA4 contained in Orencia® is the portion of the CTLA4 receptor that is involved in binding ligands in nature. *See* Andre Decl., Ex. 5 (BLA) at BMS001290162, BMS001290336, BMS001290843); Ex. 4 (Orencia® Package insert); Ex. 13 (Smolin) at 54:20-24; 63: 11-16.

Moreover, as set forth above, CTLA4 requires dimerization for biological activity. *See, supra,* section II.B. Accordingly, it is indisputable that Bristol's manufacture of Orencia® infringes this element of the '725 Patent.

### C. The Non-immunoglobulin Polypeptide in Orencia® is "Joined to A Dimerizing Protein Heterologous To Said Non-Immunoglobulin Protein [Or Ligand-Binding Domain]"

#### 1. Orencia® Contains a Dimerizing Protein

The claim element "dimerizing protein" is defined in the ZymoGenetics Patents as: "A polypeptide chain having affinity for a second polypeptide chain, such that the two chains associate under physiological conditions to form a dimer. The second polypeptide chain may be the same or a different chain." *See* Andre Decl., Ex. 1. at col. 9, ll. 30-35; Ex. 2 at col. 9, ll. 46-51.

More specifically, the claims of the ZymoGenetics Patents explain that the dimerizing protein can be one of several specific proteins, including "at least a portion of an immunoglobulin heavy chain comprising at least an immunoglobulin heavy chain constant region domain." *Id.*, Ex. 1 at Reexamination Certificate col. 1, ll. 47-49, col. 2, ll. 33-37; Ex. 2 at Reexamination Certificate col. 2, ll. 8-11. The dimerizing protein found in Orencia® includes a portion of an immunoglobulin heavy chain containing the constant region domain. *See* Andre Ex. 4 (Orencia® Package Insert); Ex. 5 (BLA) at BMS001290161, BMS 001290162 (representing to the FDA in a document required for drug approval that Orencia® includes the heavy chain constant region domain of an immunoglobulin). Thus, by definition, the immunoglobulin heavy chain Bristol uses in Orencia® is a dimerizing protein as that term is claimed.

Moreover, the evidence shows that this immunoglobulin heavy chain portion is found as a dimer in nature. *See* Andre Decl. Ex. 11 (Nadler I) at 63:16-19. For example, ZymoGenetics' expert, David Ostrov, testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Andre Decl., Ex.

14 (Ostrov) at 262:24-264:1. Additionally, countless published articles, including an article published by a Nobel prize winning scientist, demonstrate that immunoglobulin heavy chains virtually identical if not identical to Orencia®'s immunoglobulin heavy chain dimerize. *See* Andre Decl. at Ex. 15 [Deisenhofer Reference (Ostrov Depo. Ex. 16)]; Ex. 14 (Ostrov) at 272:2-273:7; *see also* Ex. 16 [Carter Paper, ZG054363-70] at ZG054363 (describing the $C_H3$ domain of human IgG1 as a "compulsory . . . homodimer").

In fact, Bristol's own studies confirm that the immunoglobulin heavy chain in Orencia® forms a dimer, and is thus a dimerizing protein. For example, Bristol's scientists demonstrated that when the Orencia® molecule lacked the immunoglobulin heavy chain portion of Orencia®, at least 80% of the product failed to dimerize. *See* Andre Decl., Ex. 12 [Linsley JBC paper [BMS003504385-92]] at BMS003504387, Fig. 2.). In contrast, when the immunoglobulin heavy chain is present, nearly 100% of Orencia® is found as a dimer. *See* Andre Decl., Ex. 6 (Leister) at 30:25-31:9; Ex. 18 (Nadler II) at 63:12-21.

Bristol, however, contends that, despite the plain language of the patent claims, the immunoglobulin heavy chain used is not a "dimerizing protein" because it has been mutated and, according to Bristol, there is no evidence that the particular immunoglobulin heavy chain used in Orencia® actually dimerizes. This contention is absurd.

