```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -

 4
     ZYMOGENETICS, INC., a          :   CIVIL ACTION
 5   Washington Corporation,,       :
                                    :
 6                  Plaintiff,      :
                                    :
 7        vs.                       :
                                    :
 8   BRISTOL-MYERS SQUIBB CO., a    :
     Delaware Corporation, and      :
 9   DOES 1 through 100,            :
                                    :
10                  Defendants.     :   NO. 06-500 SLR

11
                                    - - -
12
                                 Wilmington, Delaware
13                               Thursday, March 13, 2008
                                 8:30 o'clock, a.m.
14
                                    - - -
15
     BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.
16
                                    - - -
17
     APPEARANCES:
18

19           POTTER, ANDERSON & CORROON
             BY:  PHILIP A. ROVNER, ESQ.
20

21
                            -and-
22

23

24                                     Valerie J. Gunning
                                       Official Court Reporter
25
```

```
 1   APPEARANCES (Continued):

 2


 3              FITZPATRICK CELLA HARPER & SCINTO
                BY:  SCOTT K. REED, ESQ.,
 4                   COLLEEN TRACY, ESQ. and
                     CHRISTOPHER P. BORELLO, ESQ.
 5                   (New York, New York)

 6


 7                   Counsel for Plaintiff

 8


 9


10              RICHARDS, LAYTON & FINGER
                BY:  FREDERICK L. COTTRELL, III, ESQ. and
11                   KELLY E. FARNAN, ESQ.

12


13                      -and-

14


15              KING & SPALDING LLP
                BY:  PAUL J. ANDRE, ESQ.
16                   (Redwood Shores, California)

17


18                   Counsel for Defendants

19


20                      - - -

21


22


23


24


25
```

1                    P R O C E E D I N G S

2

3              (REPORTER'S NOTE:  The following telephone

4    conference was held in chambers, beginning at 8:30 a.m.)

5

6              THE COURT:  Good morning, counsel.  This is

7    Judge Robinson and Valerie is here as our Court Reporter.

8    It would be helpful if you identified yourselves when you

9    spoke so that the transcript is somewhat clear.

10             I've looked through the papers, and the way this

11   case is scheduled now, your last brief in the summary

12   judgment motion practice is due to be filed on July 7.

13   There's a pretrial conference the following week, on July

14   14, and a jury trial a month later.

15             I have a proposal for you.  If, in fact, you

16   want that trial date, I have a proposal for you that may

17   allow us to go forward with that trial date.  If you all

18   really don't want that trial date, I will not bother sharing

19   my thoughts with you.

20             So let's hear from plaintiff's counsel.

21             MR. ANDRE:  Your Honor, this is Paul Andre.

22             We would like to keep the trial date, if

23   possible.  You know, we wouldn't mind if it slipped a month

24   or so, but we don't want it to go too much past that.

25             THE COURT:  Defendants' counsel?

```
 1              MR. REED:  Your Honor, this is Scott Reed, from
 2    Bristol.
 3              Yes.  We noted the date that your Honor noted as
 4    well, which was the July 7th date for the final papers to be
 5    submitted, and we did look back at Judge Jordan's schedule
 6    and it looked to us like he basic he had about -- about five
 7    months from there to trial in his original schedule.
 8              Now, our interim dates have moved at the
 9    parties' request and with Judge Thynge's blessing, so we
10    didn't think it was realistic to have a final set of papers
11    submitted on July 7th and then, in effect, go to trial a
12    little over a month later.  We thought that the trial date
13    would be pushed back to give your Honor sufficient time to
14    decide summary judgment and Markman and the like, and for
15    us, we view this as Markman and summary judgment as critical
16    to this particular case.
17              THE COURT:  All right.  Well, then, I will share
18    my thoughts with you, because I'm interested to see whether
19    this would work anyway.  So far, it hasn't been successful,
20    but maybe you all will actually pay attention to what I say
21    and write and follow my directions, which lawyers in other
22    cases don't seem able to do.
23              Obviously, you can't fully brief summary
24    judgment motions and expect me to decide them in a week, so
25    this is my proposition:  That we keep the May 16th date, but
```

1  instead of filing motions and briefs, you can file the
2  motion.  I know the case law.
3           What I want, what I would want in support of
4  your motion, is simply a paragraph-by-paragraph,
5  fact-by-fact list of all the facts the movant believes are
6  undisputed with a citation to the record, and obviously
7  you'll have to file appendices.  Two weeks later, the movant
8  would have to respond just with a paragraph-by-paragraph
9  responsive listing of the fats that are either undisputed
10 or, if they are disputed, the record cite that would point
11 me to that, and then, on June 20th, at 9:00 a.m., we would
12 have an oral argument of sorts, one on claim construction,
13 and the other on whether summary judgment should proceed,
14 because there are disputed facts, because there are no
15 disputed facts, or whether, because there are disputed
16 facts, we should simply go to trial.
17          And at that point I would either allow further
18 briefing or I would grant summary judgment.  If I allowed
19 further briefing, then the trial date would go away and we'd
20 have to reschedule something further out.
21          So that's my proposition, and I would obviously
22 put it in writing, to see whether we, in fact, can save this
23 trial date with some semblance of common sense and
24 reasonableness thrown in.
25          Are you willing to accept the challenge?

