# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-500-SLR |
| BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, | ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) ) | |

## DECLARATION OF AMY SUN IN SUPPORT OF PLAINTIFF ZYMOGENETICS, INC.'S MOTION TO EXCLUDE TESTIMONY OF BRISTOL-MYERS SQUIBB CO.'S EXPERTS

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
1000 Bridge Parkway
Suite 1000
Redwood City, CA 94065
(650) 590-0700

Dated: May 16, 2008
Public Version: May 22, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
ZymoGenetics, Inc.

I, AMY SUN, declare:

1.      I am an attorney with the law firm of King & Spalding LLP, counsel of record for Plaintiff ZymoGenetics, Inc. I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Expert Rebuttal Report of Jeffrey V. Ravetch, M.D., Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 5,843,725 and 6,018,026.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the Expert Report of Jeffrey V. Ravetch, M.D., Ph.D. Regarding Invalidity of U.S. Patent Nos. 5,843,725 and 6,018,026.

4.      Attached hereto as Exhibit 3 is a true and correct copy of a letter dated March 11, 1993 from Forrester & Boehmert to the European Patent Office, bearing bates numbers ZG031859-68.

5.      Attached hereto as Exhibit 4 is a true and correct copy of an office action from the European Patent Office dated June 4, 1993.

6.      Attached hereto as Exhibit 5 is a true and correct copy of pages 24-28, 39-43, 54-56, 140-144, 152-155, 200-201, 235-244, and 246-252 from the transcript of the deposition of Daniel Capon, taken on May 2, 2008.

7.      Attached hereto as Exhibit 6 is a true and correct copy of pages 21-24, 36-38, 43-44, 77-80, and 198-204 from the transcript of the deposition of John Kuriyan, taken on May 9, 2008.

2

8.    Attached hereto as Exhibit 7 is a true and correct copy of the Expert Report of Daniel J. Capon, Ph.D. Regarding Invalidity of U.S. Patent Nos. 5,843,725 and 6,018,026.

9.    Attached hereto as Exhibit 8 is a true and correct copy of the Expert Rebuttal Report of John Kuriyan, Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 5,843,725 and 6,018,026.

10.    Attached hereto as Exhibit 9 is a true and correct copy of pages from the laboratory notebook of Andrzej Sledziewski, bearing bates numbers ZG033202-03 and ZG033206.

I declare under penalty of perjury under the laws of the State of California and the United States that each of the above statements is true and correct.

Executed on May 16, 2008 in Redwood Shores, California.

_____
Amy Sun

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 22, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richard Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
farnan@rlf.com

I hereby certify that on May 22, 2008 I have sent by E-mail the foregoing

document to the following non-registered participant:

Christopher P. Borello, Esq.
Colleen Tracy, Esq.
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112
cborello@fchs.com
ctracy@fchs.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

748348

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 4

58

| Eihardstraße 27<br>D-8000 München 2<br>☎ (0 89) 2399-0<br>Tx. 523 656 epmu d<br>FAX 089/2399-4465 | Europäisches<br>Patentamt<br><br>Generaldirektion 2 | European<br>Patent Office<br><br>Directorate General 2 | Office européen<br>des brevets<br><br>Direction générale 2 |

Brown, John David
FORRESTER  BOEHMERT
Franz-Joseph-Strasse 38
D-8000 München 40
REPUBLIQUE FEDERALE D'ALLEMAGNE

| | Telephone numbers: | |
|---|---|---|
| | Primary examiner<br>(substantive examination) | (0 89) 23 99- 8418 |
| | Formalities officer<br>(Formalities including<br>extension of time limits) | (0 89) 23 99- 8054 |
| | Examiners' clerk<br>(other matters) | (0 89) 23 99- 8051 |

| Please give the<br>complete applica-<br>tion number in all<br>communications | Application No./Patent No.<br>89100787.4-2105 | Ref.<br>FB 2472 | Date<br>06.04.99 |
|---|---|---|---|
| | Applicant/Proprietor<br>ZYMOGENETICS, INC. | | |

## Communication pursuant to Article 96(2) and Rule 51(2) EPC

The /further/ examination of the above-identified application has revealed that it does not
meet the requirements of the European Patent Convention for the reasons enclosed herewith.
If the deficiencies indicated are not rectified the application may be refused pursuant
to Article 97(1) EPC.

