IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-500-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF ZYMOGENETICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION FOR BIFURCATION OF DAMAGES AND RENEWED MOTION FOR BIFURCATION OF WILLFUL INFRINGEMENT**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
1000 Bridge Parkway
Suite 100
Redwood Shores, CA 94065
(650) 590-0700

Dated: May 23, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff
ZymoGenetics, Inc.*

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT .................................................................................................................. 3

    A. The Applicable Law does not Require Bifurcation. ........................................... 3

        1. In Patent Cases, Bifurcation is the Exception, not the Rule. ................................................................................ 3

        2. Federal Circuit law does not require bifurcation of willfulness issues. ........................................................ 4

        3. The Law Governing Appeals in Patent Cases does not Require Bifurcation. ................................................ 6

    B. Issues of Prejudice, Judicial Economy, and Juror Confusion Favor a Single Trial. ........................................................................................................ 7

        1. The Delay of Bifurcation Will Substantially Prejudice ZymoGenetics ............................................................ 7

        2. A Single Trial Will Conserve Judicial Resources ............................... 9

    C. Bristol's Self-Serving Statements Regarding Likelihood of Success do not Support Bifurcation .......................................................................... 10

IV. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**

Allergan Inc. v. Pharmacia Corp.,
  2002 WL 1268047 (D.Del. May 17, 2002) .................................................................. 4

Ciena Corp v. Corvis Corp.,
  210 F.R.D. 519 (D. Del. 2002) ............................................................................. 3, 6-7

Computer Assocs. Int'l, Inc. v. Simple.com, Inc.,
  247 F.R.D. 63 (E.D.N.Y. 2007) ............................................................................. 3, 5

Eaton Corp. v. Auburn Gear, Inc.,
  1988 WL 273448 (N.D. Ill. July 18, 1988) ................................................................. 6

Fisher-Price, Inc. v. Safety 1st, Inc.,
  279 F.Supp.2d 526 (D. Del. 2003) ............................................................................ 11

In re Seagate Tech., LLC,
  497 F.3d 1360 (Fed. Cir. 2007) ........................................................................... Passim

Knorr-Bremse Systeme Fuer Natzfahrzeuge GmbH v. Dana Corp.,
  383 F.3d 1337 (Fed. Cir. 2004) ............................................................................... 4, 7

Latraim Corp. v. Hewlett-Packard Co.,
  791 F.Supp. 113 (E.D. La. 1992) ............................................................................ 3-4

Lemelson v. Apple Computer, Inc.,
  1993 WL 556452 (D. Nev. June 3, 1993) .................................................................. 6

Real v. Bunn-O-Matic Corp.,
  195 F.R.D. 618 (N.D. Ill. 2000) ................................................................................ 4

Trading Techs. Intl., Inc. v. eSpeed, Inc.,
  431 F.Supp.2d 834 (N.D. Ill. 2006) ........................................................................... 3

V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.,
  ___ F.R.D. ___, 2008 WL 619207 (D.N.J. Mar. 4, 2008) .......................................... 6

**STATUTES**

28 U.S.C. § 1292(c)(2) ...................................................................................................... 6

Plaintiff ZymoGenetics, Inc. ("ZymoGenetics") hereby opposes Defendant Bristol-Myers Squibb Co.'s ("Bristol") Motion for Bifurcation of Damages and Renewed Motion for Bifurcation of Willful Infringement ("Motion").

## I.   INTRODUCTION

The instant Motion is Bristol's most recent effort to avoid disclosing its position on the issue of willfulness to ZymoGenetics. Throughout the course of discovery in this matter, Bristol has sought to avoid disclosing whether it intends to rely on opinion of counsel as a defense to willful infringement and Bristol's Motion is an extension of that tactic. The Motion is notable in that most of its argument is directed towards a discussion of In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007), and contains very little discussion of the underlying facts relating to the bifurcation question in the present case. Consideration of the factors governing bifurcation clearly weigh against bifurcating willfulness and damages in this case because these issues are not complex, and trying them in a single action will conserve judicial resources without prejudicing Bristol.

## II.   BACKGROUND

ZymoGenetics originally requested discovery relating to whether or not Bristol would rely on an opinion of counsel as part of its defense to willful infringement by listing the topic as part of the February 12, 2007 Amended Notice of Deposition of Defendant Bristol-Myers Squibb Co. Pursuant to Fed. R. Civ. P. 30(b)(6). Declaration of Meghan Wharton in Support of ZymoGenetics' Opposition to Bristol-Myers Squibb's Motion for Bifurcation of Damages and Renewed Motion for Bifurcation of Willful Infringement ("Wharton Decl."), Ex. 1. Specifically, ZymoGenetics requested that Bristol-Myers designate one or more persons to testify regarding the following topics . . .

1

> 14. Any and all communications referring to relating to the patents-in-suit.
>
> . . .
>
> 18. Any studies, analyses, opinions of counsel, or communications regarding infringement or validity of the patents-in-suit, or any foreign counterpart patents, and reliance by Bristol-Myers on such documents and/or communications.
>
> . . .
>
> 24. Bristol-Myers' knowledge and awareness of the patents-in-suit."

Id. at 4-5. Bristol has repeatedly refused to provide a witness to testify on these topics or otherwise provide discovery relating to the topics. See Wharton Decl., Ex. 2 (Bristol's Response to ZymoGenetics' Amended Notice of Deposition; Ex. 3, (Mar. 23, 2007 letter from Wharton to Borello at 4); Ex. 4 (Apr. 11, 2007 letter from Wharton to Borello at 3-4); Ex. 5 (Apr. 20, 2007 letter from Borello to Wharton at 2-4); Ex. 6 (Aug. 2, 2007 email from Wharton to Borello and Aug. 30, 2007 email from Borello to Wharton); Ex. 7 (Aug. 30, 2007 letter from Wharton to Borello); Ex. 8 (Sept. 10, 2007 letter from Borello to Wharton).

Bristol first requested bifurcation of this matter on the issue of willfulness via letter to Magistrate Judge Thynge on October 15, 2007. The grounds for Bristol's October request for bifurcation was based, as it is now, on Bristol's desire to avoid making a decision regarding reliance on an opinion of counsel as a defense to ZymoGenetics' willfulness claim and the possible resulting waiver of attorney-client privilege. See id., Ex. 9 (Oct. 15, 2007 letter from Cottrell to Judge Thygne at 1). Bristol's primary authority for seeking bifurcation was the Federal Circuit's new institution of the two-part test for willfulness articulated in Seagate. See Wharton Decl., Ex. 10 (Nov. 8, 2007 Hearing Tr. of Conference Call with Judge Thynge at 4). Magistrate Judge Thynge denied Bristol's request to bifurcate, both because Judge Thynge was not going to be the trial judge for this action and because "I just

2

don't want to see every case now subject to bifurcation because of Seagate." Id. Ex. 10 (Nov. 8, 2007 Hearing Tr. of Conference Call with Judge Thynge at 27).

As of the date of the Motion, the only outstanding discovery to be completed in the case relates to Bristol's ongoing refusal to state whether it will rely on an opinion of counsel as a part of its defense to willful infringement. As discussed below, this Court should refuse to bifurcate the present matter and order Bristol to immediately comply with its discovery obligations and cease obstructing ZymoGenetics' efforts to obtain discovery regarding willfulness.

### III.   ARGUMENT

#### A.   The Applicable Law does not Require Bifurcation.

##### 1.   In Patent Cases, Bifurcation is the Exception, not the Rule.

Although the decision to bifurcate is within the discretion of the court, bifurcation, even in patent cases, is the exception and not the rule. Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 247 F.R.D. 63, 67 (E.D.N.Y. 2007) (refusing to (a) bifurcate the liability trial from the trial of willfulness and damages or (b) stay further discovery on willful infringement); Trading Techs. Intl., Inc. v. eSpeed, Inc., 431 F.Supp.2d 834, 836-37 (N.D. Ill. 2006). In general, "courts should not order separate trials unless such a disposition is clearly necessary." Latraim Corp. v. Hewlett-Packard Co., 791 F.Supp. 113, 114 (E.D. La. 1992) (internal quotation omitted).

When determining if bifurcation is appropriate in a given case, a court should "consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." Ciena Corp v. Corvis Corp., 210 F.R.D. 519, 520 (D. Del. 2002) (citing Union Carbide Corp. v. Montell N.V., 28 F.Supp.2d

3

833, 837 (S.D.N.Y. 1998)). In the present case, Bristol "has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case." Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000) (citing Novopharm Ltd. v. Torpharm, Inc., 181 F.R.D. 308, 310 (E.D.N.C. 1998)). A court should not bifurcate a trial "when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." Latraim, 791 F.Supp at 115 (citations and internal quotations omitted).

### 2. Federal Circuit law does not require bifurcation of willfulness issues.

Two recent Federal Circuit opinions have dramatically reduced the risk of prejudice faced by alleged willful infringers determining whether or not to waive the attorney-client privilege with regard to opinions of counsel. Prior to the Federal Circuit's recent decisions in Knorr-Bremse Systeme Fuer Natzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1341 (Fed. Cir. 2004) and Seagate, district courts sometimes viewed bifurcation as appropriate to prevent prejudice suffered by an alleged willful infringer faced with being forced to decide whether to waive attorney-client privilege as to opinions of counsel for the purpose of arguing that such opinions of counsel constituted a defense to a willfulness claim or face an adverse inference that such an opinion was or would have been negative. *See* Allergan Inc. v. Pharmacia Corp., 2002 WL 1268047 (D.Del. May 17, 2002).

However, the Federal Circuit's recent decisions in Knorr-Bremse and Seagate greatly reduced the likelihood that alleged willful infringers will be prejudiced in such situations. In Knorr-Bremse, the Federal Circuit held that an adverse inference that a legal opinion would have been unfavorable should not be drawn when an accused infringer elects to invoke the attorney-client privilege as to opinions of counsel. Knorr-Bremse, 383 F. 3d at 1341 (Fed.

4

Cir. 2004) (holding that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel"). The Federal Circuit further lessened the potential for prejudice faced by accused infringers by refusing to extend to trial counsel any waiver of the attorney-client privilege caused by an accused infringer's reliance on opinions of counsel. Seagate, 497 F.3d at 1373-76 (finding that "fairness counsels against disclosing trial counsel's communications on an entire subject matter in response to an accused infringer's reliance on opinion counsel's opinion to refute a willfulness allegation").

In light of these recent Federal Circuit opinions, several district courts have refused to automatically grant bifurcation of willfulness issues from issues of liability. For example, the district court in the Computer Associates matter considered the question of bifurcation in light of the recent Federal Circuit decision in Seagate and found that Seagate does not mandate bifurcation in patent infringement cases where willfulness is asserted. Computer Assocs., 247 F.R.D. at 67-68 (discussing the Federal Circuit's opinion in Seagate regarding willfulness questions in patent infringement cases). The district court in Computer Associates specifically noted that, while the Federal Circuit changed the standard for willfulness in patent cases, "the interdependence of willfulness and infringement has not [changed. . . because] the objectively defined risk is determined by the record developed in the infringement proceeding." Id. at 67 (internal quotation omitted). As such, the court found that "a willfulness determination . . . is a finding of fact inextricably bound to the facts underlying the alleged infringement." Id. (internal quotation omitted). In fact, there remains, even after Seagate, the likelihood of substantial overlap between the evidence relevant to both infringement and willfulness. See id. at 67-68.

5

Further, the Federal Circuit's decision in Seagate does not mandate bifurcation of discovery and/or trial in this case. As one district court recently noted, "there is nothing in Seagate that would require the Court to stay discovery pending the resolution of the objective prong of the two pronged Seagate analysis. . . [and] there is nothing in Seagate that requires to court to bifurcate discovery." V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc., ___ F.R.D. ___, 2008 WL 619207, at *5 (D.N.J. Mar. 4, 2008).

Finally, in Ciena, one of the primary cases relied on by Bristol, this Court specifically refused to bifurcate issues of willfulness from issues of infringement. Ciena Corp., 210 F.R.D. at 521 (rejecting defendant's request to bifurcate liability from willfulness and damages and instead ruling that issues of liability and willfulness are to be tried to the same jury).

### 3. The Law Governing Appeals in Patent Cases does not Require Bifurcation.

Bristol's assertion that 28 U.S.C. § 1292(c)(2) regarding appeals in patent cases supports bifurcation in all patent cases is without merit. First, Bristol's only support for such a proposition is language contained in dicta of two unreported decisions from 20 and 15 years ago respectively. *See* Eaton Corp. v. Auburn Gear, Inc., 1988 WL 273448 (N.D. Ill. July 18, 1988) (Magistrate Judge discussing 28 U.S.C. § 1292(c)(2) in dicta; *see also* Lemelson v. Apple Computer, Inc., 1993 WL 556452 (D. Nev. June 3, 1993) (citing Eaton Corp. as only support for statement that 28 U.S.C. § 1292(c)(2) regarding appeals in patent cases supports bifurcation in patent matters). Bristol does not cite to any other case that follows the legal precedent set out by the Magistrate Judge in the Eaton opinion. Further, neither Eaton nor Lemelson supports the proposition that a lower court decision on infringement or claim construction must be appealed to the Federal Circuit prior to the lower

6

court trying the issues of willfulness and/or damages. If this were the case, patent cases would continue for years as a matter of course and adjudicated infringers would be able to effectively escape paying damages long after being adjudicated wrongdoers.

### B. Issues of Prejudice, Judicial Economy, and Juror Confusion Favor a Single Trial.

As noted above, a court should "consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case" when deciding to order bifurcation. Ciena Corp., 210 F.R.D. at 520 (citation omitted). In this action, none of the factors supports a decision to bifurcate the damage and willfulness portions of the case.

#### 1. The Delay of Bifurcation Will Substantially Prejudice ZymoGenetics.

A decision to bifurcate this trial involves calculating a balance of two types of prejudice: prejudice to Bristol that may arise due to jury confusion and the potential waiver of attorney-client privilege, and prejudice to ZymoGenetics due to the substantial delay and additional expense caused by separate trials on infringement and damages. The balance of these prejudices strongly favors ZymoGenetics because this action presents no uniquely complicated issues, the Seagate decision greatly restricts the scope of any waiver, and the approaching expiration of the patents in suit will create a *de facto* license for Bristol if this action is bifurcated.

As stated above, Federal Circuit decisions, Knorr-Bremse and Seagate radically restricted both the importance of, and the waiver resulting from, reliance on an opinion of counsel as a defense to willful infringement. Knorr-Bremse, 383 F.3d at 1345-46, Seagate, 497 F.3d at 1374-75. A single trial therefore will not prejudice Bristol with respect to a

7

possible opinion of counsel defense because Bristol does not have to present an opinion of counsel to avoid a presumption of willful infringement and, if Bristol does choose to present such a defense, the resulting waiver of attorney-client privilege is narrow in light of Seagate. Id.

Bristol's remaining claims of prejudice, based on possible juror confusion, are similarly unpersuasive because this action contains no factors more likely to cause jury confusion than any other action for patent infringement. This action involves a single plaintiff, a single defendant, a single product, and claims from two closely related patents. Bristol has attempted to present ZymoGenetics' allegation of willful infringement as a complex matter. As Magistrate Judge Thynge acknowledged, allegations of willfulness are not necessarily complex and are asserted in the overwhelming majority of patent cases presented in the District of Delaware. Wharton Decl., Ex. 10 (Nov. 8, 2007 Hearing Tr. of Conference Call with Judge Thynge at 12 ("In this jurisdiction, it's a rarity where [willfulness] isn't asserted."). This case presents a jury with no more complex procedural or factual issues beyond those presented in any other patent suit.

In contrast, ZymoGenetics will be severely prejudiced by the time delay caused by bifurcation. ZymoGenetics' patents-in-suit expire in 2010. Bristol's proposed bifurcated trial schedule, with a first jury trial on infringement, intermediate appeal to the Federal Circuit, a second jury trial on damages, will undoubtedly extend the length of these proceedings well beyond the expiration date of the of the patents in suit. Bristol will have received, in essence, a *de-facto* license to ZymoGenetics' technology if the Court permits bifurcation, depriving ZymoGenetics of its patent rights, greatly prejudicing the rights of a patent holder.

8

ZymoGenetics will also be prejudiced by being forced to expend valuable resources in connection with a second trial. For example, the second proceeding will involve a second round of dispositive and pretrial motion practice. ZymoGenetics is a relatively small biotechnology company engaged in valuable research into therapies that may treat some of the world's most troublesome diseases. ZymoGenetics should not be forced to divert valuable resources from this effort to pay for a second proceeding in order to obtain full relief in this matter.

### 2. A Single Trial Will Conserve Judicial Resources.

Bristol's assertion that bifurcation will conserve judicial resources is, quite simply, incorrect. As an initial matter, the parties in this case have completed both fact and expert discovery with the sole exception of discovery relating to Bristol's opinion of counsel defense. Given that there are five months between the present date and the scheduled date for trial, there is ample time for Bristol to make a decision regarding its advice of counsel defense and to produce relevant discovery if it decides to rely on any opinions of counsel. Although Bristol argues that judicial resources will be preserved by bifurcation because a finding of no liability would obviate the need for a second trial on damages, the same can be said of every patent case.

This action is scheduled for a seven day trial in October of this year. Trial counsel have previously agreed that all of the issues involved in this action, including damages, can be presented to the jury within this seven day period with no more than one-half day likely devoted to willfulness and damages. Without bifurcation, this Court can reach a final disposition of this matter at the end of October without incurring the costs associated with further proceedings. Because willfulness and damages are such a small part of the case,

9

bifurcation will not result in any real saving of time from the scheduled seven day trial. Rather, a delay of the damages and willfulness portions will require the Court to hold an entire second trial, complete with a second round of discovery and a second round of motions for summary judgment. This second trial will be considerably longer than one-half day because the parties must present evidence duplicative of the first trial in order to familiarize the new jury with the case. In sum, bifurcation can only occur at the expense of holding a second multi-day day trial on damages and delaying final disposition of this action by at least two years.

### C. Bristol's Self-Serving Statements Regarding Likelihood of Success do not Support Bifurcation.

Bristol's arguments regarding the merits of the case are not relevant to the question of bifurcation. First, Bristol's assertion that ZymoGenetics is unlikely to succeed on the merits of its willfulness claim is self-serving and in no way supports its argument for bifurcation. This Court should consider bifurcation in cases where the complexity of the issues to be presented to the jury would be lessened by separate trials. If anything, Bristol's confidence in its willfulness position should *discourage* this Court from ordering bifurcation in the instant case. According to Bristol, the issue of willfulness is so cut-and-dry that Bristol purports to be able to demonstrate the "remoteness" of the likelihood of ZymoGenetics prevailing on the issue in two short pages. Under such circumstances, it would clearly not promote the interest of judicial economy or juror comprehension to undertake the expense of a second trial on such a allegedly simple issue.

Second, Bristol's assertion that "a finding of liability is extremely remote" is likewise unsupported and fails to support Bristol's bifurcation request. While Bristol uses this statement as the title of the section of the brief and a similar statement projecting the success

10

of an appeal, the actual text of the section itself does not contain a single statement in support of the assertion. *See* Bristol's Motion at 9-10 (D.I. 155). This Court has refused to allow self-serving statements by parties regarding likelihood of success to serve as the basis of granting relief. Fisher-Price, Inc. v. Safety 1st, Inc., 279 F.Supp.2d 526, 529 (D. Del. 2003) (rejecting argument in brief based on naked assertion of success where "[t]here [was] no persuasive evidence that the [defendant's] appeal carrie[d] a likelihood of success on the merits.") As such, because Bristol failed to make a particularized showing of likelihood of success during the liability phase of the trial or on appeal, the Court should disregard Bristol's naked self-serving assertions in considering the bifurcation question.

## IV.   CONCLUSION

For all of the foregoing reasons, ZymoGenetics respectfully requests that this Court deny Bristol's Motion and not bifurcate the issues of damages and willful infringement.

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Sean Boyle
King & Spalding LLP
1000 Bridge Parkway
Ste 100
Redwood Shores, California
(650) 590-0700

Dated: May 23, 2008
866184

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*ZymoGenetics, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, Philip A. Rovner, hereby certify that on May 23, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richard Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
cottrell@rlf.com
farnan@rlf.com

      I hereby certify that on May 23, 2008 I have sent by E-mail the foregoing document to the following non-registered participant:

Christopher P. Borello, Esq.
Colleen Tracy, Esq.
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, NY  10112
cborello@fchs.com
ctracy@fchs.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

748348