IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation,<br><br>Plaintiff,<br>v.<br><br>BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100,<br><br>Defendants. | )<br>)<br>)<br>)  C. A. No: 06-500-SLR-MPT<br>)<br>)<br>)   **REDACTED**<br>)   **PUBLIC VERSION**<br>)<br>)<br>)<br>) |

**BRISTOL-MYERS SQUIBB COMPANY'S RESPONSE TO PLAINTIFF ZYMOGENETICS, INC.'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED AND LEGAL ISSUES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF VALIDITY OF PATENTS-IN-SUIT WITH RESPECT TO THE CAPON PATENTS AND SEED PATENT**

I. INTRODUCTION

Pursuant to the Court's Revised Scheduling Order of March 13, 2008 ("Order") (D.I. 148), Bristol-Myers Squibb ("Bristol") submits this Response ("Response") to Plaintiff ZymoGenetics, Inc.'s ("ZymoGenetics") Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried And Legal Issues In Support Of Plaintiff's Motion For Summary Judgment Of Validity Of Patents-In-Suit With Respect To The Capon Patents And Seed Patent ("Statement").

## II. BRISTOL'S RESPONSE TO ZYMOGENETICS' ALLEGED UNDISPUTED MATERIAL FACTS

Instead of the Court's requested list of material facts, ZymoGenetics proffered legal argument in violation of the Court's Order.[1]

In responding to ZymoGenetics' Statement, Bristol used its proposed constructions as in the Final Joint Claim Construction Chart (**D.I. 153**) and its Claim Construction Opening Brief (**D.I. 156**) for disputed claim terms that have not yet been construed by the Court. Bristol's Responses coordinate with the numbered paragraphs of ZymoGenetics' Statement.

Because Bristol disputes ZymoGenetics' alleged undisputed material facts, as provided in detail below, Summary Judgment Of Validity Of The Patents-In-Suit With Respect To The Capon Patents And Seed Patent should not be granted.

1. Bristol disputes that the named inventors of U.S. Patent No. 5,843,725 ("the '725 patent") and U.S. Patent No. 6,018,026 ("the '026 patent") (collectively "the patents-in-suit") had a definite and permanent idea of their invention at a date no later than January $4^{th} - 5^{th}$,

---

[1] ZymoGenetics' statement of the law ignores the legal requirement that there must be a *complete and operative* invention for conception. Conception is defined as the "formation in the mind of the inventor, of a definite and permanent idea of the *complete and operative* invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986) (emphasis added). Furthermore, an idea that is simply a "hope" or a "research plan" is not a conception. *Id.* In technical areas, such as here, where it is unpredictable if an invention can be reduced to practice, actual reduction to practice is required to prove conception. *Burroughs Wellcome Co. v. Barr Lab.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). When conception cannot be completed prior to reduction to practice, it is called simultaneous conception and reduction to practice. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1206 (Fed. Cir. 1991). The undisputed record demonstrates that fusion protein technology in 1988 was unpredictable and was fraught with technical difficulties

**REDACTED**

1988. The record evidence demonstrates that ZymoGenetics did not conceive of all of the limitations of the asserted claims of the patents-in-suit until its filing of the priority application on January18, 1989. ZymoGenetics' statements are wholly conclusory, unsupported, and disputed. *See* accompanying Declaration of Jeffrey V. Ravetch, M.D., Ph.D. In Support Of Bristol-Myers Squibb's Response to Plaintiff ZymoGenetics Inc.'s Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried And Legal Issues In Support Of Plaintiff's Motion For Summary Judgment Of Validity Of Patents-In-Suit With Respect To The Capon Patents and Seed Patent ("the Ravetch Declaration") at paragraphs 3-6 and 17. Because ZymoGenetics merely provided a legal conclusion, Bristol is compelled to address each of ZymoGenetics' citations as follows:

    a.

## REDACTED

No corroborating evidence to support such a date range is provided in this testimony.

    b.

## REDACTED

---

[2] Citations to exhibits with the prefix "Ex." are attached to the Declaration of Hannah Lee In Support of Plaintiff ZymoGenetics, Inc.'s Motion For Summary Judgment Of Validity Of Patents-In-Suit With Respect To The Capon Patents and The Seed Patent filed with the Motion For Summary Judgment Of Validity Of Patents-In-Suit With Respect To The Capon Patents And Seed Patent (**D.I. 163-64; D.I. 188-89**).

**REDACTED**    Instead of demonstrating a conception of making a fusion protein containing a polypeptide requiring dimerization for biological activity, which is a limitation of each of the asserted claims of the patents-in-suit,   **REDACTED**

*See also* paragraphs 5-7 of the accompanying Ravetch Declaration.

c.

**REDACTED**

*See also* paragraphs 5-7 of the accompanying Ravetch Declaration.

d.

**REDACTED**

---

[3] All Bristol Exhibits ("**BMS Ex.**") may be found attached to the Declaration of Dana Lau In Support of Bristol-Myers Squibb Company's Response to ZymoGenetics, Inc.'s Statement Of Undisputed Material Facts And Legal Issues Upon Which Judgment Is Sought In Support Of Summary Judgment Of Validity Of Patents-In-Suit.

[4] Bristol believes that ZymoGenetics made a typographical error and intended to recite **Ex. 2 at ZG 033206** rather than **Ex. 3 at ZG 033206** because **Ex. 3** is excerpts from the Purdue deposition.

[5] The Declaration of Paul Edward Purdue accompanied the Plaintiff's Motion for Summary Judgment of Validity of Patents-In-Suit With Respect to The Capon Patents and The Seed Patent filed with the Motion For Summary Judgment Of Validity Of Patents-In-Suit With Respect To The Capon Patents And Seed Patent (**D.I. 165; D.I. 186**).

4

e.

**REDACTED**

f.

**REDACTED**

*See also* paragraphs 5-7 and 17 of the accompanying Ravetch Declaration.

g.

**REDACTED**

As such the cannot demonstrate that ZymoGenetics reduced to practice a biologically active non-immunoglobulin polypeptide requiring dimerization for biological activity joined to a dimerizing protein.

2. Bristol disputes that ZymoGenetics "exercised reasonable diligence to reduce the invention to practice". In order for the named inventor(s) to have diligently reduced their alleged invention to practice, they must first have conceived of their alleged invention. The

5

record evidence demonstrates that ZymoGenetics did not conceive of all of the limitations of the asserted claims of the patents-in-suit until the filing of its priority application on January 18, 1989 (*See* paragraph 1 above). ZymoGenetics' statements are wholly conclusory, unsupported, and disputed. *See* accompanying Ravetch Declaration at paragraphs 8-13 and 18. Because ZymoGenetics merely provided a legal conclusion, Bristol is compelled to address each of ZymoGenetics' citations as follows:

a.

**REDACTED**

b.

**REDACTED**

c.

**REDACTED**

does not evidence conception because it does not disclose a biologically active dimerized polypeptide which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraphs 8-11 of the accompanying Ravetch Declaration.

d.

**REDACTED**

does not evidence conception because it does not disclose a biologically active dimerized polypeptide fusion which

---

6

**REDACTED**

is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraphs 12-13 of the accompanying Ravetch Declaration.

   e. **Ex. 10, U.S. Patent No. 5,843,725;** and **Ex. 11, U.S. Patent No. 6,018,026 at Fig. 2** is a figure in the '725 and '026 patent, respectively, that discloses expression plasmids pBTL10, pBTL11 and pBTL12. These plasmids do not evidence conception because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraphs 8-13 of the accompanying Ravetch Declaration.

   f. **REDACTED** which, as discussed above, do not evidence conception because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraphs 8-13 of the accompanying Ravetch Declaration.

   g. **REDACTED** does not evidence that ZymoGenetics made a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraph 24 of the accompanying Ravetch Declaration.

   h. **REDACTED**

do not evidence conception because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraph 18 of the accompanying Ravetch Declaration.

i.

## REDACTED

does not evidence conception because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.

3. Bristol disputes that prior to September 28, 2008,[7] ZymoGenetics constructed an embodiment of the invention, determined that the invention would work for its intended purpose, (i.e., actual reduction to practice) and had sufficient evidence to corroborate named inventor testimony regarding these events. The record evidence demonstrates that ZymoGenetics did not do that. ZymoGenetics' statements are wholly conclusory, unsupported, and disputed. *See* accompanying Ravetch Declaration at paragraphs 16-27. Because ZymoGenetics merely provided a legal conclusion, Bristol is compelled to address each of ZymoGenetics' citations as follows:

a.

## REDACTED

does not evidence reduction to practice because it does not

---

[7] Bristol believes that ZymoGenetics made a typographical error and intended to recite September 28, 1988, the priority date of U.S. Patent Nos. 5,336,603, 5,565,335, 6,117,655 and 6,710,169.

[8] Bristol believes that ZymoGenetics made a typographical error and intended to recite **Ex. 1, Sledziewski Dep. Tr. at 77:3-4; 78:5-15; 81:22-83:5** rather than **Ex. 2 at 77:3-4; 78:5-15; 81:22-83:5** because Ex. 2 is a laboratory notebook page that does not contain lines 77:3-4, 78:5-15, or 81:22-83:5.

8

RLF1-3288820-1

disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.

    **b.**

**REDACTED**

does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. Bristol disputes that any of these laboratory notebook pages or oligonucleotide request forms is undisputed evidence of reduction to practice, as detailed in the paragraphs below.

    **c.**

**REDACTED**

do not evidence reduction to practice because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[9] *See also* paragraphs 17-19 of the accompanying Ravetch Declaration.

    **d.**

---

[9] REDACTED

**REDACTED** does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[10] *See also* paragraph 20 of the accompanying Ravetch Declaration.

e.

**REDACTED**

does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[12] *See also* paragraphs 21, 23 and 26 of the accompanying Ravetch Declaration.

f.

**REDACTED**

---

[10] *See also* FN 9.

[11] To the extent that ZymoGenetics is taking the position that binding of a ligand to its receptor is not a biological activity of the receptor **REDACTED** and, therefore, ZymoGenetics cannot demonstrate it had conceived or reduced to practice any of the asserted claims of the patents-in-suit prior to September 28, 1988.

[12] *See also* FN 9.

10

**REDACTED** does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit[13]. *See also* paragraphs 22, 23 and 26 of the accompanying Ravetch Declaration.

g.

**REDACTED**

does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit[14]. *See also* paragraphs 22, 23 and 27 of the accompanying Ravetch Declaration.

h.

**REDACTED**

do not evidence reduction to practice because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[15] *See also* paragraph 24 of the accompanying Ravetch Declaration.

i.

**REDACTED**

---

[13] *See also* FN 9.

[14] *See also* FN 9.

[15] *See also* FN 9.

**REDACTED**

do not evidence reduction to practice because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[16] *See also* paragraphs 17-25 of the accompanying Ravetch Declaration.

j.

**REDACTED**

do not evidence reduction to practice because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[18] *See also* paragraphs 16, 21-23 and 26 of the accompanying Ravetch Declaration.

---

[16] *See also* FN 9.

[17] **REDACTED** For purposes of the present Response, Bristol assumes that ZymoGenetics is equating the term "functional" as used in Dr. Purdue's Declaration, with the term "biological activity". If this is not the case, ZymoGenetics has not cited to any evidence that it successfully made any biologically active fusion protein that falls within the asserted claims of the patents-in-suit, and, therefore, has not cited to any evidence that it reduced its alleged invention to practice before September 28, 1988.

[18] *See also* FN 9.

12

RLF1-3288820-1

**REDACTED**

Kern 1992 does not demonstrate that the PDGF receptor/invertase fusion protein expressed from pBTL26 was a dimer. Instead, Kern 1992 discloses that active glycosylated invertase expressed in the eukaryotic cells used to express ZymoGenetics' PDGF receptor/invertase soluble fusion protein is a mixture of dimers, tetramers and octamers. Therefore, Kern 1992 does not evidence reduction to practice because it does not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit. *See also* paragraphs 22, 23 and 26 of the accompanying Ravetch Declaration.

k.

**REDACTED**

do not evidence reduction to practice because they do not disclose a biologically active dimerized polypeptide fusion which is a claim limitation of each of the asserted claims of the patents-in-suit.[19] *See also* paragraphs 17-27 of the accompanying Ravetch Declaration.

4. Bristol disputes that the Seed Patent claims a priority date that falls after the date of the invention of the '725 and '026 patents and is, therefore, not prior art under 35 U.S.C. 102(e). As detailed in paragraphs 1 and 2 above, the record evidence demonstrates that

---

[19] *See also* FN 9.

ZymoGenetics did not conceive of its invention until it filed its foreign priority application on January 18, 1989. Because ZymoGenetics merely provided a legal conclusion, Bristol is compelled to address each of ZymoGenetics' citations as follows:

    a.

# REDACTED

Therefore, the Seed patent, which claims a priority date of January 22, 1988, is prior art to the patents-in-suit under 35 U.S.C. 102(e).

    **b. Ex. 12** is a citation to the Seed patent. As stated above, the Seed patent, which claims a priority date of January 22, 1988, is prior art to the patents-in-suit under 35 U.S.C. 102(e).

    5. Bristol disputes that the Capon patents claim a priority date that falls after the date of the invention of the '725 and '026 patents and is, therefore, not prior art under 35 U.S.C. 102(e) or 103. As detailed in paragraphs 1 and 2 above, the record evidence demonstrates that ZymoGenetics did not conceive of its invention until it filed its foreign priority application on January 18, 1989. Because ZymoGenetics merely provided a legal conclusion, Bristol is compelled to address each of ZymoGenetics' citations as follows:

    a.

# REDACTED

As stated in paragraphs 1 and 2 above, ZymoGenetics has not provided objective corroborating evidence to support a date of invention prior to January 18, 1989. Therefore, the Capon patents, which claim a priority date of September 28, 1988, are prior art to the patents-in-suit under 35 U.S.C. 102(e) and 103.

**b. Exs. 13-16** are citations to the Capon patents, which claim a priority date of September 28, 1988. As stated in paragraphs 1 and 2 above, ZymoGenetics has not provided objective corroborating evidence to support a date of invention prior to January 18, 1989. Therefore, the Capon patents, which claim a priority date of September 28, 1988, are prior art to the patents-in-suit under 35 U.S.C. 102(e) and 103.

### III. LEGAL ISSUES

ZymoGenetics sought judgment on the following legal issues and Bristol responds as follows below.

1. Summary Judgment should not be granted that the conception and the date of invention was no later than January 4th-5th, 1988. ZymoGenetics has not provided any undisputed material facts to support an invention of the '725 and '026 patents prior to the filing of its foreign priority application dated January 18, 1989.

2. Summary Judgment should not be granted that the '725 and '026 patents are valid over the Seed and Capon patents, under 35 U.S.C. §§ 102(e) and 103. ZymoGenetics has not provided any undisputed material facts to support an invention of the '725 and '026 patents prior to the filing of its foreign priority application on January 18, 1989, which falls after the priority dates of the Seed and Capon Patents. Therefore, the '725 and '026 patents are invalid in light of the Seed and Capon patents under 35 U.S.C. §§ 102(e) and 103.

OF COUNSEL:

Robert L. Baechtold
Scott K. Reed
Colleen Tracy
Ha Kung Wong
Christopher P. Borello
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, N.Y. 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

Dated: June 2, 2008

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendant*
*Bristol-Myers Squibb Co.*

16

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the address and in the manner indicated below:

### BY HAND DELIVERY AND E-MAIL

Philip A. Rovner, Esquire
Potter, Anderson & Corroon
Hercules Plaza - 6th Floor
Wilmington, DE 19899

### BY E-MAIL

Paul J. Andre
King & Spalding, LLP
1000 Bridge Parkway
Suite 100
Redwood Shores, CA 94065

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

RLF1-3067406-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and which has also been served as noted:

**BY HAND DELIVERY**

Philip A. Rovner
Potter, Anderson & Corroon
Hercules Plaza - 6th Floor
Wilmington, DE  19899

I hereby certify that on June 6, 2008, the foregoing document was sent to the following non-registered participants in the manner indicted:

**BY FEDERAL EXPRESS**

Paul J. Andre
King & Spalding, LLP
1000 Bridge Parkway
Suite 100
Redwood Shores, CA  94065

Kelly E. Farnan (#4395)