IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZYMOGENETICS, INC., a Washington Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 06-500-SLR-MPT ) ) |
| BRISTOL-MYERS SQUIBB CO., a Delaware Corporation, and DOES 1 through 100, | ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFF ZYMOGENETICS, INC.'S PROPOSED CLAIM CONSTRUCTION

Pursuant to the Court's instructions during the hearing held on June 27, 2008,[1] Plaintiff ZymoGenetics, Inc. ("ZymoGenetics") respectfully submits the requested filing regarding claim construction of ZymoGenetics' U.S. Patent Nos. 5,843,725 and 6,018,026. While noting that claims are to be construed in accordance with their ordinary meaning to one of skill in the art at the time of the invention, and as read in the context of the specifications, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005), the Court specifically requested that the parties submit "a construction that a jury can actually read and understand of the phrase . . . '*non-immunoglobulin polypeptide requiring dimerization for biological activity joined to a dimerizing protein, heterologous*

---

[1] The parties met and conferred on July 7, 2008, but could not agree on the scope of this submission. ZymoGenetics understood the Court's instructions to mean construe the phrase "*non-immunoglobulin polypeptide requiring dimerization for biological activity joined to a dimerizing protein, heterologous to said non-immunoglobulin polypeptide*" so that a jury can understand it. Bristol, on the other hand, decided to re-construe all of the disputed claim terms found in each and every independent claim of the ZymoGenetics Patents. Should the Court desire all of the claims be reinterpreted in such a manner, ZymoGenetics can provide such a construction.

*to said non-immunoglobulin polypeptide.*'" Transcript of Proceedings held on June 27, 2008, at 34:2-10 and 45:1-9.

Construction of Phrase

There are four claim terms in the phrase at issue that the parties submitted for construction:

> non-immunoglobulin polypeptide requiring dimerization for biological activity joined to a dimerizing protein heterologous to said non-immunoglobulin polypeptide

ZymoGenetics respectfully submits that the phrase can be construed to mean:

> a protein that is not an antibody① that needs to be in the form of a dimer② in order to exhibit its normal biological function in the body,③ joined to a portion of an antibody heavy chain constant region domain④

---

① The plain and ordinary meaning of immunoglobulin polypeptide is a protein that is an antibody. There is nothing in the claim language or specification that limits the term, as such, "non-immunoglobulin polypeptide" should be construed to mean that the "protein is not an antibody."

② The plain and ordinary meaning of the term "requiring dimerization" is "needs to be in the form of a dimer." There is nothing in the claim language or specification that limits the term, as such it should be construed in accordance with it plain meaning.

③ The term "biological activity" should be construed to mean "a function or set of activities performed by a molecule in a biological context (i.e., in an organism or an in vitro facsimile thereof) . . ." as explicitly defined in the patent specification. A paraphrase of this construction is "exhibits its normal biological function in the body."

④ The term "dimerizing protein" should be construed to mean "a polypeptide chain having affinity for a second polypeptide chain, such that the two chains associate under physiological conditions to form a dimer. . . ." as explicitly defined in the patent specification. The patent claims specifically identify what proteins can act as a dimerizing protein. For the purposes of interpreting this term to what is relevant in this case, the term can be construed as "a portion of an antibody heavy chain constant region domain."

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>King & Spalding LLP<br>1000 Bridge Parkway<br>Ste 100<br>Redwood Shores, California<br>(650) 590-0700 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P. O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com |
| Dated: July 11, 2008<br>873790 | *Attorneys for Plaintiff*<br>*ZymoGenetics, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on July 11, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richard Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
farnan@rlf.com

I hereby certify that on July 11, 2008 I have sent by E-mail the foregoing document to the following non-registered participant:

Christopher P. Borello, Esq.
Colleen Tracy, Esq.
Fitzpatrick Cella Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112
cborello@fchs.com
ctracy@fchs.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

748348