First, Bristol represents that Orencia® is a dimer. For example, the Biologic License Application submitted by Bristol to the Federal Food and Drug Administration states that Orencia® is a dimer. *See* Andre Decl., Ex. 5 (BLA) at BMS001290162. Similarly, Bristol admitted in this litigation that Orencia® exists as a dimer. *See id.,* Ex. 17 (Bristol's

-10-

Response To ZymoGenetics' Request For Admission 10). Thus, to argue that Orencia® does not contain a dimerizing protein is without merit.

### 2. The Dimerizing Protein Found in Orencia® is Heterologous to CTLA4

Bristol does not dispute that the immunoglobulin heavy chain and the CTLA4 domain that form the fusion protein in Orencia® are not naturally found together in a single molecule, and are therefore "heterologous." *See* Andre Decl., Ex. 9 (Ravetch I) at ¶¶65, 250); Ex. 8 (Kuriyan) at ¶88; Ex. 6 (Leister) at 13:5-15). Accordingly, Orencia® satisfies this element of the claims.

### D. Bristol Practices The Remaining Limitations Of The Asserted Independent Claims Of The ZymoGenetics Patents

In addition to the key claim limitations discussed above, it is undisputed that Bristol practices the remaining limitations of independent claims 1 and 21 of the '725 Patent and independent claim 1 of the '026 Patent.

#### 1. Bristol produces Orencia® by "introducing into a eukaryotic host cell a DNA construct comprising a transcriptional promoter operatively linked to a secretory signal sequence" followed by the DNA coding for the CTLA4 Domain

The claim limitation "introducing into a eukaryotic host cell a DNA construct comprising a transcriptional promoter operatively linked to a secretory signal sequence" is common to all asserted claims of the '725 Patent. *See* Andre Decl., Ex.1 at col. 1, ll. 29-41; col. 2, ll. 16-18 (independent reexamined claims 1 and 21). And, Bristol admits that its production of Orencia® satisfies these claim elements. Specifically, in response to ZymoGenetics' Request for Admission No. 46, Bristol admitted that the DNA construct used to produce Orencia® is comprised of a transcriptional promoter and a secretion signal sequence, followed by the DNA coding for the extracellular domain of CTLA4. *See* Andre

Decl. Ex. 17 (Bristol Response to Requests for Admission) at 35; Ex. 5 (BLA) at BMS001290346 (showing that the DNA construct used to make Orencia® contains a transcriptional promoter); at BMS001290336 (showing that the DNA construct used to produce Orencia® contains the secretory signal sequence Oncostatin M).

> **2.    Bristol Produces Orencia® By "growing [the eukaryotic] host cell in appropriate growth medium under physiological conditions to allow the secretion of a dimerized polypeptide fusion encoded by said DNA sequence, and isolating said dimerized polypeptide fusion from said host cell"**

Claim 1 of the '725 Patent also discloses that the host cells in which the fusion protein is produced are grown "in an appropriate growth medium under physiological conditions to allow the secretion" of the dimerized polypeptide fusion, and that the fusion is "isolated… from said host cell." Andre Decl., Ex. 1 at col. 1, ll. 37-42. As above, these elements are common to all of the asserted claims in the '725 Patent.

Bristol does not appear to dispute that its system for producing Orencia® reads on these elements of the claim. For example, in response to Request for Admission No. 48, Bristol admitted that Orencia® is produced and secreted from eukaryotic cells known as CHO cells. *See* Andre Decl., Ex. 17 at 37. Moreover, the evidence demonstrates that the growth medium for the host cells contains components necessary for CHO culture, including physical, chemical, and environmental conditions. *See* Andre Decl., Ex. 13 (Smolin) at 61: 9-17.

> **E.    Bristol Practices The Limitations Of The Asserted Dependent Claims Of The ZymoGenetics Patents**

In addition to the independent claims 1 and 21 of the '725 Patent and independent claim 1 of the '026 Patent, ZymoGenetics also asserts dependent claims 2, 3, 5, 6, 22, 24, 25,

50, and 51 of the '725 Patent and dependent claims 2, 3, 4, 7, and 30 of the '026 Patent. Bristol's production of Orencia® meets all of the limitations of these dependent claims.

### 1. Dependent Claim 2: The dimerized fusion protein in Orencia® is a homodimer

Bristol infringes dependent claim 2 in each of the ZymoGenetics Patents because it admits that the relevant molecule consists of two identical fusion polypeptides (made up of CTLA4 and the dimerizing immunoglobulin heavy chain) bound together in a pair as a dimer -- i.e., a homodimer. *See* Andre Decl. at Ex. 17 at 10-11 (Request for Admission 10); *see also* Ex. 13 (Smolin) at 51:1-9, 56:16-22, 57:6-12, 60:19-20, 82:15-19 (describing the molecule as a covalent homodimer).

### 2. Remaining Dependent Claims: Describe possible formatives of the dimerizing protein claimed in the independent claims

The remaining asserted dependent claims in the ZymoGenetics Patents describe different possible configurations for the dimerizing protein that is joined to the non-immunoglobulin polypeptide or ligand-binding domain piece of the claimed fusion protein. *See generally* Andre Decl. at Ex. 1, Claims 3, 5, 6, 22, 24, 25, 50, and 51; Ex. 2, Claims 3, 4, 7, and 30.

It is undisputed that the dimerizing protein portion of the Orencia® molecule consists of certain sections of the so-called constant region of the heavy chain of an immunoglobulin molecule.[3] Specifically, Orencia® contains the "hinge region," the "$C_H 2$ domain," and the

---

[3] Immunoglobulin molecules are made up of two "chains" (or strings of polypeptides). The larger chain is known as the "heavy" chain, and the smaller chain is known as the "light" chain. These chains in turn include two major regions -- the constant region, whose chemical structure is relatively constant across classes of immunoglobulin, and the variable region, which varies from class to class depending on the type of antigen with which it binds. *See, e.g.*, D.I. 120 at 29-31 for diagrams of an immunoglobulin molecule.

"$C_H3$ domain" of an immunoglobulin heavy chain constant region. *See* Andre Decl. Ex. 4 (Orencia® Package Insert) (stating that Orencia® contains a hinge region, the $C_H2$ domain, and the $C_H3$ domain of an immunoglobulin heavy chain constant region); Ex. 6 (Leister) at 13:5-15; Ex. 11 (Nadler I) at 25:11-16, 27:19-25; Ex. 13 (Smolin) at 54:25 - 55:6.

Importantly, ZymoGenetics claims that Bristol infringes the dependent claims that disclose a dimerizing protein consisting of different combinations of one, some, or all of the components of an immunoglobulin heavy chain. *See generally*, Andre Decl., Ex. 1 at Claims 2, 3, 5, 6, 22, 24, 25, 50, and 51; Ex. 2 at Claims 2, 3, 4, 7, and 30. Because Orencia® contains all of the regions, it satisfies each of the asserted dependent claims relating to the makeup of the dimerizing protein.

## CONCLUSION

For all of the foregoing reasons, ZymoGenetics respectfully requests that this Court grant summary judgment to ZymoGenetics that Bristol infringes ZymoGenetics Patents U.S. Patent No. 5,843,725 and U.S. Patent No. 6,018,026.

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Sean Boyle
King & Spalding LLP
1000 Bridge Parkway
Ste 100
Redwood Shores, California
(650) 590-0700

Dated: May 16, 2008
865833

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff
ZymoGenetics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on May 22, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richard Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
cottrell@rlf.com
farnan@rlf.com

I hereby certify that on May 22, 2008 I have sent by E-mail the foregoing document to the following non-registered participant:

Christopher P. Borello, Esq.
Colleen Tracy, Esq.
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, NY  10112
cborello@fchs.com
ctracy@fchs.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

748348