1                MR. REED:  Well, your Honor, let me thank you
2    for the proposal, and it's certainly something we should
3    consider.  I guess the other aspect of this is, I wondered
4    whether, with Mr. Andre's noting that the trial might be put
5    back a month, if we were to keep the schedule that the
6    parties had agreed to, would it be possible for us to
7    consider when your Honor would be able to try the case,
8    maintaining the existing schedule?
9                So, in other words, everything up to July 7th
10   staying as it is and then just seeing how far out it would,
11   in fact, have to go and whether the plaintiffs would be
12   willing to move it a month or two months or three months,
13   however long it would need to be.
14               THE COURT:  Well, I'm still going to make
15   you go through this exercise because, quite frankly, the
16   motion practice in these patent cases is overwhelming.
17   I've got a law clerk who is going to be out on maternity
18   leave, and I am not confident that I'm going to be able to
19   manage this anyway.  So if you are trying to avoid a
20   foreshortened process, moving the trial date isn't going
21   to help you.
22               So really your choice is trying to keep this
23   trial date, or if you want me to move it out, I will try to
24   find a date, but you are still going to have to go through
25   the process.

1            So I will look.

2            MR. ANDRE: Your Honor, this is Paul Andre.

3            Your proposal sounds quite reasonable to us.
4    We would, in fact, think that would be very appropriate
5    to go this way.  Just reduce the amount of paper coming
6    through your Honor's court would streamline the issues
7    quite a bit.

8            The only issue I have, unfortunately, on that
9    June 20th, I have a trial -- my last week of trial in Texas.
10   The following week I'm available, but that day was just a
11   conflict for me.

12           MR. COTTRELL: Your Honor, it's Fred Cottrell,
13   for Bristol-Myers.

14           While we have you on the phone, we understand
15   your Honor's procedure and we'll certainly follow it.  But
16   while we have you on the phone, does your Honor have any
17   time, you know, a month or two past August?  Let's say
18   September, October?  We just were not quite sure on your
19   Honor's schedule.

20           THE COURT: Well, if you're asking for a trial
21   assuming there will be full-fledged briefing, then it would
22   be October at the earliest, that I would even look for a
23   date.

24           MR. ANDRE: You described briefing it out with
25   the paragraph-by-paragraph submission.  It really makes a

1   lot of sense in this case, because I agree with your
2   Honor -- this is Paul Andre.  I'm sorry.
3                I agree with your Honor, in these patent cases,
4   the summary judgment can be quite involved.  In many cases I
5   don't think they're justified to be filed just because there
6   are so many issues of fact that come up in these type of
7   cases.
8                THE COURT:  How long would this trial be if all
9   the issues -- well, I never give trials more than two weeks,
10  but would this be one that would require two weeks if all
11  the issues were involved?
12               MR. REED:  Yes.  I would think if all the issues
13  are involved, you'd be looking at a week to ten days, your
14  Honor.
15               THE COURT:  And who is this speaking?
16               MR. REED:  Scott Reed.
17               THE COURT:  All right.
18               MR. ANDRE:  Your Honor, this is Paul Andre.
19               I think we could do it in seven court days.
20               THE COURT:  All right.  Well, I do have time in
21  October.  You'll be double-booked, to some extent, with
22  another patent trial, but that basically can't be helped.
23  The question is whether you all are available, and that
24  would be starting the week of October 20th.
25               MR. ANDRE:  This is Paul Andre, your Honor.

1               That's okay with us.

2               MR. REED:  That's fine with us, your Honor, as

3    well.  Scott Reed.

4               THE COURT:  All right.  So October 20th.

5               Let me go back and give you a pretrial date.

6    And I'm looking at October 7th or 8th, at 4:30.

7               MR. REED:  Scott Reed.

8               Either of those are fine for us, your Honor.

9               THE COURT:  Well, let's do it October 7th.

10   That's a Tuesday.

11              MR. REED:  Okay.

12              THE COURT:  So I guess what we need -- I mean,

13   on the one hand, I'm a little confused about where claim

14   construction is.  I didn't sign off on postponing the joint

15   claim chart.  You filed a stipulation until we have this

16   telephone conference.  And I guess the question is, if I

17   want you to go through this exercise, the question is

18   whether you want to go through how we stagger my

19   requirements with your just going through the exercise

20   of filing full briefing.  Briefing has to be done by

21   July 7th.

22              So I guess what needs to happen is anyone that

23   wants to file a motion on May 16th does with full briefing

24   and appendices, but, in addition, files the statement that

25   I'm going to explain and want.

1                Two weeks later, before full responses are due,
2    we'll have the foreshortened responses due.  And then I
3    guess I would still like to have oral argument on that, and
4    only after that oral argument would I have the responding
5    party respond with all the papers.  I'm not sure that makes
6    sense.  I'm trying to find my way to a better way of
7    handling these cases.
8                So how about June 27th at 9:00 a.m. for claim
9    construction and discussion about the statements of fact
10   that I've required?
11               MR. ANDRE:  Fine, your Honor.  That works for
12   us.
13               MR. REED:  Your Honor, that's fine.
14               THE COURT:  All right.  And at that time, I
15   should be able from the bench to let you all know, or
16   certainly within a day or two of that, whether I will
17   require the nonmoving party to respond fully in briefing,
18   and briefing will still be done in July, and I will have
19   August and September to decide these motions before the
20   pretrial in October.
21               So I think it will work out.  I will try
22   to issue an order to memorialize this conversation that is
23   clear enough for you all to be able to follow.
24               Are there any other issues besides being
25   slightly confused about this that we should address this

```
 1   morning?
 2              MR. ANDRE:  Nothing for plaintiff, your Honor.
 3              MR. REED:  None for defendant, your Honor.
 4              THE COURT:  All right.  I will try to get this
 5   out in the next day or two.  If my recollection isn't
 6   consistent with your understanding, don't hesitate to get us
 7   all on the phone again to make sure that we're all on the
 8   same page.
 9              Counsel, thank you for your time this morning.
10              (Counsel respond "Thank you, your Honor.")
11              (Telephone conference concluded at 8:46 a.m.)
12                            -  -  -
13
14
15
16
17
18
19
20
21
22
23
24
25
```