You are invited to file your observations and insofar as the deficiencies are such as to be
rectifiable to correct the indicated deficiencies within a period

of _____4_____ months

from the notification of this communication, this period being computed in accordance
with Rules 78(3) and 83(2) and (4) EPC.

Amendments to the description, claims and drawings are to be filed where appropriate
within the said period in three copies on separate sheets (Rule 36(1) EPC).

Failure to comply with this invitation in due time will result in the application being deemed
to be withdrawn (Article 96(3) EPC).

S. Yeats
Primary examiner
for the Examining Division

Communication despatched, EXRE and statistical data recorded

| 31 03 99 | |
|---|---|
| Date | Initials |

Enclosures:    3    page/s  reasons (Form 2906)

Registered letter
EPO Form 2001.2 10.90

File Copy

299

59

| Bescheid/Protokoll (Anlage) Datum Date Date | Communication/Minutes (Annex) Blatt Sheet Feuille | Notification/Procès-verbal (Annex) Anmelde-Nr. Application No.: 89 100 787.4 Demande n°. |
|---|---|---|
| 0 6. 04. 93 | 1 | |

The examination is being carried out on the following application documents:

Description:
Pages 1-64 as originally filed

Claims:
Nos. 1-25 filed with your letter of 11.3.1993

Drawings:
Sheets 1-13 as originally filed

\*\*\*\*\*

1.    The new claims are allowable under Article 123(2) EPC.

2.    The Examining Division wishes to apologise for having
      erroneously cited D2 in the previous communication. As
      you have pointed out, it is not citable since it has a
      later priority date than the present application.

3.    Claim 1 relates to a method for producing a secreted hu-
      man PDGF receptor (PDGF-R) analogue, comprising the ex-
      pression in a recombinant host of a gene encoding at
      least part of the extracellular domain of a human
      PDGF-R, which gene is preceded by a signal sequence.
      This subject-matter was already acknowledged as novel
      (Article 54(1)(2) EPC) and inventive (Article 56 EPC) in
      the previous communication.

60

| Bescheid/Protokoll (Anlage). Datum Data Date | 0 6. 04. 93 | Communication/Minutes (Annex) Blatt Sheet Feuille | 2 | Notification/Procès-verbal (Annexe) Anmelde-Nr. Application No.: 89 100 787.4 Demande n°. |
|---|---|---|---|---|

3.1 However, Claim 1 is worded in purely functional terms and thus lacks technical features. It is therefore not allowable under Article 84 EPC and Rule 29(1) EPC. A reference to the sequence mentioned in Claim 2 should be introduced into Claim 1. An analogous objection applies to Claims 17, 19, 22, 24 and 25.

4. The introduction of the term "non-immunoglobulin" into Claims 3 and 9 in order to define the peptide requiring dimerisation does not serve to overcome the objection of lack of novelty raised aginst these claims. While the T-cell receptor is encoded by immunoglobulin-like genes, the receptor is nevertheless not an immunoglobulin in the accepted sense of the word. Claims 3, 6-10, 15 and 16 are in consequence still considered to lack novelty.

4.1 In view of the fact that the applicant has maintained the above generic claims, it seems pertinent to remark that all the examples of the present application are concerned with the production of a truncated secreted PDGF-R analogue. There is no teaching in the application concerning the production of any other proteins. The extension of the scope of the claims to cover the production of any peptide dimer is thus regarded as un-supported by the description and therefore not allowable under Article 84 EPC.

5. You are invited to file amended claims taking account of the above comments, conforming to the requirements of Rules 29(1) and 36(1) EPC. The description should be brought into line with the new claims. Care should be taken during the revision not to add any subject-matter which extends beyond the content of the application as

61

| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum **0 6. 04. 93** | Blatt | Anmelde-Nr. |
| Date | Sheet 3 | Application No.: 89 100 787.4 |
| Date | Feuille | Demande n°. |

originally filed (Article 123(2) EPC).

S. YEATS

EPA/EPO/OEB Form 2906PC 04.90                    65-93

302

# EXHIBIT 5

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 6

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# EXHIBIT 7

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBT 8

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 9

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY